IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC., | |
| Plaintiff, | Civil Action No. 2:24-cv-00644-JRG LEAD CASE |
| v. | Civil Action No. 2:24-cv-00645-JRG MEMBER CASE |
| SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO JOIN INDISPENSABLE PARTY**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...........................................................................................................1

II.     FACTUAL BACKGROUND ........................................................................................1

III.    LEGAL STANDARD ...................................................................................................3

IV.     ARGUMENT ................................................................................................................4

      A.      BambuLab USA is a required party because it is the primary target of
           Stratasys's infringement allegations. ...............................................................4

      B.      Joinder is not feasible because venue is improper for BambuLab USA.............8

      C.      This action should be dismissed under the Rule 19(b) factors. .........................9

V.      CONCLUSION ...........................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
   No. 2:22-CV-00486-JRG, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023)
   (Gilstrap, J.) ....................................................................................................7

*BambuLab USA, Inc., et al. v. Stratasys, Inc.*,
   Civil Action No. 1:24-cv-01511 (E.D. Tex. December 9, 2024)................................. 1, 2, 11

*In re BigCommerce, Inc.*,
   890 F.3d 978 (Fed. Cir. 2018) ................................................................................8

*BillingNetwork Pat., Inc. v. Modernizing Med., Inc.*,
   No. 17 C 5636, 2017 WL 5146008 (N.D. Ill. Nov. 6, 2017)..................................8

*Dernick v. Bralorne Res., Ltd.*,
   639 F.2d 196 (5th Cir. 1981) .......................................................................4, 5, 7

*Doty v. St. Mary Par. Land Co.*,
   598 F.2d 885 (5th Cir. 1979) ...................................................................10, 11, 12

*E.E.O.C. v. Peabody W. Coal Co.*,
   400 F.3d 774 (9th Cir. 2005) ...................................................................................3

*Estes v. Shell Oil Co.*,
   234 F.2d 847 (5th Cir. 1956) ...................................................................................3

*Ethypharm S.A. France v. Bentley Pharms., Inc.*,
   388 F. Supp. 2d 426 (D. Del. 2005) ...................................................................4, 10

*Freeman v. Nw. Acceptance Corp.*,
   754 F.2d 553 (5th Cir. 1985) ...........................................................................*passim*

*Genuine Enabling Tech., LLC v. Nintendo Co.*,
   369 F. Supp. 3d 590 (D. Del. 2019) ........................................................................8

*Glenny v. Am. Metal Climax, Inc.*,
   494 F.2d 651 (10th Cir. 1974) .................................................................................5

*H.S. Res., Inc. v. Wingate*,
   327 F.3d 432 (5th Cir. 2003) ...................................................................................3

*Innovative Display Techs. LLC v. Microsoft Corp.*,
   No. 2:13-CV-00783-JRG, 2014 WL 2757541 (E.D. Tex. June 17, 2014)..........................3, 9

*Johnson & Johnson v. Coopervision, Inc.*,
  720 F. Supp. 1116 (D. Del. 1989) ........................................................................4

*Mallinckrodt IP v. B. Braun Med. Inc.*,
  No. CV 17-365-LPS, 2017 WL 6383610 (D. Del. Dec. 14, 2017) (Stark, J.)........................8

*Hood ex rel. Mississippi v. City of Memphis*,
  570 F.3d 625 (5th Cir. 2009) ............................................................................3

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
  282 F. Supp. 3d 916 (E.D. Va. 2017) ..................................................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 258 (2017) ....................................................................................7

*Tick v. Cohen*,
  787 F.2d 1490 (11th Cir. 1986)..........................................................................3

*Zenith Radio Corp. v. Hazeltine Rsch., Inc.*,
  395 U.S. 100 (1969) ................................................................................4, 10

**Statutes**

28 U.S.C. § 1400(b) ..................................................................................7, 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(7), 19(b) ......................................................................1, 3

Fed. R. Civ. P. 19 ..........................................................................1, 3, 4, 5, 9, 11

## I.    INTRODUCTION

When joinder of a necessary party is infeasible, the Court must determine whether to dismiss the case. FED. R. CIV. P. 19. In the present cases, Stratasys made the strategic choice to sue only *foreign* companies and conspicuously did not join BambuLab USA, Inc., the entity responsible for all United States sales of the accused products. As such, BambuLab USA has an undeniable interest in this litigation, which has the potential to disrupt its entire supply chain and business. Because Stratasys chose a venue where it could not join BambuLab USA (a company based in Austin, Texas with no place of business in this District), these suits are not viable in this District.

BambuLab USA has already remedied Stratasys's error by bringing a declaratory judgment action in a venue that is proper for all parties. *BambuLab USA, Inc., et al. v. Stratasys, Inc.*, Civil Action No. 1:24-cv-01511 (W.D. Tex. December 9, 2024). Although the Eastern District of Texas is an imperfect venue given the inability to join the party at the center of the infringement allegations, a vehicle awaits for complete adjudication of this dispute. The Court should dismiss these cases in favor of BambuLab USA's declaratory judgment action because they cannot proceed "in equity and good conscience" without BambuLab USA, the proper defendant. FED. R. CIV. P. 12(b)(7), 19(b).

## II.    FACTUAL BACKGROUND

Stratasys sued six foreign companies for, *inter alia*, "using, selling, offering for sale in the United States, and importing into the United States" 3D printers that allegedly infringe Stratasys's patents. *See, e.g.*, Dkt.  1 ¶¶ 2-7, 41, 89; *see also id.* ¶¶ 25, 57, 73. Despite naming two foreign, wholly-owned subsidiaries, (Dkt.  1 ¶¶ 4 (Bambulab Limited), 7 (Tuozhu Technology Limited)), Stratasys did not name the Defendants' only domestic subsidiary—BambuLab USA. Ex. 1 ¶ 4. Stratasys no doubt knew of BambuLab USA, for it attempted to serve Shenzhen Tuozhu

1

Technology Co. Ltd. at the Austin headquarters of BambuLab USA. *See* Case No. 2:24-cv-00645, Dkt. 10 (executed summons on Shenzhen Tuozhu Technology Co. Ltd. at BambuLab USA's office in Austin, Texas). The decision to not include BambuLab USA could not have been an oversight, and instead serves as a tacit admission that venue over BambuLab USA is improper in this District.

BambuLab USA is a wholly-owned subsidiary of Defendant Shenzhen Tuozhu Technology Co., Ltd., and is a Texas corporation with its sole place of business in Austin, Texas. Ex. 1 ¶¶ 4, 7. BambuLab USA is solely responsible for product sales in the United States, including sales to both individual and commercial customers. Ex. 1 ¶ 9. Along with facilitating the actual domestic sales themselves, BambuLab USA controls all product imports, customs declarations, and related tax declarations. Ex. 1 ¶ 10.

While BambuLab USA was not named as a defendant, the Complaint expressly acknowledges the role that the Defendants' subsidiaries and agents play in the alleged infringement. Dkt.  1 ¶¶ 1, 3, 10, 12, 29, 45 61, 77, 93. And while the prayer for relief does not specifically name subsidiaries, it does ask this Court to "[p]ermanently enjoin[] Defendants *and their respective officers, agents, servants, employees**, and those acting in privity with it***, from further infringement." Dkt.  1 at 28 (emphasis added).

Given that every instance of the alleged direct infringement through the sale, offer for sale, and importation of the accused products into the United States was necessarily performed by BambuLab USA or through its third-party relationships, BambuLab USA is interested in this suit's resolution. Ex. 1 ¶¶ 9–13. To protect its rights, BambuLab USA filed a declaratory judgment action for noninfringement of the Asserted Patents in the Austin Division of the Western District of Texas, where BambuLab USA is located. *See BambuLab USA v. Stratasys Inc.*, Civil Action

No. 1:24-cv-01511 (W.D. Tex.).  The present cases in this District should be dismissed in favor of the Western District action, which allows for complete adjudication of this dispute between all Defendants as well as the entity responsible for all United States sales of the accused products—BambuLab USA.

## III.    LEGAL STANDARD

Whether a party is indispensable is a matter of regional circuit law. *Innovative Display Techs. LLC v. Microsoft Corp.*, No. 2:13-CV-00783-JRG, 2014 WL 2757541, at *2 (E.D. Tex. June 17, 2014). Under Fifth Circuit law, "a Rule 12(b)(7) analysis entails two inquiries under Rule 19." *H.S. Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). The Court must ***first*** determine whether a party is "required" under FED. R. CIV. P. 19(a) and whether joining them is feasible, where joinder is feasible only if venue is proper. *Innovative Display*, 2014 WL 2757541, at *5–6.[1] But if venue is improper such that the party cannot be joined, the court must ***second*** "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b).

"The movant bears the initial burden of demonstrating that an absent party is necessary, after which the burden then shifts to the party opposing joinder." *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009) (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)). In ruling on Rule 12(b)(7) motions to dismiss, courts should consider "the

---

[1] *Id.* ("Suppose, however, [the necessary party] does object to impleader on the basis of venue . . . . [i]n that circumstance, joinder would clearly be infeasible."); *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction."); *Tick v. Cohen*, 787 F.2d 1490, 1494–95 (11th Cir. 1986) ("Limitations on service of process, subject matter jurisdiction, and venue, however, may bar joinder in some cases.").

allegations of the complaint and the affidavits and other proofs adduced in contradiction or support thereof." *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956).

## IV.    ARGUMENT

### A.    BambuLab USA is a required party because it is the primary target of Stratasys's infringement allegations.

While FED. R. CIV. P. 19(a)(1) provides criteria for determining whether a party is "required," the Fifth Circuit has provided specific guidance for determining whether a subsidiary is a necessary party. In "situations where the subsidiary was the primary participant in the events giving rise to the lawsuit," the Fifth Circuit has stated that "[f]ailure to join the subsidiary in such circumstances would be improper." *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981). "Case law in this and other circuits uniformly supports the proposition that joinder of the subsidiary is required in such a situation." *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) (citing and quoting *Dernick*, 639 F.2d at 199, and collecting cases).

This "primary-participant" rule makes sense within Rule 19(a)'s framework. Without the "primary participant" whose conduct the plaintiff seeks to enjoin, the court "cannot accord complete relief among existing parties" because the judgment cannot bind the absent party. *See* FED. R. CIV. P. 19(a)(1); *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 112 (1969) ("It was error to enter the injunction against [the absent parent company], without having [determined that they were "shown to be in concert or participation"] in a proceeding to which [the absent parent company] was a party.").[2] Moreover, the "primary participant" can clearly "claim[]

---

[2] *See also Ethypharm S.A. France v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 431 (D. Del. 2005) ("Belmac is a necessary party because plaintiffs' interactions were almost entirely with Belmac and not with defendant. Belmac will possess the necessary witnesses and information pertinent to determining what acts were performed, by whom, and whether the acts were wrongful. Because of its conduct, Belmac may be the only party liable for the obligations under the agreement. Therefore, complete relief cannot be afforded among the present parties." (citing

an interest relating to the subject of the action" when the plaintiff seeks injunctive relief, given that such an injunction could impact the goods available for its sale or establish a negative persuasive precedent that could be asserted against it in future disputes.[3] And proceeding without that primary participant would "impair or impede" its "ability to protect their interest," for its "evidence will either support the complaint or bolster the defense" regardless of its status as a wholly-owned subsidiary. *See* FED. R. CIV. P. 19(a)(1)(B)(ii); *Freeman*, 754 F.2d at 559 (finding that a wholly-owned subsidiary was a required party under Rule 19(a)). Thus, finding that a party is the "primary participant" is equivalent to finding that it is a "required party" under Rule 19(a), and "[f]ailure to join the subsidiary in such circumstances would be improper." *Dernick.*, 639 F.2d at 199.

Here, because the direct infringement allegations center on the actions performed only by BambuLab USA, and many of the indirect infringement allegations also implicate it, BambuLab USA "was more than an active participant" in the patent infringement alleged by Stratasys, "it was the primary participant." *Freeman*, 754 F.2d at 559.

Indeed, as expected of the primary participant, the allegations of direct infringement are mostly attributable to BambuLab USA. For example, Stratasys alleges that "Defendants conduct business, *either* directly *or through its agents*" in the United States. Dkt. 1 ¶ 10. It specifies that

---

*Freeman* 754 F.2d at 553 in support of Rule 19(a) argument)); *Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1122 (D. Del. 1989) ("The first category of necessary parties includes those persons, the absence of whom would prevent relief from being accorded among the present parties. While Johnson & Johnson would be able, even without the benefit of Iolab's presence, to fully litigate its own claims here, Cooper would remain exposed to a subsequent lawsuit by Iolab arising out of the same transaction. In this sense, any relief afforded Cooper herein cannot be regarded as 'complete.'").

[3] *Glenny v. Am. Metal Climax, Inc.*, 494 F.2d 651, 653 (10th Cir. 1974) ("Because appellants are demanding monetary and injunctive relief for damages caused solely by this smelter, we believe that Blackwell Zinc, although a wholly owned subsidiary of ALZ and AMAX, has at least an interest in the subject of this action."); *cf. also Dernick*, 639 F.2d at 199 (distinguishing its facts—where the plaintiff only sought money damages—from a case that found a party necessary where the plaintiff sought an injunction).

"Defendants, directly and *through subsidiaries* . . . placed their infringing products into this district." Dkt.  1 ¶ 12 (emphasis added). Given that BambuLab USA is solely responsible for all U.S. sales, these allegations are pointing to the purported direct infringement of BambuLab USA. Ex. 1 ¶ 9. For instance, the Complaint alleges that "Defendants have sold their 3D printers and 3D-printer related products within this judicial district via their online store at https://store.bambulab.com/products." Dkt.  1 ¶ 11. But at the bottom of that page is a copyright symbol for "© Bambu Lab US," and clicking the nearby "About Us" link redirects the visitor to a page noting that "this website is operated by BambuLab USA Inc." Exs. 2, 3. Although the webmaster operates from China, it is done through BambuLab USA. Ex. 1 ¶ 11. Thus, the Complaint directly targets actions by BambuLab USA.

The fact that the Complaint necessarily alleges direct infringement by BambuLab USA is unsurprising given that it is the only entity directly responsible for all product sales in the United States for the Shenzhen Tuozhu Technology Co. entities, including sales to both individual users and commercial customers. Ex. 1 ¶ 9. Thus, allegations such as "Bambu Lab printers are sold in the United States through direct sales over the Internet and through resellers" are really allegations about BambuLab USA. Dkt.  1 ¶ 18. This problematic pleading extends to several instances of contributory infringement such as allegations that contributory infringement occurs through selling the accused products "and/or other components (e.g., filament, automatic material system, build plates, etc.) in the United States and importing the" same products. Dkt.  1 ¶¶ 31, 47, 63, 79, 95. Because the alleged infringing conducts are attributable to BambuLab USA, it is "more than a key witness whose testimony would be of inestimable value," and instead "emerges as an active participant" in the direct infringement allegations. *Freeman*, 754 F.2d at 559.

Even Stratasys's indirect infringement allegations against Defendants rely on allegations that BambuLab USA infringes, which result in its "presence [being] critical to the disposition of the important issues in the litigation." *Id.* (quoting *Haas v. Jefferson Nat'l Bank,* 442 F.2d 394, 398 (5th Cir. 1971)). For example, the Complaint alleges that Defendants "actively induce infringement . . . by instructing, encouraging, or requiring their subsidiaries and affiliates in the United States to use, sell, offer for sale in the United States, and importing into the United States, without authorization, the accused products." Dkt. 1 ¶¶ 29, 45, 61, 77, 93. It clearly states that the underlying "direct infringement by third parties" includes "subsidiaries . . . in the United States." Dkt. 1 ¶¶ 29, 45, 61, 77, 93. For all these scenarios, BambuLab USA's "evidence will either support the complaint or bolster the defense." *Freeman*, 754 F.2d at 559 (quoting *Haas*, 442 F.2d at 398). Thus, Stratasys repeatedly alleges infringement through Defendants' unnamed subsidiary and "seek[s] to impose liability on" the parent "not for its own acts, but for those of" its subsidiary. *Id.*

Because some of "the conduct complained of [is] that of [the] wholly-owned subsidiary," BambuLab USA, this case is distinguishable from the Court's prior rulings in *NorthStar Sys. LLC v. Volkswagen AG* and *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*.[4] Those cases involved suits against a foreign-parent company that argued its domestic subsidiary was an indispensable party. *See, e.g.*, *NorthStar*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *4. There, the Court distinguished *Dernick* and *Freeman* on the ground that the plaintiffs did not accuse the domestic subsidiary of any infringing activities. *Id.* at *5. As shown above, the

---

[4] No. 2:22-CV-00486-JRG, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) (Gilstrap, J.) and 697 F. Supp. 3d 635, 651-53 (E.D. Tex. 2023) (Gilstrap, J.), respectively.

Complaint's allegations are substantially directed to activities of BambuLab USA. Therefore, the Court's holdings in those two cases are not applicable here.

### B.    Joinder is not feasible because venue is improper for BambuLab USA.

Section 1400(b) of Title 28 is the exclusive venue statute for patent actions. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 258 (2017). Under § 1400(b), venue is proper in judicial districts (1) where the defendant resides, or (2) where the defendant has both committed acts of infringement and has a regular and established place of business. Here, neither is true.

First, BambuLab USA does not "reside" in the Eastern District of Texas, for Texas has multiple districts and BambuLab USA's headquarter is in the Western District of Texas. Ex. 1 ¶ 7. That BambuLab USA is a Texas corporation is irrelevant because in states having multiple judicial districts, a corporate defendant resides "only in the single judicial district within that state where it maintains a principal place of business[.]" *In re BigCommerce, Inc.*, 890 F.3d 978, 986 (Fed. Cir. 2018). Here, BambuLab USA's sole place of business is in Austin, so it does not reside in the Eastern District of Texas for venue purposes. Ex. 1 ¶ 7; *In re BigCommerce, Inc.*, 890 F.3d at 986.

Second, BambuLab USA has no place of business in the Eastern District of Texas, let alone one that is "regular and established." 28 U.S.C. § 1400(b). BambuLab USA's sole contact with the Eastern District of Texas is its registered agent, but this is insufficient to support venue because a registered agent for service of process does not qualify as a place of business, let alone a "regular and established place of business" under § 1400(b).[5]

---

[5] *See, e.g.*, *Mallinckrodt IP v. B. Braun Med. Inc.*, No. CV 17-365-LPS, 2017 WL 6383610, at *5 (D. Del. Dec. 14, 2017) (Stark, J.) ("The Court disagrees with Plaintiffs' assertion that B. Braun 'has a physical presence in Delaware through its appointment of an agent for the service of process in Delaware.'"); *Genuine Enabling Tech., LLC v. Nintendo Co.*, 369 F. Supp. 3d 590, 594–601 (D. Del. 2019) (ruling that merely registering to do business in the forum and appointing an agent to receive process in the forum did not operate as a waiver of the subsidiary's ability to challenge venue); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931 (E.D. Va. 2017)

Accordingly, venue is improper in the Eastern District of Texas. Because venue is improper, joinder of BambuLab USA is not feasible. *Innovative Display Techs. LLC*, No. 2:13-CV-00783-JRG, 2014 WL 2757541, at *5–6 ("Suppose, however, [the necessary party] does object to impleader on the basis of venue . . . . [i]n that circumstance, joinder would clearly be infeasible.").

### C.    This action should be dismissed under the Rule 19(b) factors.

Because joinder of BambuLab USA is unfeasible due to improper venue, the Court must determine "whether litigation can be properly pursued without the absent party." *Innovative Display Techs. LLC*, No. 2:13-CV-00783-JRG, 2014 WL 2757541, at *2. Under Rule 19(b), the Court must consider several factors to determine whether "the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). These factors include (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment, (B) shaping the relief, or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id.*

**Rule 19(b)(1): the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties**. Allowing this case to move forward without

---

(holding that considering that the defendant "ha[d] appointed a registered agent to accept service of process in" the state had no "bearing on whether" the defendant "maintain[ed] a physical place within the District," noting that *"*[c]onsideration of the appointed agent is especially inappropriate because the patent venue statute was intended to eliminate the abuses engendered by subjecting defendants to suit wherever they could be served"); *BillingNetwork Pat., Inc. v. Modernizing Med., Inc.*, No. 17 C 5636, 2017 WL 5146008, at *2 (N.D. Ill. Nov. 6, 2017) ("It is likewise irrelevant that, incident to Defendant's registration to do business in Illinois, it has appointed an agent for service of process in this state; that also has no bearing on whether Defendant maintains a physical place of business in this District.")

BambuLab USA would significantly prejudice BambuLab USA. Most pointedly, BambuLab USA would be prejudiced if it were subject to an injunction imposed in a proceeding to which it is not a party. Even in the absence of an injunction against itself, BambuLab USA would be prejudiced even if only Defendants were enjoined, for they represent BambuLab USA's sole source of supply. Indeed, even a judgment imposing only monetary damages would ultimately prejudice BambuLab USA, which would see costs imposed on its supply.

The Fifth Circuit's decision in *Freeman* recognized that when a plaintiff tries to hold a defendant liable for a related company's actions, that related company is an "active participant" and "joinder of the [related company] is required." *Freeman*, 754 F.2d at 559. The court explained that a "corporation's subsidiary, which was solely responsible for conduct complained of by [the plaintiffs] was an indispensable party." *Id.* at 553. This principle applies here, as many of Stratasys's allegations focus exclusively on BambuLab USA's conduct.

Additionally, Stratasys requests relief "[d]eclaring that Defendants have infringed the Asserted Patents, directly and indirectly, literally and/or under the doctrine of equivalents." Dkt.  1 at 28. Stratasys also requests "[p]ermanently enjoining Defendants and their respective officers, agents, servants, employees, and those acting in privity with [them]." *Id.* Granting this relief against Defendants would necessarily interfere with BambuLab USA's right to import and sell the accused products, "injecting an element of uncertainty into all of" BambuLab USA's "business transactions concerning the" accused products. *Doty v. St. Mary Par. Land Co.*, 598 F.2d 885, 887 (5th Cir. 1979).

Moreover, proceeding against Defendants without BambuLab USA would prejudice Stratasys as well. For example, Stratasys also alleges it is entitled to a permanent injunction. Dkt.  1 ¶¶ 35, 51, 67, 83, 99. Without a showing that BambuLab USA is in "active concert or

participation" with Defendants, injunctive relief against Defendants would be ineffective in warding off the allegedly infringing sales, offers for sales, uses, and importations that Stratasys complains of, given that these activities are under the purview of BambuLab USA. Ex. 1 ¶ 9; *Zenith*, 395 U.S. at 112 (1969) ("It was error to enter the injunction against Hazeltine, without having made this determination [that it was in concert or participant with defendant] in a proceeding to which Hazeltine was a party."); *Ethypharm*, 388 F. Supp. 2d at 431 (finding a wholly owned subsidiary was an indispensable party because it was the only party liable for the obligations) (citing *Freeman*, 754 F.2d at 553 and omitting other citations). Likewise, any financial judgment against Defendants, which have no assets in the United States, would be less effective than a judgment that applies to BambuLab USA. Ex. 1 ¶ 6. Therefore, a judgment rendered in BambuLab USA's absence would be inadequate for Stratasys.

**Rule 19(b)(2): the extent to which any prejudice could be lessened or avoided by (A) protective provisions in the judgment, (B) shaping the relief, or (C) other measures**. No protective provisions or other measures could lessen this prejudice because, by the time a judgment or relief is reached, the harm—BambuLab's inability to fully defend its interests in this lawsuit—will have already occurred.

Moreover, the Court cannot shape the requested injunctive relief in a way that would avoid prejudicing the parties and BambuLab USA. "To grant [Stratasys] any relief at all would engender the problems we have previously discussed," namely, that BambuLab USA would face a negative precedent should Defendants lose. *Doty v. St. Mary Par. Land Co.*, 598 F.2d 885, 887 (5th Cir. 1979).

**Rule 19(b)(3): whether a judgment rendered in the person's absence would be adequate**. A judgment rendered in BambuLab USA's absence will be inadequate for the reasons explained with respect to Rule 19(b)(1).

**Rule 19(b)(4): whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder**. Stratasys could have obtained complete relief by filing in the Western District of Texas, where venue is proper for Defendants as well as for BambuLab USA. Because it failed to do so, however, BambuLab USA has been forced to remedy the situation by filing its declaratory judgment action in the Western District of Texas, Austin Division. *See BambuLab USA v. Stratasys Inc.*, Civil Action No. 1:24-cv-01511. The Fifth Circuit has found this final factor "to be most persuasive" in the exact situation presented here when there is "an adequate forum if the action is dismissed." *Doty*, 598 F.2d at 888. There, the court determined this factor favored a finding of indispensability where the "action could be brought in a Louisiana state court, ***where complete relief would be afforded among All the parties***." *Id.* (emphasis added). Here, if this case were dismissed, Stratasys could still obtain an adequate remedy because it will be subject to the Western District action, which names all current Defendants as parties and implicates all Asserted Patents.

## V.    CONCLUSION

Because BambuLab USA is an indispensable party that cannot be joined due to improper venue, Defendants respectfully request that the Court grant this motion to dismiss Stratasys's Complaints in both the lead and member case.

Dated:  December 9, 2024                      Respectfully submitted,

                                              */s/ David M. Barkan*

                                              Gregory P. Love (TX 24013060)
                                              greg@stecklerlaw.com
                                              STECKLER WAYNE & LOVE

107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
Brandon S. Avers (TX 24135660)
avers@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB
LIMITED, AND TUOZHU TECHNOLOGY
LIMITED

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 9, 2024, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ David M. Barkan
David M. Barkan