**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**



| | | |
|---|---|---|
| Stratasys, Inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Case No. 2:24-cv-00644-JRG |
| Shenzhen Tuozhu Technology Co., Ltd., *et* | § | (Lead Case) |
| | § | |
| *al.*, | § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| Stratasys, Inc., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:24-cv-00645-JRG |
| | § | (Member Case) |
| Shenzhen Tuozhu Technology Co., Ltd., *et* | § | |
| | § | |
| *al.*, | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE
TO JOIN INDISPENSABLE PARTY**

**TABLE OF CONTENTS**

I.     INTRODUCTION ....................................................................................................1

II.    LEGAL STANDARD............................................................................................1

III.   ARGUMENT.........................................................................................................3

       A.    BambuLab USA Is Not a Required Party Under Fed. R. Civ. P. 19(a)(1). .............3

       B.    Assessing the Propriety of Venue over BambuLab USA is Premature. ................12

       C.    The Rule 19(b) Factors Demonstrate That BambuLab USA Is
             Not Indispensable................................................................................................13

IV.    CONCLUSION....................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Akoloutheo, LLC v. Sys. Soft Techs., Inc.*,
    No. 4:20-CV-985, 2021 WL 1947343 (E.D. Tex. May 14, 2021)............................................2

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
    697 F. Supp. 3d 635 (E.D. Tex. 2023)...............................................................................9, 14

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
    No. 2:21-cv-00173-JRG, Dkt. No. 61 ...........................................................................8, 9, 10

*August v. Boyd Gaming Corp.*,
    135 F. App'x 731 (5th Cir. 2005) ................................................................................... *passim*

*BambuLab USA, Inc., et al. v. Stratasys, Inc.*,
    No. 1:24-cv-01511 (W.D. Tex. Dec. 9, 2024) .......................................................................11

*Biomedical Patent Mgmt. Corp. v. California, Dep't of Health Servs.*,
    505 F.3d 1328 (Fed. Cir. 2007)..............................................................................................12

*Dainippon Screen Mfg. Co. v. CFMT, Inc.*,
    142 F.3d 1266 (Fed. Cir. 1998)..............................................................................................14

*Dernick v. Bralorne Res., Ltd.*,
    639 F.2d 196 (5th Cir. 1981) ...............................................................................................4, 5

*DocuSign, Inc. v. Clark*,
    No. 21-CV-04785-WHO, 2022 WL 225623 (N.D. Cal. Jan. 25, 2022) .................................13

*Doty v. St. Mary Par. Land Co.*,
    598 F.2d 885 (5th Cir. 1979) .................................................................................................17

*Freeman v. Nw. Acceptance Corp.*,
    754 F.2d 553 (5th Cir. 1985) ...............................................................................................4, 5

*H.S. Res., Inc. v. Wingate*,
    327 F.3d 432 (5th Cir. 2003) ...............................................................................................1, 2

*Innovative Display Techs. LLC v. Microsoft Corp.*,
    No. 2:13-cv-00783-JRG, Dkt. No. 54 (E.D. Tex. June 17, 2014) ..........................................12

*Liberty Access Techs. Licensing LLC v. Assa Abloy AB, et al.*,
    No. 2:22-cv-00507-JRG, Dkt. No. 61 (E.D. Tex. Aug. 25, 2023) (Gilstrap, J.).............. *passim*

*Marvell Semiconductor Inc. v. Monterey Rsch., LLC*,
    No. 20-CV-03296-VC, 2020 WL 6591197 (N.D. Cal. Nov. 11, 2020) .................................13

*Nat'l Cas. Co. v. Gonzalez*,
    637 F. App'x 812 (5th Cir. 2016) .........................................................................................12

*NorthStar Sys. LLC v. Volkswagen AG*,
    No. 2:22-CV-00486-JRG, 2023 WL 5723648 (E.D. Tex. Sept. 5, 2023) ...................... *passim*

*Polymer Techs., Inc. v. Bridwell*,
    103 F.3d 970 (Fed. Cir. 1996)...........................................................................................8, 16

*Stingray IP Sols., LLC v. Signify N.V.*,
    No. 2:21-CV-00044-JRG, 2021 WL 9095764 (E.D. Tex. Oct. 25, 2021)...................... *passim*

*StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*,
    No. 4:17-CV-00303, 2019 WL 9899507 (E.D. Tex. Mar. 27, 2019) .....................................10

*Temple v. Synthes Corp., Ltd.*,
    498 U.S. 5 (1990)............................................................................................................ *passim*

*In re Triton Ltd. Sec. Litig.*,
    70 F. Supp. 2d 678 (E.D. Tex. 1999) ...................................................................................17

**Other Authorities**

FED. R. CIV. P. 12(h)(1) ...........................................................................................................12

FED. R. CIV. P. 19(a)(1)..................................................................................................... *passim*

FED. R. CIV. P. 19(b) ........................................................................................................ *passim*

7 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1614 (3d ed.)........................................8

## I.    INTRODUCTION

Defendants fail to understand the well-recognized principle that "Plaintiff is the master of its complaint." *Liberty Access Techs. Licensing LLC v. Assa Abloy AB, et al.*, No. 2:22-cv-00507-JRG, Dkt. No. 61 at 31 (E.D. Tex. Aug. 25, 2023) (Gilstrap, J.). "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). Indeed, as this Court has repeatedly acknowledged, a plaintiff "is not required to accuse all infringers in the same action." *See, e.g.*, *Assa Abloy*, No. 2:22-cv-00507-JRG, Dkt. No. 61 at 31. Failing to recognize these established principles, Defendants seek to rewrite the allegations in ***Plaintiff's*** Complaint to cast non-party BambuLab USA as the "primary participant" in Defendants' infringement. Unfortunately for Defendants, "while [BambuLab USA] may wish to 'take the fall' and be considered the primary participant (so it may pave the way for [Defendants] to defeat venue), its wishes do not change the text of the Complaint, which clearly accuses only [Defendants], and not [BambuLab USA]." *NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *5 (E.D. Tex. Sept. 5, 2023).

## II.    LEGAL STANDARD

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *H.S. Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. *Id.* "If joinder is warranted, then the person will be brought into the lawsuit." *Id.* "But if such joinder would destroy the court's jurisdiction, then the Court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation." *Id.*

A party is required under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Only if a person is deemed required under Rule 19(a)(1) does the Court consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). In doing so, the Court considers:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b). The movant bears the burden to show that the absent party is a necessary and required party. *Akoloutheo, LLC v. Sys. Soft Techs., Inc.*, No. 4:20-CV-985, 2021 WL 1947343, at *1 (E.D. Tex. May 14, 2021). The Fifth Circuit reviews "a district court's decision to dismiss for failure to join an indispensable party [under Rule 19] ... under an abuse-of-discretion standard." *HS Res.*, 327 F.3d at 438.

## III.     ARGUMENT

### A.  BambuLab USA Is Not a Required Party Under Fed. R. Civ. P. 19(a)(1).

> 1.  *The Complaint is clear: BambuLab USA is not the "primary participant" in Defendants' infringement.*

Confronted with a Complaint that makes no mention of their U.S. subsidiary, Defendants proffer a self-serving declaration in an attempt to explain what Plaintiff's Complaint "really" means. *See, e.g.*, (Dkt. No. 38 at 6 ("[A]llegations such as 'Bambu Lab printers are sold in the United States through direct sales over the Internet and through resellers' are really allegations about BambuLab USA."). Notably, this declaration was signed by "Jie Jiang" who is "an employee at Shenzhen Tuozhu Technology Co., Ltd." and who occupies the role of "Head of Sales – North America" and is "responsible for managing the reseller network development and channel sales." *See* (Dkt. No. 38-2, ¶ 2). Such is a peculiar role for a company that, according to Defendants, has nothing to do with infringing sales in the United States. *See* (Dkt. No. 38-2, ¶ 2).

Stratasys is the master of its complaint, and it is not Defendants' right to revise or reinterpret the Complaint using a self-serving declaration for support. *See Assa Abloy,* No. 2:22-cv-00507-JRG, Dkt. No. 61 at 31 ("[BambuLab USA] cannot of its own accord deem itself a necessary party through a self-serving statement made in view of the present litigation."). Indeed, "[a]t the motion to dismiss stage, the Court must resolve controverted factual allegations in favor of [Plaintiff], rather than merely accept [Defendants'] argument that the defendants commit no infringing acts in the U.S." *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00044-JRG, 2021 WL 9095764, at *6 (E.D. Tex. Oct. 25, 2021). In any event, BambuLab USA is not a required party under Federal Rule of Civil Procedure 19(a)(1) and Fifth Circuit law, necessitating denial of Defendants' Motion.

A party is required under Rule 19(a)(1) only if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). The Fifth Circuit in *Freeman*—relied on heavily by Defendants— explained that a non-party subsidiary must be joined when it rises above the level of "an active participant" in the allegations and instead becomes "the primary participant." *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985). The *Freeman* court found that the non-party subsidiary was the "primary participant" where the named defendant's alleged conduct "result[ed] ***solely*** from its *de facto* consolidation with [the subsidiary]." *Id.* at 557 (emphasis added). *Freeman* dealt with a circumstance where plaintiffs sought "to impose liability on [the named defendant] not for its own acts, but for those of [the subsidiary]." *Id.*

In *Dernick*—also cited by Defendants—the Fifth Circuit found that the subsidiary was "not an indispensable party" where the complaint alleged that named defendants were the "principal actor[s]." *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981). Consistent with *Dernick*, the Fifth Circuit subsequently held in *August* that when "plaintiffs are not relying on [the defendant's] mere status as the parent corporation in establishing its ground for tort liability; rather, they have alleged an independent, direct ground for liability," the subsidiary corporation is "not a necessary party as a matter of law, based on the unqualified, broad rule established by *Temple*, that joint tortfeasors are not necessary parties." *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 733-34 (5th Cir. 2005) (citing *Temple*, 498 U.S. at 7-8).

In contrast to *Freeman*, and in line with *Dernick* and *August*, the allegations in the Complaint here are clearly predicated on ***Defendants' own actions***. Each direct infringement allegation in the Complaint specifically points to actions of "Bambu Lab," which is defined as the named Defendants. For example, the following is a direct infringement allegation for U.S. Patent No. 9,592,660:

> ***Bambu Lab*** has directly infringed, and continues to directly infringe the '660 Patent in violation of 35 U.S.C. 271(a) by using, selling, offering for sale in the United States, and importing into the United States, without authorization, the accused products that practice various claims of the '660 Patent literally or under the doctrine of equivalents.

(Dkt. No. 1, ¶ 41 (emphasis added)).[1] Likewise, the indirect infringement allegations are also limited to the named Defendants as shown by the example for the '660 Patent below:

> ***Defendants also indirectly infringe*** at least Claim 1 of the '660 Patent in violation of 35 U.S.C. 271(b) by taking active steps to encourage and facilitate direct infringement by third parties, including users, partners, affiliates, subsidiaries, resellers, distributors and service providers, in the United States with knowledge and specific intent that its efforts would result in the direct infringement of the '660 Patent. For example, ***Defendants actively induce infringement*** of the '660 Patent by designing, manufacturing, selling, or distributing the Accused '660 Products and then training its customers and users on the use of those products and the accompanying applications, including through the creation and dissemination of supporting materials, maintenance guides, troubleshooting guides, software (including Bambu Studio and Bambu Handy), instructions, product manuals, and technical information. *See* https://wiki.bambulab.com/en/home. As another example, ***Defendants actively induces infringement*** of the '660 Patent by instructing, encouraging, or requiring their subsidiaries and affiliates in the United States to use, sell, offer for sale in the

---

[1] Of note, Defendants' declaration does not even mention offers for sale or use of the accused products in the United States. *See* (Dkt. No. 38-2). Furthermore, the statements in the declaration are carefully worded to provide little actual insight into the other relevant direct infringement inquiries (e.g., selling and importing). *See, e.g.*, (*id.* ¶¶ 9 (discussing that BambuLab USA is "authorized to sell"), 10 (discussing only that BambuLab is the "importer of record" and little more), 12-13 (discussing only the "issu[ance] of invoices")).

United States, and importing into the United States, without authorization, the accused products that practice various claims of the '660 Patent, such as any Bambu Lab printer that is used in combination with the corresponding applications or controllers (e.g., the Bambu Studio and Bambu Handy, etc.). As yet another example, ***Defendants actively induce infringement*** of the '660 Patent through the creation and dissemination of promotional and marketing materials and instructional videos. *See* https://www.youtube.com/c/BambuLab. Defendants' active inducement is done with the knowledge and the specific intent that its efforts would result in the direct infringement of the '660 Patent.

(Dkt. No. 1, ¶ 45 (emphasis added)).[2] Notably absent from Plaintiff's Complaint is any mention of BambuLab USA. *See* (Dkt. No. 1). As Plaintiff has "alleged an independent, direct ground for liability" based on Defendants' own infringing actions, BambuLab USA is "not a necessary party as a matter of law." *August*, 135 F. App'x at 733-34.

> 2. *Defendants' interpretation of Rule 19 is boundless and has been repeatedly rejected by this Court.*

Defendants specifically identify the following allegations as "problematic," but these allegations only serve to reinforce that ***Defendants***—not BambuLab USA—are the primary actors:

> ***Defendants*** conduct business, <u>either directly or through its agents</u>, on an ongoing basis in this judicial district and elsewhere in the United States. (Dkt. No. 1, ¶ 10 (emphases added)).

> ***Defendants***, <u>directly and through subsidiaries or intermediaries</u> (including distributors, retailers, and others), have purposefully and voluntarily placed their infringing products into this district[.] (Dkt. No. 1, ¶ 12 (emphases added)).

> ***Defendants*** actively induces infringement of the '713 Patent by ***instructing, encouraging, or requiring*** <u>their subsidiaries and affiliates</u> in the United States to use, sell, offer for sale in the United States, and importing into the United States, without authorization, the accused products that practice various claims of the '713 Patent, such as any Bambu Lab printer that is used in combination with the corresponding applications or controllers (e.g., the Bambu Studio and Bambu Handy, etc.). (Dkt. No. 1, ¶ 29 (emphases added)).

---

[2] Similar allegations exist for the other Asserted Patents. *See, e.g.*, (Dkt. No. 1).

*See* (Dkt. No. 38 at 5-7). These allegations may demonstrate that BambuLab USA's own direct infringement is instructed, encouraged, required, or otherwise controlled by Defendants—a fact that perhaps counsels in favor of Defendants being the primary participant in ***BambuLab USA's*** infringement—but they do nothing to establish that BambuLab USA is the primary participant in ***Defendants'*** infringement.[3]

Defendants' position with respect to the indirect infringement allegations underscores the issue. If adopted, Defendants' interpretation of Rule 19 would make each and every one of the individuals induced to infringe—i.e., all "users, partners, affiliates, subsidiaries, resellers, distributors and service providers, in the United States" (Dkt. No. 1, ¶45)—"the primary participant" in Defendants' infringement. *Cf. Stingray*, 2021 WL 9095764 at *7 ("[Defendant] fails to explain why the line should be drawn to include domestic subsidiaries such as [the subsidiary], and not to include retailers such as Home Depot, Walmart, and Amazon."). Such a result is not only antithetical to the idea of a "primary participant," but it would require the joinder of effectively every infringer in one action. In patent cases involving consumer goods, such as this, Defendants' position would require joinder of thousands (if not millions) of end-users. It is no wonder that Defendants' position has been repeatedly rejected by the Supreme Court, the Federal Circuit, the Fifth Circuit, and this Court. *Temple*, 498 U.S. at 7; *Polymer Techs., Inc. v. Bridwell*,

---

[3] Defendants' position that a reference to "BambuLab USA Inc." on the BambuLab website is dispositive of the issue of infringement is little more than a haphazard and premature request for summary judgment. Notably, that same page also mentions that the website is "[o]perated by Room 206, Guoxin Investment Building, Gaoxin South 7th Road, Yuehai Street, Nanshan District, Shenzhen," which presumably relates to the Chinese parent and not the U.S. subsidiary. (Dkt. No. 38-4 at 2). Defendants have produced no documents in this case, and they cannot hide behind a single reference to BambuLab USA on a webpage to short-circuit discovery into the full scope of their infringing actions. It is, however, curious why a US entity would operate a website directed at US consumers from China.

103 F.3d 970, 976 (Fed. Cir. 1996); *August*, 135 F. App'x at 733-34; *Stingray*, 2021 WL 9095764at
*7.[4]

Contrary to Defendants' assertions, this Court has consistently held that allegations like
those pled here are proper, as they "allege[] that Defendants . . . are responsible for their own
allegedly infringing conduct, separate and apart from any further infringing acts that may be
committed by [the unnamed subsidiary]." *Assa Abloy*, No. 2:22-cv-00507-JRG, Dkt. No. 61 at 30.
For instance, the complaints in *NorthStar* and *Arigna*—contrary to Defendants' representations—
involved the ***exact same*** type of allegations that Defendants contend are "problematic" in
Plaintiff's Complaint here. For example, *compare* (Dkt. No. 1, ¶ 10):

> Defendants conduct business, either ***directly or through its agents***,
> on an ongoing basis in this judicial district and elsewhere in the
> United States.

*with*

> *NorthStar Systems LLC v. Volkswagen AG*, No. 2:22-cv-00486-
> JRG, Dkt. No. 1, ¶2: Upon information and belief, VW does
> business in Texas and in the Eastern District of Texas, ***directly or***
> ***through intermediaries***.

> *NorthStar Systems LLC v. Bayerische Motoren Werke AG*, No. 2:22-
> cv-00496-JRG, Dkt. No. 1, ¶2: Upon information and belief, BMW
> does business in Texas and in the Eastern District of Texas, ***directly***
> ***or through intermediaries***.

In *Arigna*, the plaintiff even specifically identified the U.S. subsidiary of the named defendant

(BMW NA) as one of the subsidiaries through which the defendant did business in this District:

> *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-
> 00173-JRG, Dkt. No. 61 (First Amended Complaint), ¶3: On
> information and belief, BMW AG does business itself, or ***through***

---

[4] *See also* 7 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1614 (3d ed.) ("The question
of who must be joined as defendants in patent, copyright, and trademark suits for infringement
also is fairly easy to answer. A suit for infringement may be analogized to other tort actions. All
infringers are jointly and severally liable. Thus, plaintiff may choose whom to sue and is not
required to join all infringers in a single action.").

*its subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas, including through its wholly owned U.S. subsidiary BMW of North America, LLC ("BMW NA")*, which participates in importing, marketing, distributing, and selling automotive vehicles and components from BMW-managed brands (e.g., BMW, Rolls-Royce, etc.) in the United States.

Despite the same type of general "directly or through [others]" allegations in the complaints, this Court in *NorthStar* and *Arigna* found that the U.S. subsidiary was "not a necessary or indispensable party" and that "the Court may proceed without [the U.S. subsidiary]." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, 697 F. Supp. 3d 635, 653 (E.D. Tex. 2023); *see also NorthStar*, 2023 WL 5723648 at *5. In reaching that conclusion, the Court rejected arguments like those Defendants make now, such as a contention that "a judgement against [Defendants] would amount to a judgment against [the subsidiary], and would affect [the subsidiary]'s rights to the extent it performs allegedly infringing activities." *NorthStar*, 2023 WL 5723648 at *4. Defendants' desire that these cases be distinguishable does not make them so.

Furthermore, *Arigna* and *NorthStar* are not outliers, but rather they represent this Court's consistent approach. Indeed, this Court recently dealt with a complaint in *Stingray* that:

- named [the subsidiary] in the FAC over fifty times and [] described [it] as the source of Defendants' "corporate presence in the United States," as "registered to do business in Texas" and providing a place of business in Texas.

- identified [the subsidiary] as receiving [accused] products shipped by the Defendants; as the party that distributes, offers for sale, and sells the accused products in the United States "on behalf of the Signify group"; as [defendant]'s "significant business presence" in the U.S.; and as managing all of [defendant]'s NAC's operations.

- allege[d] that [defendant] has committed acts of direct and/or indirect infringement "through direction and control of its subsidiaries," specifically including [the subsidiary].

*Stingray*, 2021 WL 9095764 at *5. Based on these facts, the defendant in *Stingray*—like Defendants here—"argue[d] that the Court cannot accord complete relief among the existing parties because [the subsidiary]'s actions in the United States are alleged to contribute to the infringement in this case." *Id.* The Court rejected that argument and held that the subsidiary was not the principal actor, as the plaintiff "ha[d] alleged that [the named defendant] and the other foreign defendants are responsible for their allegedly infringing conduct, separate and apart from any further infringing acts that may be committed by American subsidiaries." *Stingray*, 2021 WL 9095764 at *6. This Court more recently addressed the same issue in *Assa Abloy* and reached the exact same conclusion. *See Assa Abloy*, No. 2:22-cv-00507-JRG, Dkt. No. 61 at 30-31 (finding that the wholly-owned subsidiary referenced in the complaint was not a necessary party even though "[the subsidiary] may itself engage in infringing activity"). The same result reached in *Arigna*, *NorthStar*, *Stingray*, and *Assa Abloy* is dictated here.

> 3. *The plain text of Rule 19(a)(1) confirms that BambuLab USA is not a necessary party.*

The propriety of this result is confirmed by the text of Rule 19(a)(1) itself. As discussed above, the Court can "accord complete relief among [the] existing parties," as it is ***Defendants' infringing actions*** for which Plaintiff seeks redress in this suit, not BambuLab USA. FED. R. CIV. P. 19(a)(1)(A); *see StoneCoat of Texas, LLC v. ProCal Stone Design, LLC*, No. 4:17-CV-00303, 2019 WL 9899507, at *9 (E.D. Tex. Mar. 27, 2019) ("The term 'complete relief' under Rule 19(a)(1)(A) refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought.") (internal quotation omitted); *Assa Abloy,* No. 2:22-cv-00507-JRG, Dkt. No. 61 at 29 (finding that the "Court can accord complete relief among the existing parties" with the subsidiary absent).

There is also no credible argument—and indeed Defendants do not attempt one—that trying the present case without BambuLab USA would "as a practical matter impair or impede [BambuLab USA's] ability to protect [its] interest." FED. R. CIV. P. 19(a)(1)(B)(i).[5] BambuLab USA is the wholly-owned subsidiary of parent-Defendant Shenzhen Tuozhu Technology Co., Ltd., meaning that "the interests of these two entities align" and it can be presumed that the named Defendant "will adequately protect the interests of [BambuLab USA]." *See NorthStar*, 2023 WL 5723648 at *4.[6] Indeed, both BambuLab USA and the named Defendants "seek the same goal in this case—namely, findings of no infringement and invalidity of the Asserted Patents." *Assa Abloy*, No. 2:22-cv-00507-JRG, Dkt. No. 61 at 31. Furthermore, as evidenced by the declaratory judgment action that BambuLab USA and Defendants recently filed in the W.D. Tex. on the same patents,[7] "the entities are represented by the same counsel" further alleviating any concerns that BambuLab USA's interests would be impaired. *Id.* (finding unpersuasive the argument that "[the subsidiary]'s interests would be impaired" where the subsidiary was wholly owned by a named defendant and represented by the same counsel).

Likewise, there is no concern—and Defendants raised none—that proceeding without BambuLab USA would "leave an existing party subject to a substantial risk of incurring double,

---

[5] At best, Defendants provide vague speculation (*see* Dkt. No. 38 at 5), but that cannot carry their burden to establish that BambuLab USA is a necessary party. *NorthStar*, 2023 WL 5723648 at *4 ("BMW's speculation as to the predicted effects of going forward without BMW NA is just that—speculation. Such is inadequate to invoke Rule 19(a)(1)(B)(i)."). Moreover, Defendants did not identify BambuLab USA as a "potential party" in their initial disclosures pursuant to the Discovery Order. *See* Ex. A (Defendants' Initial Disclosures served on 11/29/2024) at 3.

[6] Citing *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 852 (9th Cir. 2019) ("As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit.").

[7] *BambuLab USA, Inc., et al. v. Stratasys, Inc.*, No. 1:24-cv-01511 (W.D. Tex. Dec. 9, 2024).

multiple, or otherwise inconsistent obligations because of the interest." FED. R. CIV. P. 19(a)(1)(B)(ii); *see also Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 815 (5th Cir. 2016) ("Given 'that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit,' the Supreme Court has already held that concurrent 'separate litigations' with 'overlap[ping]' claims is not enough to satisfy Rule 19(a).") (quoting *Temple*, 498 U.S. at 7–8). Thus, BambuLab USA is not a necessary party under Rule 19(a)(1), and Defendants' Motion should be denied.

**B.  Assessing the Propriety of Venue over BambuLab USA is Premature.**

As BambuLab USA is not a necessary party for the reasons described above, "the Court need not address Defendants' additional arguments that the inclusion of [BambuLab USA] would render venue improper in this district." *Assa Abloy,* No. 2:22-cv-00507-JRG, Dkt. No. 61 at 31. If the Court deems that BambuLab USA is a necessary party, Plaintiff requests that the Court grant Plaintiff limited, expedited discovery into the contacts of BambuLab USA with this District and BambuLab USA's relationship with Defendants.

Further, Defendants ignore the fact that even if venue is improper for BambuLab USA—a question that cannot be determined on this incomplete record—a defendant may always waive the affirmative defense of improper venue. FED. R. CIV. P. 12(h)(1); *Biomedical Patent Mgmt. Corp. v. California, Dep't of Health Servs.*, 505 F.3d 1328, 1340 (Fed. Cir. 2007) ("[V]enue . . . is, of course, a waivable defense."); *Innovative Display Techs. LLC v. Microsoft Corp.*, No. 2:13-cv-00783-JRG, Dkt. No. 54 at 10 (E.D. Tex. June 17, 2014) (recognizing that a party can waive venue selection clause and consent to be sued in this Court in context of Rule 12(b)(7) motion). As such, Defendants' feigned concern about the "significant[] prejudice BambuLab USA" would experience if this case were allowed to proceed rings hollow. If that concern was genuine, Defendants would have identified BambuLab USA in their initial disclosures as a "potential party" as required by the Discovery Order, would have waived any defense of improper venue, and

12

brought BambuLab USA into this case. *See* Ex. A at 3 (Defendants' Initial Disclosures served on 11/29/2024) (failing to indicate BambuLab USA as a "potential party" or ever once mentioning the entity). Instead, Defendants and BambuLab USA decided to file a separate action in the Western District of Texas, presumably hoping to avoid resolution of this case before this Court on the timeline already set and agreed to between the parties. In doing so, Defendants do "nothing but [] waste [] time and money for the parties and the court." *Cf. Marvell Semiconductor Inc. v. Monterey Rsch., LLC*, No. 20-CV-03296-VC, 2020 WL 6591197, at *1 (N.D. Cal. Nov. 11, 2020).[8]

**C. The Rule 19(b) Factors Demonstrate That BambuLab USA Is Not Indispensable.**

As BambuLab USA is not a necessary party and the propriety of venue over BambuLab USA is unable to be assessed at this time, the Court need not consider the factors under Rule 19(b). *Temple*, 498 U.S. at 8 ("[N]o inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied."). However, even if the Court reaches this inquiry, the existing facts make clear that this action can proceed without BambuLab USA.

*1. Rule 19(b)(1): no potential for prejudice exists.*

For the reasons discussed above, Defendants and BambuLab USA are not prejudiced by BambuLab USA's absence from this suit as its interests are sufficiently represented by its parent-Defendant and its counsel, who also happen to be BambuLab USA's counsel. *Cf. NorthStar*, 2023 WL 5723648 at *4 ("The Court is not convinced that disposing of the action in [the subsidiary]'s

---

[8] *Marvell Semiconductor*, 2020 WL 6591197 at *1 ("Even if a defendant in a patent case feels strongly that venue is lacking in the first lawsuit, there is simply no need to file a duplicative lawsuit for declaratory relief in a different court."); *DocuSign, Inc. v. Clark*, No. 21-CV-04785-WHO, 2022 WL 225623, at *6 (N.D. Cal. Jan. 25, 2022) ("If venue is contested in the first suit, the proper course of action is for a party to file the appropriate motion, wait for it to be decided, and respond according to the court's ruling. Filing another lawsuit in another court beforehand is inappropriate.").

absence would impair or impede [the subsidiary]'s ability to protect its interest. This is for the simple reason that [the subsidiary] is a wholly-owned subsidiary of BMW, so the interests of these two entities align."). Furthermore, Defendants only identified their own employees (not that of BambuLab USA) as having information relevant to the issues in this litigation. *See* Ex. A at 4 (Defendants' Initial Disclosures served on 11/29/2024); *Arigna*, 697 F.Supp.3d at 652 (finding no prejudice under Rule 19(b) where defendant identified its own employees, and not its subsidiary's, on issues relating to the lawsuit). Defendants also failed to identify a single source of evidence residing exclusively in BambuLab USA possession that could not also be obtained from the Defendants. *Stingray*, 2021 WL 9095764 at *6 (denying motion under Rule 12(b)(7) where  the subsidiary was "unlikely to have exclusive control over any evidence that would be critical to the disposition of this case that cannot also be obtained from [parent] or another defendant.").

Ignoring the on-the-ground reality, Defendants attempt to inject BambuLab USA into Plaintiff's allegations and then cry foul at the perceived prejudice to that entity.[9] Specifically, Defendants contend that BambuLab USA would be prejudiced: (1) "if it were subject to an injunction imposed in a proceeding to which it is not a party," (2) "if only Defendants were enjoined, for they represent BambuLab USA's sole source of supply," and (3) if only monetary damages were awarded, "which would see costs imposed on its supply." (Dkt. No. 38 at 10).[10]

---

[9] Notably, Defendants ignore the fact that BambuLab USA has an opportunity to intervene in this case, militating against any "prejudice" that entity faces if the suit proceeds without it. *See Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1272 (Fed. Cir. 1998) (noting that an "opportunity to intervene may be considered in calculating [any] prejudicial effect") (quoting *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 820 n. 5 (9th Cir.1985)).

[10] Defendants identify that Plaintiff has requested relief "[p]ermanently enjoining Defendants and their respective officers, agents, servants, employees, and those acting in privity with [them]." (Dkt. No. 38 at 10 (quoting (Dkt. No. 1 at 28))). Notably, the complaint in *Northstar* contained a similar request for relief. *See NorthStar*, No. 2:22-cv-00486-JRG, Dkt. No. 1 at 23 ("An order pursuant to 35 U.S.C. § 283 ***permanently enjoining Defendant, its officers, agents, servants,***

This Court has previously rejected such arguments. *See, e.g.*, *NorthStar*, 2023 WL 5723648 at \*4 (rejecting argument that "a judgment would preclude [the subsidiary] from enforcing [its] rights or injuriously affect [it] because a judgment would implicate [the subsidiary]'s rights to sell and import BMW products," and concluding that "[the subsidiary] is neither a necessary or indispensable party") (internal quotations omitted). And such arguments should be rejected for good reason. Defendants once more present an interpretation of Rule 19 that would cast so broad a net as to make indispensable all individuals "which would see costs imposed on [their] supply" or have "an element of uncertainty" injected into their "business transactions" by the result of the action. (Dkt. No. 38 at 10). Such an interpretation would at minimum make "indispensable" all potential infringers in the chain of infringement, which is **not** the law. *Cf. Stingray*, 2021 WL 9095764 at \*7 ("Even assuming *arguendo* that [the subsidiary] was a necessary and indispensable party, it is unclear why joinder of numerous direct infringers, end users, and other actors in the chain of distribution would not also be required…. [Defendant] fails to explain why the line should be drawn to include domestic subsidiaries such as [the subsidiary], and not to include retailers such as Home Depot, Walmart, and Amazon.").

Defendants' concerns that this suit may not effectively ward off BambuLab USA's own infringing actions or that the "financial judgment against Defendants . . . would be less effective than a judgment that applies to BambuLab USA" (Dkt. No. 10-11), while considerate, are irrelevant. Plaintiff is not required to sue all infringers in the same suit, and the choice not to do so

---

**employees, attorneys, and those persons in active concert or participation with them**, from further acts of infringement of the Patents-in-Suit.") (emphasis added). Despite this request for injunctive relief in the complaint, the Court in *NorthStar* found that the subsidiary was "neither a necessary nor indispensable party." *NorthStar*, 2023 WL 5723648, at \*4.

cannot be used as evidence of the indispensability of those omitted parties. *See Assa Abloy*, No. 2:22-cv-00507-JRG, Dkt. No. 61 at 31.

> *2.  Rule 19(b)(2): there is no need to lessen or avoid prejudice which does not exist.*

As there exists no prejudice to Defendants or BambuLab USA by its omission from this suit, there is no need for any measures to lessen prejudice. FED. R. CIV. P. 19(b)(2). As *res judicata* would not apply to BambuLab USA, any "negative precedent" that it would face would apply equally to all infringers, and—at fear of belaboring the point—it is black-letter law that all infringers need not be joined in the same suit.[11]

> *3.  Rule 19(b)(3): judgment entered in BambuLab USA's absence would be adequate.*

For the reasons discussed above, a judgment entered in this case between Plaintiff and Defendants will be adequate to resolve the dispute between those parties. Any additional dispute that Plaintiff may have with BambuLab USA may be resolved in a separate suit with that entity.

> *4.  Rule 19(b)(4): an alternative may exist, but Plaintiff's choice of forum should not be disregarded.*

Defendants' assertion that the "Fifth Circuit has found this final factor 'to be most persuasive' in the exact situation presented here" (Dkt. No. 38 at 12), is perplexing given that the *Doty* case Defendants cite involved a land dispute and the alternative forum was a state court.[12] Certainly, the present case has little to do with real property and the implication of state-specific concerns.

---

[11] *Temple*, 498 U.S. at  7; *Polymer Techs.*, 103 F.3d at 976; *August*, 135 F. App'x at 733-34; *Stingray*, 2021 WL 9095764at *7.

[12] The panel in *Doty* specifically noted that the "state court may be in a better position to entertain a real property action than is a federal court" as "interests are always at stake when the forum state's land is in issue." *Doty v. St. Mary Par. Land Co.*, 598 F.2d 885, 888 (5th Cir. 1979) (further noting "the special concern of a state for the ownership and utilization of its land").

While Defendants may prefer to have this case tried in the Western District of Texas, that preference should not be allowed to run roughshod over Plaintiff's well-established right to choose the forum to hear its case. *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) ("A plaintiff's right to choose a forum is well-established, and his choice is usually highly esteemed.") (internal quotation omitted). The Court should reject Defendants' attempt to supplant Plaintiff's choice of forum through little more than self-serving statements and a disregard for this Court's jurisprudence. In the words of the Court, "while [BambuLab USA] may wish to 'take the fall' and be considered the primary participant (so it may pave the way for [Defendants] to defeat venue), its wishes do not change the text of the Complaint, which clearly accuses only [Defendants], and not [BambuLab USA]." *NorthStar*, 2023 WL 5723648 at *5.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court deny Defendants' Motion for the reasons discussed herein. To the extent that the Court finds that BambuLab USA is a necessary party to this case, Plaintiff requests that the Court allow for limited, expedited discovery into BambuLab USA's ties to this District and the named Defendants.

Dated: December 19, 2024                                  Respectfully submitted,

By: */s/ Kevin J. Meek*
Kevin J. Meek
Texas State Bar No. 13899600
Brian Oaks
Texas State Bar No. 24007767
Syed Fareed
Texas State Bar No. 24065216
Aashish Kapadia
Texas State Bar No. 24097917
Christian Tatum
Texas State Bar No. 24125429
**MCDERMOTT WILL & EMERY LLP**

300 Colorado Street, Suite 2200
Austin, Texas 78701-4078
Telephone: (512) 726-2579
Facsimile:  (512) 532-0002
*kmeek@mwe.com*
*boaks@mwe.com*
*sfareed@mwe.com*
*akapadia@mwe.com*
*ctatum@mwe.com*

Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
ddacus@dacusfirm.com

Andrea L. Fair
Texas Bar No. 24078488
Claire A. Henry
Texas Bar No. 24053063
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
andrea@millerfairhenry.com
claire@millerfairhenry.com

***ATTORNEYS FOR PLAINTIFF
STRATASYS, INC.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on this the 19th day of December, 2024.

*/s/ Kevin J. Meek*
Kevin J. Meek
