# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO. LTD., *et. al*,<br><br>Defendants. | NO. 2:24-CV-00644-JRG<br>LEAD CASE<br><br>JURY TRIAL DEMANDED |
| STRATASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO. LTD., *et. al*,<br><br>Defendants. | NO. 2:24-CV-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' INITIAL AND ADDITIONAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and paragraphs 1 and 3 of the parties' proposed Discovery Order, Defendants Shenzhen Tuozhu Technology Co., Ltd., Shanghai Lunkuo Technology Co., Ltd., Bambulab Limited, and Tuozhu Technology Limited (collectively "Bambu" or "Defendants") make the following initial and additional disclosures to Plaintiff Stratasys, Inc. ("Stratasys" or "Plaintiff").[1]  These disclosures are based on information

---

[1] "Asserted Patents" shall refer to the 10 asserted patents collectively in both the Lead Case and the Member Case, including U.S. Patent Nos. 9,421,713; 9,592,660; 7,555,357; 9,168,698; 10,556,381; 10,569,466; 11,167,464; 11,886,774; 8,747,097; and 8,562,324.

currently available and known to Bambu following a reasonable and diligent investigation in connection with making these disclosures. Bambu's investigation is continuing, and Bambu reserves the right to supplement or revise these disclosures by, including but not limited to, later identifying additional individuals likely to have discoverable information or additional relevant documents pursuant to further investigation or discovery conducted subsequent to the date of these disclosures. Bambu further reserves the right to supplement the information disclosed herein consistent with the applicable Federal Rules of Civil Procedure, the Local Civil Rules for the Eastern District of Texas, and any applicable Court orders.

These disclosures are made without waiving: (1) the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, or any other proper ground; (2) the right to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; or (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures, in any proceeding in this action or in any other action.

Subject to these reservations, Bambu discloses the following information:

### PARAGRAPHS 1 (a)-(g) OF THE COURT'S DISCOVERY ORDER

**(a) The correct names of the parties to the lawsuit.**

**RESPONSE:**

The correct names of the Defendants are:

Shenzhen Tuozhu Technology Co., Ltd.;

Shanghai Lunkuo Technology Co., Ltd.;

BambuLab Limited; and

Tuozhu Technology Limited.

**(b) The name, address, and telephone number of any potential parties.**

    **RESPONSE:**

None at this time.

**(c) The legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshall all evidence that may be offered at trial).**

    **RESPONSE:**

Bambu does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the Asserted Patents. To the extent that Stratasys asserts that Bambu indirectly infringes, either by contributory infringement or inducement of infringement, Bambu is not liable to Stratasys for the acts alleged to have been performed before Bambu knew that its actions would cause indirect infringement.

The Asserted Patents are invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112. The legal theories and general factual bases for invalidity and patent-ineligibility will be disclosed in Bambu's Invalidity Contentions to be served on Stratasys pursuant to P.R. 3-3.

To the extent that Stratasys, and predecessors-in-interest to the Asserted Patents, failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Bambu's actions allegedly infringed the Asserted Patents, Bambu is not liable to Stratasys for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Asserted Patents.

Bambu continues to investigate all claims and defenses in this action. Bambu reserves the right to amend or to supplement these Initial and Additional Disclosures with additional legal theories based on facts that may be determined through discovery. Bambu incorporates by reference its forthcoming Invalidity Contentions and expert reports.

**(d) The name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person.**

**RESPONSE:**

Upon information and belief, and based upon the current information available to Bambu, the following individuals are likely to have knowledge of relevant facts based on Stratasys's complaint and based on Bambu's understanding of the asserted scope of the Asserted Patents. Bambu reserves the right to supplement these disclosures based on further investigation and discovery, as appropriate.

| Name | Contact Information | Discoverable Information |
|---|---|---|
| Wei Tao | Wei Tao is an employee of Bambu and may be contacted through Bambu's counsel. | Believed to have software knowledge relating to the accused systems. |
| Li Gen | Li Gen is an employee of Bambu and may be contacted through Bambu's counsel. | Believed to have hardware knowledge relating to the accused systems. |
| Jiang Jie | Jiang Jie is an employee of Bambu and may be contacted through Bambu's counsel. | Believed to have financial knowledge relating to the accused systems. |
| Aljosa Kemperle | Aljosa Kemperle's last known address was Brooklyn, NY. Aljosa Kemperle's current contact information is not known. | Aljosa Kemperle is listed as an inventor of asserted patents 9,168,698 and 10,556,381, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| Filipp Gelman | Filipp Gelman's last known address was Brooklyn, NY. Filipp Gelman's current contact information is not known. | Filipp Gelman is listed as an inventor of asserted patents 9,168,698 and 10,556,381, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |

| Name | Contact Information | Discoverable Information |
|---|---|---|
| Peter Joseph Schmehl | Peter Joseph Schmehl's last known address was Brooklyn, NY. Peter Joseph Schmehl's current contact information is not known. | Peter Joseph Schmehl is listed as an inventor of asserted patents 9,168,698 and 10,556,381, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| Ariel Douglas | Ariel Douglas's last known address was Brooklyn, NY. Ariel Douglas's current contact information is not known. | Ariel Douglas is listed as an inventor of asserted patents 10,569,466 and 11,167,464, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| Robert J. Steiner | Robert J. Steiner's last known address was Brooklyn, NY. Robert J. Steiner's current contact information is not known. | Robert J. Steiner is listed as an inventor of asserted patents 10,569,466 and 11,167,464, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| Aric Lynn Jennings | Aric Lynn Jennings's last known address was Brooklyn, NY. Aric Lynn Jennings current contact information is not known. | Aric Lynn Jennings is listed as an inventor of asserted patents 10,569,466 and 11,167,464, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| William B. Buel | William B. Buel's last known address was Sunnyvale, CA. William B. Buel's current contact information is not known. | William B. Buel is listed as an inventor of asserted patents 10,569,466 and 11,167,464, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| Anthony D. Moschella | Anthony D. Moschella's last known address was Brooklyn, NY. Anthony D. Moschella's current contact information is not known. | Anthony D. Moschella is listed as an inventor of asserted patents 10,569,466 and 11,167,464, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |
| Nathaniel B. Pettis | Nathaniel B. Pettis's last known address was Brooklyn, NY. Nathaniel B. Pettis's current contact information is not known. | Nathaniel B. Pettis is listed as an inventor of asserted patents 8,562,324 and 8,747,097, and is believed to have knowledge of their prosecution, assignment, the prior art, valuation, and licensing. |

| Name | Contact Information | Discoverable Information |
|---|---|---|
| William J. Swanson | William J. Swanson's last known address was St. Paul, MN. William J. Swanson's current contact information is not known. | William J. Swanson is listed as an inventor of asserted patent 9,421,713, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Ronald G. Schloesser | Ronald G. Schloesser's last known address was New Brighton, MN. Ronald G. Schloesser's current contact information is not known. | Ronald G. Schloesser is listed as an inventor of asserted patent 9,421,713, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Gary Larson | Gary Larson's last known address was independence, MN. Gary Larson's current contact information is not known. | Gary Larson is listed as an inventor of asserted patent 9,421,713, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Donald J. Holzwarth | Donald J. Holzwarth's last known address was Minnetonka, MN. Donald J. Holzwarth's current contact information is not known. | Donald J. Holzwarth is listed as an inventor of asserted patent 7,555,357, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Riley Reese | Riley Reese's last known address was Carpinteria, CA. Riley Reese's current contact information is not known. | Riley Reese is listed as an inventor of asserted patent 9,592,660, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Hemant Bheda | Hemant Bheda's last known address was Saratoga, CA. Hemant Bheda's current contact information is not known. | Hemant Bheda is listed as an inventor of asserted patent 9,592,660, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Alison N. Leonard | Alison N. Leonard's last known address was Brooklyn, NY. Alison N. Leonard's current contact information is not known. | Alison N. Leonard is listed as an inventor of asserted patent 11,886,774, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |
| Joseph Sadusk | Joseph Sadusk's last known address was New York, NY. Joseph Sadusk's current contact information is not known. | Joseph Sadusk is listed as an inventor of asserted patent 11,886,774, and is believed to have knowledge of its prosecution, assignment, the prior art, valuation, and licensing. |

| Name | Contact Information | Discoverable Information |
|---|---|---|
| Arevo, Inc. | On information and belief, Arevo, Inc. was cquired by Stratasys and ceased operations in 2023. | Arevo, Inc. is a purported former assignee of asserted patent 9,592,660, and may have knowledge relevant to its assignment, licensing, and valuation. |
| Makerbot Industries, LLC | On information and belief, 55 Water Street, 51st Floor, New York, NY, United States, 10041; and Watermolenweg 2, 4191 PN Geldermalsen, Netherlands | Makerbot Industries, LLC is a purported former assignee of asserted patents 9,168,698, 10,556,381, 10,596,466, 11,167,464, 8,562,324, and 8,747,097, and may have knowledge relevant to their assignment, licensing, and valuation. |
| Stratasys, Inc. | Known to Plaintiff | Current and past representatives of Stratasys may have information related to the Asserted Patents and their assignment, licensing, and valuation. |

By listing these individuals and entities, Bambu does not authorize Stratasys to communicate with Bambu's past or present employees. Bambu's past or present employees should only be contacted through Bambu's counsel, Fish & Richardson P.C.

Other individuals currently and/or previously employed by, or associated with, Stratasys may have discoverable information concerning all issues pending in this litigation, including, but not limited to, issues related to the alleged conception, reduction to practice, and inventorship of the purported invention(s) claimed by the Asserted Patents; the technology embodied in the Asserted Patents; the preparation and prosecution of the patent applications that resulted in the Asserted Patents; any prior alleged exploitation or attempted exploitation of the Asserted Patents; any prior art, and awareness of such prior art; the chain of ownership interests in the Asserted Patents and any investigation related to the validity, infringement, and/or enforceability of the Asserted Patents; Stratasys's decision to file suit; the licensing, if any, or attempts to license the Asserted Patents; the marketing, distribution, and offers for any features and/or products allegedly embodying the technologies claimed in the Asserted Patents; and damages.

Prior assignees of the Asserted Patents may have similar knowledge. These include at least Makerbot Industries, LLC and Arevo, Inc..

In addition, other individuals not specifically known to Bambu may possess relevant information, particularly information relating to non-infringement, invalidity, and unenforceability of the Asserted Patents. Such individuals include, for example: (1) authors of prior art publications relevant to the subject matter of the Asserted Patents; (2) individuals having information regarding any prior knowledge, use, sale, or invention relevant to the subject matter of the Asserted Patents; (3) individuals having knowledge of any license or assignment of the Asserted Patents, or any offer to license or assign, or refusal to license or assign, the Asserted Patents; (4) individuals having knowledge of the circumstances of alleged invention of the subject matter of the Asserted Patents; and (5) individuals having knowledge of the ownership or rights in the work relating to the subject matter of the Asserted Patents.

Finally, Bambu identifies individuals and entities in the initial and additional disclosures of other parties to this litigation, as well as authors and publishers of documents, including prior art materials, identified during the course of this litigation.

**(e) Any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:**

Bambu is currently unaware of the existence of any indemnity or insurance agreements under which any person or entity carrying on an insurance business may be liable to satisfy all or part of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**(f) Any settlement agreements relevant to the subject matter of this action.**

**RESPONSE:**

Bambu is currently unaware of the existence of any settlement agreements relevant to the subject matter of this action.

**(g) Any statement of any party to the litigation.**

**RESPONSE:**

Bambu is currently unaware of the existence of any statement of any party to the litigation.

## ADDITIONAL DISCLOSURES PURSUANT TO
## PARAGRAPH 3 OF THE DISCOVERY ORDER

**(a) Compliance with P.R. 3-1 and P.R. 3-3.**

Bambu will comply with the stated terms and deadlines of P.R. 3-1 and P.R. 3-3.

**(b) Produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas.**

Bambu is in the process of identifying and collecting documents that it may use to support its claims or defenses. Bambu will produce responsive, non-objectionable, relevant, and non-privileged documents in its possession, custody, or control, to the extent such documents exist, that Bambu is able to locate after a reasonable and diligent search.

Based upon presently-available information, the following categories describe documents, electronically stored information, and tangible things that Bambu may use to support its claims or defenses. Bambu reserves the right to identify and use documents from additional categories if, during the course of discovery and investigation relating to this litigation, Bambu learns that such additional categories contain relevant documents. Bambu also reserves the right to use additional categories of documents to rebut or respond to the contentions and allegations that Stratasys may make.

1. The Asserted Patents and their prosecution histories.

2. Prior art information relating to the Asserted Patents.

3. Documents and things related to the ownership and assignment of the Asserted Patents.

4. Documents and things related to the development, conception, and reduction to practice of the purported invention(s) claimed in the Asserted Patents.

5. Documents and things related to Bambu's non-infringement of the Asserted Patents.

6. Documents and things related to any licenses to the Asserted Patents.

7. Documents produced by Bambu and/or Stratasys to the extent they relate to this litigation.

**(c) Provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.**

Bambu intends to rely on a damages expert and will defer any damages computation until the time for expert disclosures. Bambu will produce or make documents relevant to its computation of damages, and within its possession, custody, or control, available for inspection as they become available.

Bambu reserves the right to amend, supplement or modify these initial and additional disclosures as appropriate based upon its future evaluation of the facts and evidence presently in its possession and upon further investigation and discovery in this action.

Dated: November 29, 2024

Respectfully submitted,

*/s/ Michael A. Vincent*
Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served on all counsel of record on November 29, 2024.

*/s/ Michael A. Vincent*
Michael A. Vincent