IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>  Defendants. | Civil Action No. 2:24-cv-00644-JRG<br>LEAD CASE<br><br>Civil Action No. 2:24-cv-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS
FOR FAILURE TO JOIN AN INDISPENSABLE PARTY**

**I.      INTRODUCTION**

Stratasys effectively asks this Court to conclude that when a parent company is sued for a tort, a subsidiary is *never* a required and indispensable party under Fed. R. Civ. P. 19. But this blanket rule is incompatible with Fifth Circuit law and the plain text of Rule 19:

- the Fifth Circuit explained in *Dernick* that when the subsidiary is a primary participant, it must be joined under Rule 19;

- the Fifth Circuit concluded in *Freeman* that a subsidiary was a required and indispensable party where the parent was sued for the tort of conversion; and

- the Fifth Circuit emphasizes the primacy of textual canons of construction over policy arguments like those Stratasys makes in its briefing.

Stratasys has no direct answer to these points and cannot distinguish Fifth Circuit precedent from this dispute's facts. Knowing full well that the entity most involved in U.S. sales was not subject to suit in this District, Stratasys tried to end run the Rules of Civil Procedure by omitting an indispensable party from its suit. Rule 19 bars this approach, and the Court should thus dismiss this case. Stratasys may fully adjudicate its claims in the co-pending declaratory relief action filed in the Austin division of the Western District of Texas, where all indispensable parties are named.

**II.     ARGUMENT**

    **A.     BambuLab USA is a required party because it is the primary target of Stratasys's infringement allegations.**

The parties dispute whether a non-party can be "required" under Rule 19(a) when it is actually the primary participant in some of the complained of activity (Defendants), or whether a "required" party must be solely responsible for *every* allegation as pleaded on the face of the Complaint (Stratasys). Stratasys effectively argues that as the "master of its complaint," (Dkt. 43 at 3), the creative draftsmen can wholly avoid Rule 19's application by simply including *some*

1

allegations pleaded to be attributable to the named defendants. The Fifth Circuit has not agreed with Stratasys' position and here, Stratasys specifically alleges direct and contributory infringement[1] for which only one entity could be liable—BambuLab USA. As pled by Stratasys, BambuLab USA is a required party under Fifth Circuit law.

Fifth Circuit cases applying Rule 19 in the context of absent subsidiaries have been clear and cannot be reconciled with Stratasys's position—when a subsidiary is the primary participant in complained of conduct, it is required under Rule 19(a). *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985); *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir.1981). Stratasys interprets the text of Rule 19 without reconciling it with this precedent, (Dkt. 43 at 10–12), and that is fatal to its argument. True, "it is not ***necessary*** for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) (emphasis added). But the Fifth Circuit has concluded that even if the underlying cause of action is a tort, a party ***could*** still be indispensable and required under Rule 19(a). *See Freeman*, 754 F.2d at 555 (finding the subsidiary a necessary party in a claim for conversion, *i.e.*, a tort).

Moreover, all this is beside the point as to Stratasys's allegations of direct and contributory infringement—this is not a joint tortfeasor situation. BambuLab USA is the only plausible entity to which such allegations can be directed. The Court need only determine that BambuLab USA is a "primary participant" in Stratasys's allegations for Rule 19 to control. *Dernick*, 639 F.2d at 199.

Here, BambuLab USA is the primary participant. Defendants' Opening Brief explains in detail why most of the allegations of direct and contributory infringement are necessarily

---

[1] Stratasys alleges contributory infringement based on alleged sales of the accused products "and/or other components (e.g., filament, automatic material system, build plates, etc.) in the United States and importing the" same products. (Dkt. 1 ¶¶ 31, 47, 63, 79, 95.) Any such activity would be directed to BambuLab USA, Inc. (*See* Jiang Decl., Dkt. 38-2 ¶¶ 9, 10.)

attributable to BambuLab USA, the entity solely responsible for U.S. sales. (Dkt. 38 at 5–6.) Stratasys's conclusory allegations that Defendants are acting "through" BambuLab USA are fundamentally deficient. Stratasys alleges no facts supporting the requisite control that it relies on, let alone facts that would support finding the named defendants were the "principal actor[s]" in this case. *Dernick*, 639 F.2d at 199.

Stratasys's arguments track unsuccessful arguments made by Orange Electronic in its case against Autel. There, the Court found that a foreign manufacturer does not commit direct patent infringement merely by selling products to its U.S. distributor subsidiary, even when those products ultimately reach U.S. customers. *Orange Elec. Co. Ltd. v. Autel Intelligent Tech. Corp., Ltd.*, No. 2:21-CV-00240-JRG, slip op. at 21–22 (E.D. Tex. Apr. 25, 2024). This Court rejected arguments that the manufacturer's knowledge and intent that products would end up in the United States could transform foreign sales into domestic ones for purposes of § 271(a). *Id.* at 19. Instead, the Court focused on where the substantial activities of the sales transaction occurred, including contract formation, delivery, and transfer of title. *Id.* at 17–18. This aligned with Federal Circuit precedent holding that "substantial activities of a sales transaction, including the final formation of a contract for sale encompassing all essential terms as well as the delivery and performance under that sales contract" must occur within the United States for direct infringement liability to attach. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1378 (Fed. Cir. 2016). Stratasys has made no plausible allegation that such sales activities were conducted by Defendants in the United States, so its direct infringement allegations can only be directed to BambuLab USA.

Stratasys cannot save its Complaint by arguing that conclusory allegations directed to Defendants generically show that BambuLab USA is not a necessary party. (*See* Dkt. 43 at 5–6.) Stratasys' argument should be rejected for multiple independent reasons. First, Stratasys **did**

3

expressly mention BambuLab USA in incorporating by reference BambuLab USA's website. (Compl., Dkt. 1 ¶ 11.) Second, Stratasys's arguments would allow any plaintiff to sidestep Rule 19 by simply using some generic alias and boilerplate language alleging action "through" the actual party engaged in the complained of conduct. And third, courts need not defer to the Plaintiff's carefully worded complaint on Rule 12(b)(7) motions to dismiss; indeed, that is why courts can consider matters outside the pleadings when ruling on these motions. *See Timberlake v. Synthes Spine, Inc.*, No. V-08-4, 2011 WL 2607044, at *2 (S.D. Tex. June 30, 2011) ("In ruling on a dismissal for lack of joinder of an indispensable party, a court may go outside the pleadings and look to extrinsic evidence." (citation omitted)). Here, Defendants put forth a declaration stating that many of the Complaint's allegations are really directed to BambuLab USA's conduct, and Stratasys offers no competing contradictory evidence or factual allegations in its pleadings, to boot.

To get an idea of the allegations missing from its Complaint that would properly allege the Defendants' direct involvement in the infringing activity, compare Stratasys's position with that of the Plaintiff in *August v. Boyd Gaming Corp.*, 135 F. App'x 731, 733 (5th Cir. 2005). In *August*, the parent company was alleged to have "operated the casino and that the personal injuries were a result of [its] negligence in knowing of the allegedly hazardous condition but failing to take necessary steps to correct it." *Id.* at 732. The Fifth Circuit, "based on evidence that [the parent] may have assumed a duty through contract to supervise and train employees and maintain the premises at the casino," concluded there were sufficient allegations to find the parent ***directly*** managed and operated the casino, supporting a theory of direct liability. *Id.* at 733.

In contrast, here, the Defendants' direct infringement liability is "derivative of and secondary to [BambuLab USA's] liability." *August*, 135 F. App'x at 733. Stratasys's conclusory allegations that Defendants act "directly and through subsidiaries or intermediaries" fall far short

4

of the specifics in *August*, like promises to supervise and train employees or non-conclusory allegations that suggest control. Unlike in *August*, which distinguished the present situation, here, Stratasys is "relying on [the Defendants'] mere status as the parent corporation in establishing its ground for tort liability," *id.* at 733, with respect to its claims of direct infringement and many of its contributory infringement allegations, too.

Rather than attempt to reconcile *Dernick*'s rule and *Freeman*'s holding with its position, Stratasys ignores those cases as well as the nuance in this Court's prior rulings to push for a categorical result, concluding that "[t]he same result reached in *Arigna*, *NorthStar*, *Stingray*, and *Assa Abloy* is dictated here." (Dkt. 43 at 10.) Stratasys misreads the Court's rulings to assert a subsidiary can **never** be "required" under Rule 19. And, given that earlier Fifth Circuit law has found subsidiaries can be required, *see Freeman*, 754 F.2d at 559, this cannot and is not the case, nor do this Court's past rulings say that. Each of this Court's prior decisions wrestled with the specific allegations in those cases that resulted in the subsidiary not being the "primary participant" (allegations which are absent from Stratasys's Complaint here).

The complaint in *Assa Abloy* had specific allegations showing how the parent is liable for the actions of its subsidiary. *Liberty Access Techs. Licensing LLC v. Assa Abloy AB*, No. 2:22-cv-00507, Dkt. 61 at 30. This Court identified allegations stating that the parent company "completely controls" the subsidiary, that the parent company's management "is exactly the same as the management of" the subsidiary, and that the parent company "determines the policies of" the subsidiary when explaining why that complaint actually alleged that the named defendants were "the principal actors in the infringing activities." *Id.* Indeed, the underlying complaint in *Assa Abloy* alleged that the parent company's subsidiaries were "alter egos" of the parent, making it "therefore responsible and liable for the activities performed by its subsidiaries." *Assa Abloy AB*,

5

No. 2:22-cv-00507, Dkt. 1 ¶¶ 38, 57, 77. It then went on to explain, in the alternative, that the parent was also liable under an "agency theory." *Id.* ¶¶ 39, 58, 78. In contrast to *Assa Abloy*'s allegations specifying how the parent is controlling the complained of activity, Stratasys' allegations are conclusory, asserting only that Defendants acted "through" their subsidiaries.

Similarly, in *Stingray IP Sols., LLC v. Signify N.V.*, the Court distinguished *Dernick* by arguing that the plaintiff had "***properly*** alleged that the parent . . . is responsible for the acts of its subsidiaries." No. 2:21-CV-00044-JRG, 2021 WL 9095764, at *6 (E.D. Tex. Oct. 25, 2021) (emphasis added). When discussing the parent's subsidiaries, the complaint alleged that it was "controlled" or "is the alter ego of one or more of the Signify Defendants," citing publicly available documents to support these allegations. *Stingray*, No. 2:21-CV-00044-JRG, Dkt. 15 ¶¶ 8, 10, 15, 19. The Complaint at issue in *Stingray* also alleged that the subsidiaries are "essentially the same company, and the Signify Defendants have the right and ability to control the infringing acts of subsidiaries in the Signify Group, . . . and the Signify Defendants receive a direct financial benefit from the infringement of those subsidiaries." *Id.* ¶ 75. Here, Stratasys's conclusory allegations that Defendants acted "through" subsidiaries falls far short of the specificity employed in *Stingray's* allegations. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Finally, in contrast to *NorthStar Sys. LLC v. Volkswagen AG* and *Arigna Tech. Ltd v. Bayerische Motoren Werke AG,* some of the allegations in Stratasys's Complaint are substantially directed to activities of BambuLab USA, as evidenced by allegations directed to BambuLab USA's website, (Dkt. 1 ¶ 11). Defendants' declaration elaborates on the pleaded facts, explaining that BambuLab USA is the sole entity responsible for sales to individual and commercial customers in

6

the United States, (Dkt. 38-2 ¶ 11.) Unlike in *NorthStar*, for example, the Complaint alleges direct infringement and contributory infringement that can only be directed against BambuLab USA. (*See* Dkt. 1 ¶¶ 31, 47, 63, 79, 95; *see also* Defs.'s Opening Br., Dkt. 38 at 5–7.)

### B.     Joinder is not feasible because venue is improper for BambuLab USA.

Because Stratasys offers no arguments that venue is proper for BambuLab USA in this District, the Court should conclude that joinder is not feasible. The facts here clearly do not support venue. No amount of discovery will change the fact that BambuLab USA has no place of business in this District—thus, the Court should deny the request for venue-related discovery.

Moreover, whether BambuLab could have waived its objection to improper venue is (1) irrelevant to whether venue is proper and thus irrelevant to determining whether joinder is feasible and (2) irrelevant to the Rule 19 analysis generally. Rule 19(b) inquires into "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." Fed. R. Civ. P. 19(b)(1). Because the absent person can always waive objections to personal jurisdiction and venue, consideration of their decision to not join should be given no weight—otherwise Rule 19 would be a nullity. Rather than adhere to Stratasys's nonbinding case law (none of which actually says courts can consider the decision not to join a suit in the context of Rule 19(b)[2]) this Court should "decline[] to allow these procedural subtexts to derail the analysis of the issues before the Court" because the "questions of whether venue is proper—and why certain parties were included or not—are unrelated to the issues of personal jurisdiction and joinder under

---

[2] *Biomedical Patent Mgmt. Corp. v. California, Dep't of Health Servs.*, 505 F.3d 1328, 1340 (Fed. Cir. 2007) does not mention Rule 19(b) at all. And *Innovative Display Techs. LLC v. Microsoft Corp.*, No. 2:13-cv-00783-JRG, Dkt. 54 at 10 (E.D. Tex. June 17, 2014) suggests the ***opposite*** conclusion, given that this Court noted if the party "does object to impleader on the basis of venue, the Court then will likely have to dismiss" the counterclaims. The Court further noted that it ***would*** consult Rule 19(b) if there was an objection, *id.*, making clear it had not done so yet.

Rule 19." *Stingray*, No. 2:21-CV-00044-JRG, 2021 WL 9095764, at *7.

### C. This action should be dismissed under the Rule 19(b) factors.

Stratasys ignores Rule 19(b)'s text, focusing on lengthy policy arguments, rather than providing this Court with reasoning that it can rely on. But "statutory interpretation is an exercise in reading, not writing." *Alexander v. Texas Dep't of Crim. Just.*, 951 F.3d 236, 245 (5th Cir. 2020). So, this Court should "not alter the text in order to satisfy [Stratasys's] policy preferences." *Id.* (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438 (2002)).

**Rule 19(b)(1).** BambuLab USA's absence will prejudice it. To combat this conclusion, Stratasys argues for an incorrect proposition of law—it effectively argues that because BambuLab USA's parent is one of the Defendants and they share counsel, there cannot be prejudice. But because the Fifth Circuit has noted circumstances where "[f]ailure to join the subsidiary . . . would be improper" *Dernick*, 639 F.2d at 199, and has held an absent subsidiary indispensable under Rule 19, *Freeman*, 754 F.2d at 559, a parent being a named defendant cannot categorically preclude a subsidiary from being indispensable. Indeed, the Fifth Circuit in *Freeman* found the subsidiary indispensable despite the resources it shared with its parent. There, the court found the subsidiary was indispensable even though the parent and subsidiary "operated as a consolidated corporation," maintaining accounts "in the same office by the same employees, who may have worn two hats but who received their salaries from one payroll." 754 F.2d at 557.

Stratasys's analysis also confuses the different statutory provisions of Rule 19. For example, it errantly quotes portions of cases that were analyzing Rule 19(a), not Rule 19(b). (*See, e.g.*, Dkt. 43 at 13–14 (quoting *NorthStar*, 2023 WL 5723648, at *4's discussion of whether the subsidiary's "absence would impair or impede [the subsidiary]'s ability to protect its interest," which is mostly verbatim language from Fed. R. Civ. P. 19(a)(1)(B)(i)).) Similarly, it summarizes Defendants' position with a series of short quotes, (*id.* at 14), and then claims this Court rejected

8

those arguments, (*id*. at 15), even though the *NorthStar* opinion does not expressly reject Defendants' arguments as being inapplicable to the analysis under Rule 19(b)(1). Instead, while the Court concluded there that the absent party was dispensable, it predominantly focused on whether it was required under Rule 19(a). *NorthStar*, No. 2:22-CV-00486-JRG, 2023 WL 5723648, at *4–5. A thorough treatment of the facts (as performed in Defendants' Opening Brief, (Dkt. 38 at 9–11)) shows that BambuLab USA is prejudiced by its absence in this case.

Finally, Stratasys argues that because it is unclear where courts would draw the line, they should not even consider the following as prejudicial: imposing injunctions against absent parties, damaging a source of supply, and having consequences that would impose costs on the party. (Dkt. 43 at 15.) But Stratasys's slippery-slope policy argument ignores the fact that Rule 19(b) provides "***factors*** for the court to consider." Here, the Court must consider Defendants' points regarding prejudice and weigh them collectively, for this is a factor test and doing so is necessary for the Court to make a determination based "in equity and good conscience." Fed. R. Civ. P. 19(b).[3]

**Rule 19(b)(2).** Given that this factor inquiries into "the extent to which any prejudice could be lessened or avoided" and Stratasys did not offer any ways of doing so, (Dkt. 43 at 16), this factor favors a finding of indispensability should the Court find any prejudice under Rule 19(b)(1).

Moreover, Stratasys continues to erroneously inject categorical, bright-line rules about someone's status as a "joint infringer" into this factor test; this is anti-textual and, thus, improper. Whether someone is a joint infringer is irrelevant to evaluating "the extent to which any prejudice could be lessened or avoided" under Rule 19(b)(2). Because there is prejudice to Defendants as

---

[3] To the extent Stratasys's notes about Defendants' disclosures merits a response: (1) the disclosure rule pertains to "potential parties," (Dkt. 35 at 1), which BambuLab USA is not because venue is improper in this District, and (2) *initial* disclosures are regularly supplemented during the case.

described above, and because Stratasys suggests no way of lessening or avoiding this prejudice, (Dkt. 43 at 16), this factor favors finding BambuLab USA is indispensable.

**Rule 19(b)(3).** Implicit in Stratasys's argument, that "[a]ny additional dispute that Plaintiff may have with BambuLab USA may be resolved in a separate suit with that entity," (Dkt. 43 at 16), is acknowledgment that there is potential for an inadequate judgment in *this* case. Because Rule 19(b)(3) only asks "whether a judgment rendered in the person's absence would be adequate," and not whether a party could cobble together disparate judgments to get an "adequate" one, Stratasys's admission favors an indispensability finding under this factor of Rule 19(b).

**Rule 19(b)(4).** Rule 19(b)(4) asks "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Here, the Western District of Texas can provide that remedy. This "final factor is one which, in the end," the Fifth Circuit "find[s] to be most persuasive the presence of an ***adequate forum*** if the action is dismissed." *Doty v. St. Mary Par. Land Co.*, 598 F.2d 885 (5th Cir. 1979) (emphasis added). In *Doty*, the adequate forum was a state forum, *id.*, and here, it is the Western District of Texas. *See generally BambuLab USA, Inc. v. Stratasys, Inc.*, No. 1:24-cv-01511-DII (W.D. Tex.). While the Fifth Circuit in *Doty* sought to explain why a *state* court was an adequate forum for a dispute that arose in a *federal* court, no such explanation is necessary here, for the forum able to adjudicate all parties is another federal court.

Stratasys's final policy argument, (Dkt. 43 at 17), is, again, inapposite to the Rule 19(b) analysis. The Plaintiff's choice of forum is irrelevant to "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder," particularly where, as here, there is another forum that can provide an adequate remedy under Rule 19(b)(4). Stratasys's argument wholly ignores the text of Rule 19(b). This factor, therefore, favors a finding of indispensability.

**III.   CONCLUSION**

Thus, Defendants ask this Court to dismiss Stratasys's Complaints in both cases.

10

Dated:  January 3, 2025                             Respectfully submitted,

*/s/ David M. Barkan*

Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
Brandon S. Avers (TX 24135660)
avers@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB
LIMITED, AND TUOZHU TECHNOLOGY
LIMITED

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 3, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ David M. Barkan*
David M. Barkan
