IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STRATASYS, INC., § § *Plaintiff*, § § v. § § SHENZHEN TUOZHU TECHNOLOGY § CO. LTD., SHANGHAI LUNKUO § TECHNOLOGY CO. LTD., BAMBULAB § LTD., and TUOZHU TECHNOLOGY § LIMITED, § § *Defendants*. § | | CASE NO. 2:24-CV-00644-JRG (LEAD CASE) |
| STRATASYS, INC., § § *Plaintiff*, § § v. § § SHENZHEN TUOZHU TECHNOLOGY § CO. LTD., SHANGHAI LUNKUO § TECHNOLOGY CO. LTD., BAMBULAB § LTD., and TUOZHU TECHNOLOGY § LIMITED, § § *Defendants*. § | | CASE NO. 2:24-CV-00645-JRG (MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss for Failure to Join Indispensable Party (the "Motion") filed by Defendants Shenzhen Tuozhu Technology Co. Ltd. ("Shenzhen Tuozhu"), Shanghai Lunkuo Technology Co. Ltd. ("Shanghai Lunkuo"), BambuLab Ltd. ("BLL"), and Tuozhu Technology Limited ("TTL") (collectively, "Defendants"). (Dkt. No. 38.) In the Motion, Defendants move to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b)(7). (*Id.* at 1.) Specifically, Defendants argue that BambuLab USA Inc. ("BambuLab") is an indispensable party under Federal Rule of Civil Procedure 19(a) which Plaintiff Stratasys, Inc.

("Plaintiff") must have joined as a defendant but did not. (*Id*.) Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **DENIED**.

## I.     BACKGROUND

On August 8, 2024, Plaintiff filed the Complaint for Patent Infringement (the "Complaint") against Defendants, alleging infringement of U.S. Patent No. 9,421,713, U.S. Patent No. 9,592,660, U.S. Patent No. 7,555,357, U.S. Patent No. 9,168,698, and U.S. Patent No. 10,556,381 (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶¶ 22–100.) Each of the Asserted Patents generally relates to three-dimensional printing. (*Id*. ¶¶ 24, 40, 56, 72, 88.)

Third-party BambuLab is the only American-based entity that is both related to Shenzhen Tuozhu and relevant to the Motion. (Dkt. No. 38 at 2.) BambuLab is a "Texas corporation with its sole place of business in Austin, Texas" and is a wholly owned subsidiary of Shenzhen Tuozhu. (*Id*.) In contrast, both Shenzhen Tuozhu and Shanghai Lunkuo are organized and exist under the laws of the People's Republic of China. (Dkt. No. 1 ¶¶ 2–4, 7.) Additionally, BLL and TTL are wholly owned subsidiaries of Shenzhen Tuozhu that are organized and exist under the laws of Hong Kong Sar, China. (*Id*. ¶¶ 4, 7.)

## II.    LEGAL STANDARD

"[A] Rule 12(b)(7) analysis entails two inquiries under Rule 19." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003). First, the Court must determine under Rule 19(a) whether a person should be joined to the lawsuit. *Id*. "If joinder is warranted, then the person will be brought into the lawsuit." *Id*. "But if such joinder would destroy the [C]ourt's jurisdiction," then the Court turns to Rule 19(b) and determines "whether to press forward without the person or to dismiss the litigation." *Id*.

> A party is necessary under Rule 19(a)(1) if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

### III.  ANALYSIS

In the Motion, Defendants argue that BambuLab is a "primary participant" in Plaintiff's infringement allegations that must be joined. (Dkt. No. 38 at 5; Dkt. No. 46 at 2.) Defendants assert that the Complaint's direct infringement allegations necessarily center on BambuLab as the company "is the only entity directly responsible for U.S. sales" of the various accused products identified in the Complaint (the "Accused Products"). (*Id*. at 6.) For support, Defendants note that https://store.bambulab.com/products—the website accused of enabling Defendants to sell the Accused Products in the United States (the "Website")—is operated by BambuLab. (*Id*. at 6 (citing Dkt. No. 1 ¶ 11).) Defendants further assert that Plaintiff's indirect infringement allegations highlight the criticality of BambuLab to this case's disposition. (*Id*. at 7.) Specifically, Defendants cite multiple paragraphs in the Complaint which plead that Defendants induce their subsidiaries to infringe the Asserted Patents. (*Id*. (citing Dkt. No. 1 ¶¶ 29, 45, 61, 77, 93).)

In Response, Plaintiff argues that BambuLab cannot be a "primary participant" because the "allegations in the Complaint here are clearly predicated on ***Defendant's own actions***." (Dkt. No. 43 at 4–6 (emphasis in original).) Plaintiffs point to multiple paragraphs in the Complaint which expressly accuse Defendants, not BambuLab, of direct and indirect infringement. (*Id*. at 5 (citing

Dkt. No. 1 ¶¶ 41, 45).) Plaintiff also disputes whether BambuLab is the sole entity responsible for all U.S. sales. (*Id*. at 3, 7.) Plaintiff notes that Defendants' Declaration in Support of Defendants' Motion (Dkt. No. 38-2) was signed by Mr. Jie Jang, the "Head of Sales – North America" for Shenzhen Tuozhu. (Dkt. No. 43 at 3.) Further, Plaintiff points out that the Website is operated out of China, not the U.S. (*Id*. at 7.)

Under Fifth Circuit law, if a "'subsidiary was the primary participant in the events giving rise to the lawsuit,' 'failure to join the subsidiary … would be improper.'" *NorthStar Sys. LLC v. Volkswagen AG*, No. 2:22-cv-00486-JRG, 2023 WL 5723648, at *5 (E.D. Tex. Sep. 5, 2023) (citing *Dernick v. Bralorne Res., Ltd.*, 639 F.2d 196, 199 (5th Cir. 1981)). Here, however, the Complaint alleges that Defendants infringe the Asserted Patents. (*See* Dkt. No. 1.) Further, this case is at a stage where the Court "must resolve controverted factual allegations in favor of [Plaintiff], rather than merely accept [Defendants'] argument" that they did not commit infringing acts in the U.S. *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-cv-00044-JRG, 2021 WL 9095764, at *6 (E.D. Tex. Oct. 25, 2021) (citation omitted). Defendants' argument that it is BambuLab, not Defendants, who sells the Accused Products in the U.S. is unavailing. Accordingly, the Court finds that BambuLab is not a "primary participant" that requires joinder.

To be sure, none of the Rule 19(a)'s provisions require Plaintiff to join BambuLab as a party to this case. Rule 19(a)(1)(A) does not apply to BambuLab as the Court can grant complete relief as to Plaintiff's patent infringement allegations against Defendants with only the currently joined parties. Indeed, Defendants either infringe the Asserted Patents or they do not. Defendants' argument that BambuLab is the only entity that could have directly infringed the patents does not persuade the Court otherwise. (*See* Dkt. No. 38 at 5 ("the direct infringement allegations center on the actions performed only by BambuLab").) As this Court has explained, "[t]he fact that

4

Plaintiff[] may have selected the incorrect defendant is not grounds to dismiss under 12(b)(7)." *Research Found. For State Univ. of New York v. Xiaomi Corp.*, No. 2:23-cv-00353-RWS-RSP, 2025 WL 923437, at *6 (E.D. Tex. Sep. 5, 2023). It would be more appropriate for Defendants to raise this argument in a motion for summary judgment. *See Id*.

Rule 19(a)(1)(B)(i) also does not apply to BambuLab because BambuLab is a wholly owned subsidiary of Shenzen Tuozhu, "so the interest of these two entities align." *NorthStar*, 2023 WL 5723648, at *4 (citing *Dine Citizens Against Running Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 852 (9th Cir. 2019) ("As a practical matter, an absent party's ability to protect its interest will not be impaired by its absence from the suit where its interest will be adequately represented by existing parties to the suit")). Further, BambuLab's "undeniable interest" in this litigation—the "potential" disruption of its supply chain—is speculative. (Dkt. No. 38 at 1.) Such speculation is insufficient to invoke Rule 19(a)(1)(B)(i). *See NorthStar*, 2023 WL 5723648 at *4.

Finally, Defendants do not argue BambuLab is a required party under Rule 19(a)(1)(B)(ii). The Court finds accordingly that BambuLab is not a required party under that provision either.

In light of the above, BambuLab is merely a permissive party. The Court does not need to and will not address the parties' arguments relating to Rule 19(b) since "the threshold requirements of Rule 19(a) have not been satisfied." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990).

Accordingly, Defendants' Rule 12(b)(7) challenge fails.

IV. **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion (Dkt. No. 38) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 29th day of May, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE