IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Defendants. | Civil Action No. 2:24-cv-00644-JRG<br>LEAD CASE<br><br>Civil Action No. 2:24-cv-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>STRATASYS, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00465-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION TO DISMISS
STRATASYS, INC.'S FIRST AMENDED COMPLAINT FOR
<u>PATENT INFRINGEMENT AND FALSE ADVERTISING</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. FACTUAL BACKGROUND ........................................................................................2

III. LEGAL STANDARD ....................................................................................................2

IV. ARGUMENT .................................................................................................................3

    A. Stratasys Lacks Statutory Standing Under *Lexmark*...........................................3

    B. Stratasys Fails to Plead the Statutory Elements of False Advertising ................5

    C. Bambu's Wiki is not Commercial Advertising or Promotion ...........................7

    D. Stratasys Does Not Plausibly Plead Materiality .................................................8

    E. Stratasys Does Not Plausibly Plead Injury .........................................................9

V. CONCLUSION ..............................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................3, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................3, 6

*Blue Star Press, LLC v. Sean Blasko*,
  No. SA-17-CA-111, 2018 WL 1904835 (W.D. Tex. March 6, 2018) ..................................4, 5

*I Love Omni LLC v. Omnitrition Int'l, Inc.*,
  No. 3:16-cv-2410, 2017 WL 1036662 (N.D. Tex. Mar. 17, 2017) ...........................................5

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014) ................................................................................................ 1, 2, 3, 4

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) .....................................................................................................3

*Moser v. Omnitrition Int'l Inc.*,
  No. 3:16-cv-2558-L, 2018 WL 1368789 (N.D. Tex. Mar. 16, 2018) ........................................5

*Mugworld, Inc. v. G.G. Marck & Assocs.*,
  No. 4:05cv441, 2007 U.S. Dist. LEXIS 62230 (E.D. Tex. Aug. 23, 2007) ..............................4

*Pizza Hut, Inc. v. Papa John's Int'l, Inc.*,
  227 F.3d 489 (5th Cir. 2000) ............................................................................................ 2, 8, 9

*R2 Invs. LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) .....................................................................................................3

*Serbin v. Ziebart Int'l Corp.*,
  11 F.3d 1163 (3d Cir. 1993) ......................................................................................................2

*Seven-Up Co. v. Coca-Cola Co.*,
  86 F.3d 1379 (5th Cir. 1996) ............................................................................................*passim*

*United States ex rel. Univ. Loft Co. v. Avteq, Inc.*,
  No. SA-14-CA-528-OLG, 2015 WL 13548950 (W.D. Tex. Dec. 22, 2015) ............................5

**Statutes**

15 U.S.C. § 1125(a) ........................................................................................................................1, 3

15 U.S.C. § 1125(a)(1)(B) ..................................................................................................................3

Lanham Act ................................................................................................................... 1, 4, 5

Lanham Act Section 43(a)(1)(B) ...........................................................................................6

**Other Authorities**

Rule 12(b)(6) ........................................................................................................................ 1, 3

**I.       INTRODUCTION**

Bambu respectfully moves to dismiss Count 6 (False Advertising under 15 U.S.C. § 1125(a)) of Stratasys's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6).

This is not a Lanham Act case. Yet Stratasys manufactures a false advertising claim from a mere technical patent dispute about the accused Bambu 3D printers. This claim fails, however, because the FAC never identifies the requisite concrete false or misleading statement made in commercial advertising or promotion. Instead, it points to **technical support documents** on a Wiki site and summarily declares that Bambu's interrogatory response on non-infringement undermines and negates those documents. That is not how false advertising works.

Statutory standing is absent as well. *Lexmark* requires a commercial injury and proximate causation, but the FAC pleads neither. And the case posture tells us why: (1) Stratasys is not seeking lost profits, and thus cannot plead a claim premised on diverted sales; and (2) Stratasys has also not identified a single Stratasys printer that any customer would have bought instead of Bambu's printers if it had not been for the challenged statements.

The FAC wholly fails at the threshold pleading stage. Bambu's Wiki is support documentation—like manuals and troubleshooting—for printer owners, not commercial advertising or promotion. The FAC pleads no facts showing that any challenged statement is commercial speech disseminated to the relevant purchasing public, rather than post-sale support content. And materiality is missing, too. There is no allegation that any identified consumer saw any challenged statement, relied on it, or changed a purchasing decision because of it.

All that is left is a litigation sound bite: because Bambu's discovery responses dispute Stratasys's mapping of specific patent claim language, Stratasys argues that Bambu's technical documentation must be false. But the Lanham Act is not a back door to claim construction or a

1

lever to tilt a patent suit. And because the FAC fails at the threshold for false advertising, that claim should be dismissed.

## II.   FACTUAL BACKGROUND

The FAC alleges patent infringement and false advertising. The false-advertising claim is based on a legally flawed theory. Stratasys gestures at snippets from Bambu's public-facing website and technical Wiki, and then asserts, in conclusory fashion, that these "advertisements" deceived customers and injured Stratasys. The core of Stratasys's claim is that these descriptions must be false because Bambu, in interrogatory responses in this case, denied that its products infringe Stratasys's patents. FAC ¶¶ 170–76.

## III.   LEGAL STANDARD

To have standing in a false-advertising claim, "a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014). *Lexmark* requires a plaintiff to "show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff. *Id.* at 1391. Thus, "only commercial plaintiffs or consumers with some discernible competitive injury have standing to sue under the [Lanham] Act." *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1383 (5th Cir. 1996) (citing *Serbin v. Ziebart Int'l Corp.*, 11 F.3d 1163, 1177 (3d Cir. 1993)).

To state a false-advertising claim in the Fifth Circuit, a plaintiff must plausibly allege: (1) a false or misleading statement of fact about a product; (2) the statement either deceived or had capacity to deceive substantial segment of potential consumers; (3) the deception was material, in that it was likely to influence a consumer's purchasing decision; (4) the product is in interstate commerce; and (5) the plaintiff has been or is likely to be injured as result of the statement. *Pizza*

*Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 494–95 (5th Cir. 2000) (citing 15 U.S.C. § 1125(a)(1)(B)).

In addition to the five requirements recited above, Section 1125(a) only reaches statements made "in commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). In the Fifth Circuit, speech qualifies if it is: (1) commercial speech; (2) by a defendant in commercial competition with the plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) disseminated sufficiently to the relevant purchasing public. *Seven-Up*, 86 F.3d at 1384.

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim. To survive, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"—more than allegations "merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)(internal quotes omitted)). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555. Courts "will not strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## IV.   ARGUMENT

### A.   Stratasys Lacks Statutory Standing Under *Lexmark*

The FAC fails to adequately plead injury necessary for standing. To sue for false advertising, a plaintiff must plausibly allege both (i) an injury within the statute's zone of interests (commercial interest in reputation or sales), and (ii) proximate causation. *Lexmark*, 572 U.S. at

3

1390. It must also "show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1391. Stratasys's FAC does none of these things.

The FAC does not allege any actual harm to Stratasys's reputation or sales, nor any facts showing such injury flowed from a specific challenged statement. Indeed, the FAC does not identify lost customers, lost sales, diverted orders, diminished market share, reputational harm, price erosion, or any other concrete commercial injury, let alone tie an injury to a particular statement, audience, or exposure. Instead, Stratasys pleads the bare legal conclusion that "[d]efendants' actions have caused Stratasys injury, including to its commercial and business interests." FAC ¶ 178. By not factually pleading a discernible competitive injury, Stratasys lacks standing to pursue a false advertising claim. *Seven-Up*, 86 F.3d at 1383.

Given the litigation history, the pleading's shortcomings make sense for two reasons. First, Stratasys is not seeking lost profits in this case. *See* Ex. A (Email from C. Tatum to A. Pirouznia ("Stratasys is not seeking lost profits in this case.")). And having disclaimed lost profits, Stratasys cannot plausibly argue that the challenged statements diverted sales from Stratasys or deprived it of customers. Second, Stratasys has not alleged that the parties compete for the same customers. *See Mugworld, Inc. v. G.G. Marck & Assocs.*, No. 4:05cv441, 2007 U.S. Dist. LEXIS 62230, at *17 (E.D. Tex. Aug. 23, 2007) ("[T]he Lanham Act seeks to prohibit competitors from engaging in unfair conduct involving any sort of ***actual or potential deception of their shared customers***.") (emphasis added). In fact, Stratasys has not identified a single Stratasys printer that any consumer would have purchased—but for the challenged statements—instead of Bambu's printers.

Courts have dismissed similarly deficient claims. In *Blue Star Press, LLC v. Sean Blasko*, No. SA-17-CA-111, 2018 WL 1904835 (W.D. Tex. March 6, 2018), the Magistrate Judge

4

recommended dismissing a false advertising claim because of plaintiff's "obviously conclusory" allegation that it has "been commercially damaged and is likely to have been injured as a direct and proximate result of [the defendant's] unfair competition." *Id.* at *5. The Magistrate Judge also found that the plaintiff did "not allege how any of [the defendant]'s alleged conduct took away from [plaintiff]'s market share." *Id.* at *6. The conclusory allegations in this case fare no better.

Similarly, in *I Love Omni LLC v. Omnitrition Int'l, Inc.*, No. 3:16-cv-2410, 2017 WL 1036662, at *6 (N.D. Tex. Mar. 17, 2017), the court dismissed a Lanham Act claim for lack of standing because "the plaintiffs [did] not provide any facts regarding their alleged injuries." And in *Moser v. Omnitrition Int'l Inc.*, No. 3:16-cv-2558-L, 2018 WL 1368789, at *5 (N.D. Tex. Mar. 16, 2018), the court dismissed a Lanham Act claim because "Plaintiffs' only allegation of injury is that [defendant's] 'commercial statements are false or misleading and likely to deceive which in turn caused material injury to Plaintiffs.'" Further, in *United States ex rel. Univ. Loft Co. v. Avteq, Inc.*, No. SA-14-CA-528-OLG, 2015 WL 13548950, at *10 (W.D. Tex. Dec. 22, 2015), the Magistrate Judge recommended dismissing the Lanham Act claim because, "[a]lthough plaintiff conclusorily alleges it has 'suffered injury to its commercial interest in sales caused by [defendants'] false advertising,' plaintiff has not pleaded a particularized statement of facts to show a direct and material correlation between the defendants' alleged false advertising and what loss the plaintiff suffered."

Here, because the FAC does not plead a cognizable commercial injury or proximate causation, the false advertising claim should be dismissed for lack of statutory standing.

      **B.**    **Stratasys Fails to Plead the Statutory Elements of False Advertising**

Stratasys fails to plead the requisite false or misleading statement of fact made to consumers, dooming its claim. *Seven-Up*, 86 F.3d at 1383 n.3. In over sixty-two paragraphs, the FAC recites product descriptions from Bambu's website and online Wiki (FAC ¶¶ 22–84), but it

5

never identifies a single statement that Stratasys alleges is false or misleading, let alone why they are supposedly false or misleading. Instead, the FAC pivots to discovery: Stratasys asserts that Bambu's response to Interrogatory No. 2 "undermine[s] and negate[s] the statements made by Defendants in their advertising and marketing materials available publicly on their website and their Wiki site." FAC ¶ 173. That conclusory allegation is untethered to any particular consumer-facing statement or factual explanation of falsity and/or confusion. Nor does Stratasys ever plead that it believes Bambu's public statements are false or confusing. Stratasys's threadbare assertions are thus, at best, formulaic recitations of the elements of a cause of action and therefore insufficient, even at the pleading stage. *Twombly*, 550 U.S. at 555.

The defect is substantive. The interrogatory response on which Stratasys relies is a response to the Stratasys's application of specific patent claim terms and limitation language that Stratasys invokes in its infringement theory. Importantly, the claim language addressed in Bambu's discovery responses does not appear in the public Bambu statements that Stratasys relies upon as allegedly constituting false advertising (compare FAC ¶¶ 22–84 with ¶ 169). A litigation position denying that a product practices a specific claim limitation, which was asserted before claim construction and in response to infringement contentions, simply does not relate to a description in a product Wiki that is completely divorced from the patents, let alone the claim language at issue. Put differently: Bambu's interrogatory response represents a dispute about claim scope and mapping, while a product Wiki is a practical description for product users who are not referring to any particular claim language.

With discovery ongoing and claim construction not yet complete, using an interrogatory answer to label public product descriptions false or misleading is a manufactured cause of action

that facially mixes apples and oranges. Section 43(a)(1)(B) of the Lanham Act requires plausible facts showing why the challenged statements are false or misleading. The FAC provides none.

### C. Bambu's Wiki is not Commercial Advertising or Promotion

The FAC relies on Bambu's public Wiki, but the Wiki is a documentation and support knowledge base, not advertising. Section 43(a) applies only to statements made "in commercial advertising or promotion," which in the Fifth Circuit requires commercial speech disseminated to the relevant purchasing public. *Seven-Up*, 86 F.3d at 1384. Rather than disseminate information to the purchasing public, Bambu's Wiki houses manuals, setup instructions, troubleshooting, tuning, firmware notes, and customer-support content aimed at users operating printers **they already own**. On the Wiki's homepage (https://wiki.bambulab.com/en/home) to which Stratasys cites, the sidebar table of contents emphasizes categories such as "Troubleshooting Guides," "Maintenance Guides," "Customer Support," and "Glossary," which confirms a support purpose rather than a sales pitch. FAC ¶¶ 96, 112, 128, 144, 160. This page also clearly states that the intended audience is users that already own a printer: "The Bambu Lab Academy is the perfect way to learn more about *your Bambu Lab printer and the software related to it.*" (Emph. added).



The product-specific pages that Stratasys cites also function as documentation. For example, the X1 Series "Replacing the Heatbed Unit V3" page (https://wiki.bambulab.com/en/x1/maintenance/Replacing-the-heat-bed-v3) provides step-by-step maintenance instructions and contains no pricing, shopping cart, "Buy Now," or checkout flow. FAC ¶¶ 52-55; *see also* Ex. B (printout of the Replacing the Heatbed page). Indeed, many of the Wiki pages that Stratasys cites are categorized as "troubleshooting" or "maintenance" pages. *See* FAC ¶¶ 52-55 (citing to https://wiki.bambulab.com/en/x1/maintenance/Replacing-the-heat-bed-v3), 62 (citing to https://wiki.bambulab.com/en/a1/troubleshooting/homing-leveling-failure), 63 (citing to https://wiki.bambulab.com/en/h2/troubleshooting/hmscode/0300_2500_0001_0003). Stratasys identifies no links on the cited Wiki pages that allow customers to directly purchase any product. Indeed, none appear on those pages. This is unsurprising, as the Wiki content is technical support documentation, not advertising.

While Stratasys describes the Wiki as "public-facing" (FAC ¶ 86), public accessibility is not dissemination to the relevant purchasing public as required by *Seven-Up*. Indeed, the Wiki fails the first and fourth *Seven-Up* factors: it is not commercial speech, and it is not spread to the relevant purchasing public. Because the statements cited by Stratasys originate from an online technical support repository rather than "commercial advertising or promotion," the false advertising claim fails and should be dismissed. *Seven-Up*, 86 F.3d at 1384.

   D.   **Stratasys Does Not Plausibly Plead Materiality**

The FAC fails to plead the requisite materiality. A statement is material if it is "likely to influence a consumer's purchasing decision." *Pizza Hut*, 227 F.3d at 495. But once again Stratasys's theory consists of a single formulaic paragraph: Stratasys alleges (upon information and belief) that Bambu's "false, misleading, and deceptive statements were material to the

8

customers' purchasing decisions and either did influence or had a substantial likelihood of influencing their purchasing decisions." FAC ¶ 177. These are labels and conclusions; not facts.

The FAC says nothing about how the statements moved demand: it does not allege what motivated any consumer to buy, whether, or to what extent, consumers relied on the statements, or how the supposed misrepresentations diverge from the facts. And because the statements originate from a technical support Wiki rather than in advertising, the FAC does not plausibly allege that *prospective* purchasers were the audience in the first place, let alone that the statements influenced their decisions. *See Pizza Hut*, 227 F.3d at 495.

Stratasys's conclusory assertions do not satisfy its pleading obligations. *Ashcroft*, 556 U.S. at 678. With no facts showing how any statement likely influenced a purchasing decision, the materiality element fails.

### E.  Stratasys Does Not Plausibly Plead Injury

The FAC also fails to plead an injury. To sufficiently plead a false advertising claim, Stratasys needed to plausibly plead that it has been or is likely to be injured as result of the statement. But as explained in § IV.A above, Stratasys merely states that "[d]efendants' actions have caused Stratasys injury, including to its commercial and business interests"—without any facts to support this naked assertion. FAC ¶ 178. Stratasys's conclusory assertions do not satisfy its pleading obligations. And with no facts showing how the challenged statements injured Stratasys, the injury element fails.

### V.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant this motion to dismiss Count 6 of Stratasys's First Amended Complaint.

9

Dated: October 1, 2025

Respectfully submitted,

*/s/ Michael A. Vincent*
Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
Philip G. Brown (TX 24132695)
pgbrown@fr.com
Brandon S. Avers (TX 24135660)
avers@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

Julie Metkus (TX 24134535)
metkus@fr.com
FISH & RICHARDSON P.C.
One Eleven Congress
111 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 472-5070

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB

10

LIMITED, TUOZHU TECHNOLOGY
LIMITED, AND BAMBULAB USA, INC.

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on October 1, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Michael A. Vincent*
Michael A. Vincent