# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STRATASYS, INC., § § *Plaintiff*, § § v. § § SHENZHEN TUOZHU TECHNOLOGY § CO. LTD., SHANGHAI LUNKUO § TECHNOLOGY CO. LTD., BAMBULAB § LTD., and TUOZHU TECHNOLOGY § LIMITED § § *Defendants*. § | | CASE NO. 2:24-CV-00644-JRG (LEAD CASE) |
| STRATASYS, INC., § § *Plaintiff*, § § v. § § SHENZHEN TUOZHU TECHNOLOGY § CO. LTD., SHANGHAI LUNKUO § TECHNOLOGY CO. LTD., BAMBULAB § LTD., and TUOZHU TECHNOLOGY § LIMITED § § *Defendants*. § | | CASE NO. 2:24-CV-00645-JRG (MEMBER CASE) |
| BAMBULAB USA, INC., SHENZHEN § TUOZHU TECHNOLOGY CO. LTD., § SHANGHAI LUNKUO TECHNOLOGY § CO. LTD., BAMBULAB LIMITED, § TUOZHU TECHNOLOGY LIMITED, § § *Plaintiffs*, § § v. § § STRATASYS, INC., § § *Defendant*. § | | CASE NO. 2:25-CV-00465-JRG (MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are three Motions to Compel: (a) the Motion to Compel Defendants' Could Source Code (the "First Motion") (Dkt. No. 57) filed by Plaintiff Statasys, Inc. ("Plaintiff"); (b) the Motion to Compel Documents Relating to Prior Art Systems and Practicing Products (the "Second Motion") (Dkt. No. 60) filed by Defendants Shenzhen Tuozhu Technology Co., Ltd., Shanghai Lunkuo Technology Co., Ltd., Bambu Lab Limited, and Tuozhu Technology Limited ("Defendants"); and (c) the Motion to Compel Emails of Dr. Ye Tao (the "Third Motion") (Dkt. No. 82) filed by Plaintiff. Having considered the Motions and their related briefing, and for the reasons set forth herein, the Court finds that the First and Second Motion should be **DENIED** and that the Third Motion should be **GRANTED**.

**I.    LEGAL STANDARD**

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party

resisting discovery to show specifically why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id*.

## II.     ANALYSIS

### (a) The First Motion (Dkt. No. 57)

In the First Motion, Plaintiff moves to compel Defendants to produce "Cloud Code." (Dkt. No. 57 at 2). However, and since Plaintiff filed the First Motion, the parties have jointly represented to the Court that the First Motion is fully "resolved." (Dkt. No. 103).

Accordingly, and based on the parties' joint representation, the Court finds that the First Motion (Dkt. No. 57) should be **DENIED AS MOOT**.

### (b) The Second Motion (Dkt. No. 60)

In the Second Motion, Defendants move to compel Plaintiff to produce several categories of documents. (Dkt. No. 60 at 2–5). The Court addresses each below.

#### *(1) Prior art product and practicing product documents*

Defendants first argue that the Court should compel Plaintiff to produce two (2) categories of documents: prior art product documents and practicing product documents. (Dkt. No. 60 at 3–4). However, and since Defendants filed the Second Motion, the parties have jointly represented that Plaintiff has produced these requested documents. (Dkt. No. 101 at 3). For that reason, Defendants have represented that they are "willing to withdraw the first two requests" in the Second Motion "without prejudice." (*Id*.).

Accordingly, and in light of the parties' representations, the Court finds that the Second Motion should be **DENIED WITHOUT PREJUDICE** as to prior art product and practicing product documents.

3

### (2) *UltiMaker documents*

Defendants then argue that the Court should compel Plaintiff to produce relevant documents of its affiliate, UltiMaker. (Dkt. No. 60 at 5). Defendants assert that UltiMaker is contractually obligated to "generally do everything possible to aid" Plaintiff in enforcing the Asserted Patents. (*Id*. at 5–6). Defendants also point out that Plaintiff has a 46.5% ownership stake in UltiMaker. (*Id*.). According to Defendants, "the combination of corporate ownership and UltiMaker's contractual obligations" gives Plaintiff the requisite control over UltiMaker to warrant compulsion. (*Id*.).

Plaintiff argues in response that Defendants' arguments are "spun from whole cloth." (Dkt. No. 65 at 6). As support, Plaintiff contends that it does not have any ownership in UltiMaker, let alone an ownership stake that would provide sufficient control over the requested documents for compulsion purposes. (*Id*. at 7). Plaintiff further insists that UltiMaker has no obligation to aid Plaintiff. (*Id*.).

The Court agrees with Plaintiff. As an initial matter, Defendants have not shown that Plaintiff has a contractual right to obtain the UltiMaker documents. Indeed, UltiMaker is not privy to the contract cited by Defendants. (*See* Dkt. No. 60-2). Rather, the contract provides that only MakerBot Industries, LLC must "generally do everything possible to aid" Plaintiff and Plaintiff's successors and assigns. (*Id*.). Additionally, Defendants have not shown that Plaintiff controls the requested documents through its alleged minority ownership of UltiMaker. *See Ultravision Technologies, LLC v. Govision, LLC*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 10692707, at *2 (E.D. Tex. Jul. 18, 2020). Under these facts, compulsion is improper.

Accordingly, the Court finds that the Second Motion (Dkt. No. 60) should be **DENIED** as to the UltiMaker documents.

### (c) The Third Motion (Dkt. No. 82)

In the Third Motion, Plaintiff argues that the Court should compel Defendants to produce "a certain subset of emails from Dr. Ye Tao," Defendants' founder and CEO. (Dkt. No. 82 at 1). Plaintiff asserts that Defendants have improperly withheld the emails on the grounds that the emails have "heightened sensitivity." (Dkt. No. 82 at 4; Dkt. No. 101 at 5; Dkt. No. 82-1 at 1). According to Plaintiff, "Defendants have no legal basis" to prevent discovery. (Dkt. No. 82 at 6).

Defendants respond by arguing that they only object to producing a subset of its CEO's emails, rather than CEO emails categorically. (Dkt. No. 92 at 4). According to Defendants, they "merely seek[] to emphasize the sensitive nature of the custodians at issue" and to tailor Plaintiff's "overbroad" search terms for Dr. Tao's emails. (*Id*. at 5; Dkt. No. 101 at 5).

The Court agrees with Plaintiff. As stated above, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Here, Defendants have not disputed that the emails are relevant. (*See* Dkt. No. 92 at 5; Dkt. No. 101 at 5). Further, and given that "Dr. Tao's emails have already been collected and searched," discovery is proportional to the needs of the case. (Dkt. No. 82 at 5, n. 3). The emails are therefore discoverable.

Moreover, Defendants have not shown that discovery is impermissible here. For example, while Defendants argue that CEO emails have "heightened sensitivity," they fail to cite any legal authority showing that such sensitivity precludes discovery. (Dkt. No. 101 at 5). Further, the search terms are not "overbroad." (Dkt. No. 92 at 5). The disputed search terms generated an amount of hits (1,166) that is almost 10X less than the maximum amount of hits per search term agreed upon by the parties (10,000). (Dkt. No. 82 at 3).

Accordingly, the Court finds that the Third Motion (Dkt. No. 82) should be **GRANTED**.

5

## III.  CONCLUSION

For the reasons above, the Court finds that the First Motion (Dkt. No. 57) and the Second Motion (Dkt. No. 60) should be and hereby are **DENIED**.  The Court further finds that the Third Motion (Dkt. No. 82) should be and hereby is **GRANTED**.  Accordingly, the Court **COMPELS** Defendants to produce Dr. Yao's emails that are responsive to Plaintiff's search terms with ten (10) days from the date of this Order.

**So Ordered this**

**Nov 10, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE