# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STRATASYS, INC., § § *Plaintiff*, § § v. § § SHENZHEN TUOZHU TECHNOLOGY § CO. LTD., SHANGHAI LUNKUO § TECHNOLOGY CO. LTD., BAMBULAB § LTD., *and* TUOZHU TECHNOLOGY § LIMITED, § § *Defendants*. § | | CASE NO. 2:24-CV-00644-JRG (LEAD CASE) |
| STRATASYS, INC., § § *Plaintiff*, § § v. § § SHENZHEN TUOZHU TECHNOLOGY § CO. LTD., SHANGHAI LUNKUO § TECHNOLOGY CO. LTD., BAMBULAB § LTD., *and* TUOZHU TECHNOLOGY § LIMITED, § § *Defendants*. § | | CASE NO. 2:24-CV-00645-JRG (MEMBER CASE) |
| BAMBULAB USA, INC., SHENZHEN § TUOZHU TECHNOLOGY CO. LTD., § SHANGHAI LUNKUO TECHNOLOGY § CO. LTD., BAMBULAB LIMITED, *and* § TUOZHU TECHNOLOGY LIMITED, § § *Plaintiffs*, § § v. § § STRATASYS, INC., § § *Defendant*. § | | CASE NO. 2:25-CV-00465-JRG (MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Amend the Protective Order to Reasonably Increase the Source Code Printout Limit (the "Motion") filed by Defendants Shenzhen Tuozhu Technology Co. Ltd., Shanghai Lunkuo Technology Co. Ltd., BambuLab Limited, and Tuozhu Technology Limited ("Defendants"). (Dkt. No. 75). In the Motion, Defendants seek to amend the Protective Order entered in this case (Dkt. No. 36) to increase the source code page limit from 300 pages to 500 pages. (Dkt. No. 75 at 9). Having considered the Motion and its related briefing, and for the reasons provided herein, the Court finds that it should be **GRANTED AS MODIFIED**.

I.   BACKGROUND

The Protective Order entered in this case provides that "The receiving Party shall be permitted to make printouts of Source Code Material . . . however, the receiving Party shall presumptively be limited to *no more than 300 unique pages of printed code*." (Dkt. No. 36 ¶ 11(h) (emphasis added)).

II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows the court to enter a protective order to protect a party's confidential information, among other things. Fed. R. Civ. P. 26(c)(1). "The court enjoys broad discretion in entering and modifying any such order." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *2 (E.D. Tex. Sept. 18, 2008) (internal citations omitted). In deciding whether to modify a stipulated protective order, courts generally consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." *Id.* (internal citations and quotation marks omitted).

**III.   ANALYSIS**

There is no dispute that the Protective Order should be modified to increase the page limit for source code production. (*See* Dkt. No. 76 at 4). Rather, the parties only dispute what constitutes a "reasonable" page limit. (*Id.*)

In the Motion, Defendants argue that the page limit should be increased from 300 pages to 500 pages, not 3,000 pages as proposed by Plaintiff Stratasys, Inc. ("Plaintiff"). (Dkt. No. 75 at 9). Defendants assert that, while Plaintiff "may obtain a reasonable number of additional pages for good cause," Plaintiff has not made such a showing to justify its "demand" for a 10X increase in page limits. (*Id.* at 7–8). As support, Defendants note that Plaintiff consented to the initial 300-page limit despite knowing the scope of this case (124 claims asserted against 10 accused products). (*Id.* at 5–6, 8).

Plaintiff argues in response that its proposed 3,000-page limit for source code production is warranted here. (Dkt. No. 76 at 11). Specifically, Plaintiff points out that, after Defendants represented that the initial 300-page limit would be "more than sufficient," they produced more than 350,000 source code files. (*Id.* at 1 (citing Dkt. No. 76-1)). Plaintiff insists that its request is conservative considering Defendants' production as the 3,000-page limit is less than one (1) percent of the 350,000 source code files. (*Id.* at 6, 9–10). Plaintiff also justifies its request by noting that each accused product has "its own standalone code base." (*Id.* at 2).

The *Raytheon* factors support taking a middle-ground approach. At the time the parties stipulated to the current Protective Order, both parties knew the size of this case. However, Plaintiff could not have foreseen the volume of source code produced by Defendants, especially in light of Defendants' representations. (*See* Dkt. No. 76-1). At the same time, Plaintiff has not pointed to any case where the Court has found sufficient good cause to justify a 10X increase in

page limits for source code. (*See* Dkt. No. 76 at 9 (citing *Personalized Media Communications, LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG-RSP, Dkt. No. 226 at 1)).

Accordingly, and under these facts, the Court finds that a 1,200-page limit for source code production is appropriate.

## IV. CONCLUSION

Having considered the Motion and its related briefing, and for the reasons provided herein, the Court finds that the Motion should be **GRANTED AS MODIFIED**. Accordingly, the Court hereby **ORDERS** that paragraph 11(h) of the Protective Order (Dkt. No. 36) be amended as follows:

> The receiving Party shall be permitted to make printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed; however, the receiving Party shall presumptively be limited to no more than 1,200 unique pages of printed code. To the extent the receiving Party believes it needs additional pages of printed code, the parties shall meet and confer in good faith and seek to resolve an agreeable volume of specific code to be printed. If the parties are unable to resolve the dispute, then the receiving Party may seek leave from the Court for additional printed pages.

**So Ordered this**

**Nov 10, 2025**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

4