# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STRATASYS, INC.,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LTD., *and* TUOZHU TECHNOLOGY LIMITED,<br><br>　　　　*Defendants*. | §§§§§§§§§§§§§§§ | CASE NO. 2:24-CV-00644-JRG<br>(LEAD CASE) |
| STRATASYS, INC.,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LTD., *and* TUOZHU TECHNOLOGY LIMITED,<br><br>　　　　*Defendants*. | §§§§§§§§§§§§§§§ | CASE NO. 2:24-CV-00645-JRG<br>(MEMBER CASE) |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LIMITED, *and* TUOZHU TECHNOLOGY LIMITED,<br><br>　　　　*Plaintiffs*,<br><br>v.<br><br>STRATASYS, INC.,<br><br>　　　　*Defendant*. | §§§§§§§§§§§§§§§ | CASE NO. 2:25-CV-00465-JRG<br>(MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion for Leave to Amend Joint Claim Construction and Prehearing Statement (the "Motion") filed by Defendants Shenzhen Tuozhu Technology Co. Ltd., Shanghai Lunkuo Technology Co. Ltd., BambuLab Ltd., and Tuozhu Technology Limited ("Defendants"). (Dkt. No. 95). In the Motion, Defendants move for leave to amend the Joint Claim Construction and Prehearing Statement ("JCC") (Dkt. No. 78) to raise indefiniteness arguments for two (2) claim terms. (Dkt. No. 107 at 1). Specifically, Defendants seek to amend their proposed construction of "determining an operational parameter" (the "Term") as recited by claim 1 and 12 of U.S. Patent No. 11,167,464 (the "'464 Patent") as being indefinite. (Dkt. No. 107 at 1). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **DENIED**.

**I.    BACKGROUND**

Initially, Defendants' P.R. 3-3 disclosures defined the Term as indefinite. (Dkt. No. 95-4 at 4–5). On August 20, 2025, however, Defendants' P.R. 4-2 disclosures dropped this argument. (Dkt. No. 102-2 at 4). Instead, the P.R. 4-2 disclosures proposed a definition of the Term to mean "automatically determining an operational parameter." (*Id.*). Then, on September 10, 2025, Defendants continued to propose this definition of the Term in the parties' JCC. (*See* Dkt. No. 78-2 at 3).

On October 6, 2025, and after the close of claim construction discovery, the Patent Trial and Appeal Board ("PTAB") denied institution of review for the '464 Patent on the asserted grounds that the Term is indefinite. (Dkt. No. 95 at 1; Dkt. No. 87 at 2; Dkt. No. Dkt. No. 95-2

2

at 17–18). In light of the PTAB's decision, Defendants then moved for leave to amend the JCC to return to and reassert their prior indefiniteness argument.[1]  (Dkt. No. 95).

## II.   LEGAL STANDARD

"Once a scheduling order has been entered in a case and a deadline has been set for filing amended pleadings, the decision whether to permit a post-deadline amendment is governed by Fed. R. Civ. P. 16(b)." *Allergan, Inc. v. Teva Pharms. USA, Inc.*, No. 2:15-CV-1455-WCB, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017) (citing *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)). "Under Rule 16(b)(4), a motion to modify the scheduling order by permitting the filing of an amended pleading after the deadline in the scheduling order may be granted 'only for good cause and with the judge's consent.'" *Id.*

"The party seeking to modify a scheduling order has the burden to show good cause." *Id.* "The Fifth Circuit has directed that in deciding whether to permit amendments to the pleadings after the deadline for such amendments, district courts should consider '(1) the explanation for the party's failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* (quoting *United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016)).

## III.   ANALYSIS

The parties dispute each of the good cause factors.  The Court addresses each in turn.

---

[1] Defendants' conduct calls to mind a quote from former British Prime Minister Winston Churchill, when he said: "Anyone can rat, but it takes a certain amount of ingenuity to re-rat."  This denotes one's betrayal or reversal of previously held views, often for personal betterment.  Churchill is said to have used this expression in response to criticism that he started in politics as a Conservative, then switched to the Liberals, and later returned to the Conservatives. *See* http://winstonchurchill.org/resources/quotes/re-rat/.

3

**(a) The explanation for Defendants' failure to timely move for leave to amend**

The parties first dispute from when Defendants' failure to timely move for leave should be measured. (Dkt. No. 102 at 10; Dkt. No. 107 at 4).

Defendants argue that their delay should be measured from when the PTAB issued its decision (October 06, 2026). (*See* Dkt. No. 107 at 4; Dkt. No. 95 at 2). Defendants reason that this measurement is appropriate "where there are material new developments as there are here." (Dkt. No. 107 at 4). Defendants assert that, if their delay is measured from October 06, 2025, Defendants had "no delay" because they "immediately" informed Plaintiff that "the parties should address the PTAB's finding in their *Markman* briefing." (Dkt. No. 95 at 3).

Conversely, Plaintiff maintains that Defendants' delay should be measured from the deadlines for Defendants to submit their invalidity contentions (January 30, 2025) and claim construction disclosures (July 30, 2025). (Dkt. No. 102 at 10). As support, Plaintiff notes that Defendants dropped their indefiniteness arguments in their P.R. 4-2 disclosures on August 20, 2025. (*Id*. at 5). According to Plaintiffs, for "over more than two [(2)] months, Defendants had an opportunity to identify the four terms for construction as indefinite and chose not to do so." (*Id*. at 10).

The Court finds that Defendants' delay should be measured from when they dropped their indefiniteness arguments for the Term on August 20, 2025. (*See* Dkt. No. 102-2 at 4). The Local Patent Rules prevent parties from taking a "'shifting sands' approach to claim construction." *Seven Networks, LLC v. Google LLC*, No. 2:17-cv-00442-JRG, 2018 WL 4501952, at *1 (E.D. Tex. Jul. 11, 2018) (collecting cases). Here, Defendants have asserted, dropped, and now seek to reassert indefiniteness for the Term. (*See* Dkt. No. 95-4 at 196–197; Dkt. No. 102-2 at 4; Dkt. No. 95). This flip-flop approach is precisely what the Local Patent Rules seek to prevent.

Moreover, Defendants have not shown that leave is warranted under this factor. *See Allergan*, 2017 WL 1512334 at *2 ("The party seeking to modify a scheduling order has the burden to show good cause"). Defendants have not provided any explanation for why they now seek to reassert indefiniteness after having dropped it. Instead, Defendants simply insist that "[t]here was no delay." (Dkt. No. 95 at 3). This argument is insufficient.

Accordingly, the Court finds that the first factor strongly weighs against granting leave.

### (b) The importance of the amendment

Defendants next argue that the proposed amendments are important. (Dkt. No. 95 at 3). As support, Defendants assert that PTAB institution decisions are a part of the intrinsic evidence that the Court should consider during claim construction. (*Id*. at 3–4 (citations omitted)).

Plaintiff downplays the significance of the PTAB's decision in response. (Dkt. No. 102 at 14). Specifically, Plaintiff asserts that the "PTAB's discussion of claim construction is merely dicta, as it was not necessary to the PTAB's denial of institution or the parties' dispute." (Dkt. No. 102 at 14).

The PTAB's finding that the Term is indefinite is more than "merely dicta." (*Id*.). The Board denied institution "on [the] basis" that "the scope of claim 1 is ambiguous."[2] (Dkt. No. 95-2 at 11, 18). However, claim interpretations "by the PTAB [are] not binding on this Court but [are] persuasive." *Oyster Optics, LLC v. Cisco Sys., Inc.*, No. 2:20-cv-211-JRG, 2021 WL 1784378, at *19 (E.D. Tex. May 4, 2021). While the PTAB's finds are material, they are not binding and are afforded less weight than what would otherwise be given to a binding source of authority.

Accordingly, the Court finds that this factor weighs in favor of granting leave, but only slightly.

---

[2] The Court notes that ambiguous is note the same as indefinite.

5

### (c) The potential prejudice in allowing the amendment and the cure for such prejudice

Defendants then argue that Plaintiff "will not be prejudiced" by its proposed amendments to the JCC. (Dkt. No. 95 at 4). As support, Defendants point out that Plaintiff has had an opportunity to consider Defendants' indefiniteness position as Defendants have "previously identified the relevant claim limitations as having indefiniteness . . . problems." (*Id*.). Defendants further insist that the proposed amendments will not create a "need to depose experts or re-open discovery" as Defendants rely only on intrinsic evidence to argue indefiniteness. (Dkt. No. 107 at 5).

The Court finds Defendants have not met their burden of demonstrating good cause under this factor. *See Seven Networks*, 2018 WL 4501952 at *3. As an initial matter, Defendants have not persuaded the Court that Plaintiff has sufficient notice of their indefiniteness arguments. Indeed, and as explained above, Defendants' attempt to utilize a "'shifting sands' approach to claim construction." *Id*. at *1. This Court has explained that such an approach deprives Plaintiff of the "adequate notice and information with which to litigate [this] case." *Id*. (citation omitted). Additionally, Defendants' reliance on intrinsic evidence has little bearing on the potential prejudice to Plaintiff.

Accordingly, the Court finds that this factor weighs against granting leave.

### (d) The availability of a continuance to cure such prejudice

Finally, Defendants argue that any prejudice to Plaintiff can be cured by either (a) briefing the indefiniteness term separately or (b) by allowing Plaintiff additional pages for its Reply brief. (Dkt. No. 95 at 5). Defendants assert that the Court "has allowed this cure in the past." (Dkt. No. 107 at 5 (citing *Infernal Tech., LLC v. Sony Interactive Entm't Am., LLC*, No. 2:19-cv-00248-JRG-RSP, 2020 WL 3050821, at *6 (E.D. Tex. Jun. 8, 2020))).

6

Plaintiff responds that Defendants have not carried their burden to show that a continuance would cure the substantial prejudice to Plaintiff. (Dkt. No. 102 at 15). As support, Plaintiff asserts that Defendants' tardiness has prevented it from questioning Defendants' expert witnesses regarding the meaning and scope of the relevant terms. (*Id.*). Plaintiff further notes that altering the briefing schedule "threatens to derail the case schedule." (*Id.*).

The Court agrees with Plaintiff that Defendants have not met their burden under this factor. Defendants primarily rely on *Infernal*, but that case has distinguishable facts. (Dkt. No. 107 at 5). Specifically, and whereas the *Infernal* defendants introduced late claim construction arguments in response to the plaintiffs' "change in position," here Defendants seek to reassert a previously adopted and then abandoned argument in light of the PTAB's action. 2020 WL 3050821, at *5. Defendants have therefore not met their burden of showing that a continuance would cure the prejudice incurred by Plaintiff under the good cause standard.

Accordingly, the Court finds that this factor weighs against granting leave.

## IV.    CONCLUSION

Having found that one (1) factor slightly favors granting leave, two (2) factors weigh against transfer, and one (1) factor strongly weighs against transfer, the Court concludes that, on balance, Defendants have not made a showing of good cause for the requested leave. Accordingly, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 12th day of November, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE