IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Defendants. | Civil Action No. 2:24-cv-00644-JRG<br>LEAD CASE<br><br>Civil Action No. 2:24-cv-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>STRATASYS, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00465-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
PROHIBITING PLAINTIFF FROM DEPOSING DEFENDANT
SHENZHEN TUOZHU TECHNOLOGY CO., LTD.'S CEO, YE TAO**

**TABLE OF CONTENTS**

I.     FACTUAL BACKGROUND ......................................................................................1

II.    LEGAL STANDARD ...............................................................................................3

III.   ARGUMENT .............................................................................................................4

    A.     Dr. Tao should not be deposed because he lacks unique personal knowledge relevant to this dispute................................................................................................4

    B.     If Stratasys is not precluded from deposing Dr. Tao, the deposition must be limited so it is not duplicative and minimally burdensome...........................................................6

IV.    CONCLUSION ..........................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   282 F.R.D. 259 (N.D. Cal. 2012) ..........................................................................................7

*Bezos Ceiva Logic, Inc. v. Amazon.com, Inc.*,
   No. 2:19-CV-09129-AB-MAAx, 2021 WL 12349625 (C.D. Cal. Nov. 10,
   2021).....................................................................................................................................7

*Ceiva Logic, Inc. v. Amazon.com, Inc.*,
   No. 2:19-CV-09129-AB-MAAx, 2021 U.S. Dist. LEXIS 252721 (C.D. Cal.,
   Oct. 26, 2021) ......................................................................................................................4

*Comput. Accel. Corp. v. Microsoft Corp.*,
   No. 9:06-CV-140, 2007 WL 7684605 (E.D. Tex. June 15, 2007).....................................3, 6

*Motion Games, LLC v. Nintendo Co., Ltd.*,
   No. 6:12-cv-878-JDL, 2015 WL 11143486 (E.D. Tex., Mar. 18, 2015) ........................3, 4, 6

*Salter v. Upjohn Co.*,
   593 F.2d 649 (5th Cir. 1979) ...........................................................................................4, 6

*Schmidt v. Goodyear Tire & Rubber Co.*,
   No. 2:02-cv-272, 2003 WL 27375845 (E.D. Tex. Jan. 3, 2003) ..........................................6

*Texas v. Google LLC*,
   347 F.R.D. 490 (E.D. Tex. 2024)................................................................................4, 5, 6, 7

*ZeniMax Media, Inc. v. Oculus VR, LLC*,
   No. 3:14-CV-1849, 2015 WL 13949662 (N.D. Tex. Dec. 7, 2015) .....................................6

**Other Authorities**

Fed. R. Civ. P. 26 ......................................................................................................................3, 6

Local Rule CV-7 ..........................................................................................................................9

Contrary to this Circuit's precedent, Plaintiff Stratasys seeks to depose Bambu's CEO without establishing the preconditions for an "apex" deposition. But the law here is clear: Stratasys cannot depose Bambu's CEO because (1) he does not have unique information relevant to this case, and (2) any information Stratasys seeks could be obtained through less intrusive means, such as via depositions of the employees Bambu has made available.

Defendants thus move for a protective order prohibiting Stratasys from deposing Bambu's Chief Executive Officer, Dr. Ye Tao.[1] If a deposition is permitted, Bambu asks the Court to limit its scope and duration to minimize the undue burden on Dr. Tao and Bambu.

## I.      FACTUAL BACKGROUND

Stratasys's Amended Complaint does not mention Dr. Tao or allege that he possesses unique knowledge relevant to any claim. *See* Dkt. 81. Nor does Bambu refer to Dr. Tao in its pending motion to dismiss Stratasys' amended counterclaims relating to false advertising. *See* Dkt. 91. Indeed, Dr. Tao's knowledge and conduct are not central issues in this dispute.

Dr. Tao is a founding member of Bambu and now serves as CEO—the company's top executive. As CEO, he directs a company with hundreds of employees. In view of Bambu's growth, it is unsurprising that Dr. Tao has not been immersed in day-to-day engineering or product development since the company's early days. And as to Bambu's first products, Bambu is providing other witnesses with equal knowledge. Significantly, Stratasys deposed Bambu's Chief Engineer Zihan Chen, another founding member of Bambu. *See* Ex. 1 at B. Mr. Chen could testify to the founding of the company, the inception of Bambu's early products, and technical details of Bambu's products to the same or better extent than Dr. Tao—Stratasys has not identified any unique knowledge possessed by Dr. Tao that Mr. Chen lacks.

---

[1] Dr. Tao serves as the CEO of Shenzhen Tuozhu Technology Co., Ltd. Shenzhen Tuozhu Technology Co., Ltd. functions as the holding company of the Bambu entities.

1

In addition to Mr. Chen, Stratasys has or will depose other Bambu employees like Gen Li, Head of Bambu's Hardware Department; Jie Jang, Head of North American Sales; and Chengxu Zhou, a Product Marketing Manager. These individuals possess equivalent or greater knowledge on the topics Stratasys claims justify deposing Dr. Tao. *See generally* Ex. 1 at G.

Stratasys previously sought Dr. Tao's emails, arguing against application of the apex doctrine because a CEO's burden imposed by email discovery is less than the significant burden imposed by deposition. Dkt. 82. at 4. Stratasys maintained that the apex doctrine should not apply to email discovery because it "typically only shields corporate officers from depositions." *Id.* (quoting *Cognizant Trizetto Software Grp. Inc v. Infosys Ltd.¸* No. 3:24-cv-02158, Dkt. No. 115 (N.D. Tex. June 11, 2025)). The Court granted Stratasys's requests but stopped short of adopting its assertions that Dr. Tao was "unique[ly] relevant" to the issues of the case. *Compare* Dkt. 116 at 5 *with* Dkt. 82 at 1–3, 6. Bambu produced Dr. Tao's emails on November 20, 2025.

On November 24, merely four days after receiving his emails, Stratasys noticed Dr. Tao for deposition. Ex. 1 at B, C. Stratasys did this before completing any depositions of Bambu employees. *See id.* During a meet and confer on December 4, *see id.* at E, Stratasys could not identify any documents or emails supporting its claim that Dr. Tao has unique relevant knowledge. Instead, Stratasys responded with generic allegations, saying that Dr. Tao is involved in the company and has personal knowledge. When asked for the Bates numbers of the documents backing its allegations, Stratasys provided a list of public URLs. *See id.* at A, F; Dkt. 82-1 at 4–5.[2] Stratasys provided no support from Bambu's documents in the production. *See* Ex. 1 at F. Nor did

---

[2] Stratasys represented that these sites show that Dr. Tao was involved in the founding of Bambu, the development of accused products, the functionality of Bambu's products, customer outreach, and Bambu's general IP strategy, but none shows that Dr. Tao's knowledge was unique from the other witnesses being offered for deposition. *See* Ex. 1 at A, D, F, G; Dkt. 82 at 6–7.

Stratasys provide support from Dr. Tao's emails, despite representing to Bambu and the Court that the records would be "highly relevant." Dkt. 82 at 2; *see* Ex. 1 at A, D, F.

Bambu responded, explaining in detail for each item in Stratasys' list why it failed to show that Dr. Tao had unique relevant knowledge. Ex. 1 at H. In fact, the sources describe Dr. Tao's involvement as a team member and suggest other Bambu employees possess the same information. *See id.* Additionally, Bambu made knowledgeable employees available for deposition, including Mr. Chen, the current Chief Engineer and founding member of Bambu. Yet Stratasys refuses to withdraw its deposition notice to Dr. Tao, even though it has not finished deposing the other Bambu employees nor identified anything in the discovery production or record evidence indicating that Dr. Tao possesses unique relevant knowledge.[3]

## II.    LEGAL STANDARD

The scope of discovery under Rule 26(b)(1) is generally broad, but "unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive." *Comput. Accel. Corp. v. Microsoft Corp.*, No. 9:06-CV-140, 2007 WL 7684605, at *1 (E.D. Tex. June 15, 2007). The Fifth Circuit requires parties to "first utiliz[e] less-intrusive means before taking an apex deposition, by way of deposing lesser ranking employees." *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-cv-878-JDL, 2015 WL 11143486 at *1 (E.D. Tex., Mar. 18, 2015) (citing *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979)).

---

[3] Stratasys has indicated that it intends to file a motion for protective order regarding the already-noticed deposition of its CEO. Although the relevance of an apex witness is heavily fact-driven and unique to each witness, in order to promote efficiency and reduce burden on the Court and the parties, Bambu proposed that the deposition notices for each party's CEO be withdrawn. As of the filing of this motion, Stratasys has not accepted this proposal.

### III.     ARGUMENT

#### A.     Dr. Tao should not be deposed because he lacks unique personal knowledge relevant to this dispute

Dr. Tao should not be deposed because he lacks unique relevant knowledge. Stratasys notes that Dr. Tao helped found Bambu, contributed to early products, and is involved in IP strategy. Dkt. 82 at 6–7; Ex. 1 at A. But mere involvement does not justify an apex deposition. *See generally, e.g.*, *Ceiva Logic, Inc. v. Amazon.com, Inc.*, No. 2:19-CV-09129-AB-MAAx, 2021 U.S. Dist. LEXIS 252721 (C.D. Cal., Oct. 26, 2021) (denying CEO deposition when the CEO allegedly had presuit knowledge and participated in developing infringing products because plaintiff failed to, inter alia, establish the CEO possessed unique relevant knowledge). Stratasys must show that Dr. Tao's relevant knowledge is unique to him—something it cannot do. *Id.*

From Bambu's inception, Dr. Tao worked as part of teams whose members have been identified in discovery and remain available for deposition. He was part of the founding group, and by the release of Bambu's first printer, the company employed over 150 people, including 120 in R&D alone. Any relevant information possessed by Dr. Tao is shared with his teams.

An apex deposition is inappropriate when the same information can be collected by deposing lower-level employees. *Motion Games*, 2015 WL 11143486, at *1. For example, in *Salter*, the Fifth Circuit's seminal apex doctrine case, the court protected an executive from deposition until the lower-level employees had been deposed. *See Salter*, 593 F.2d 649 at 651. The court determined that it was "very likely that, after taking the other employees' depositions, plaintiff would be satisfied and abandon her requests to depose [defendant's executive]." *Id.* (holding further that the plaintiff could re-notice the CEO's deposition if the "other employees [lacked] personal knowledge of the facts"); *see Texas v. Google LLC*, 347 F.R.D. 490, 500 (E.D. Tex. 2024) (permitting discovery of the apex executives only after it was "clear" from the

4

depositions of "30 current and former Google employees" that the executive had unique knowledge about relevant topics).

Here, other Bambu employees already available for deposition can provide all the testimony Stratasys seeks. Stratasys should not be permitted to depose Dr. Tao because it can direct its questions to these lower-level employees.

For example, Stratasys scheduled a deposition of Bambu's Chief Engineer Zihan Chen. Mr. Chen, a founding member who was with Bambu from the beginning, was personally and deeply involved in the development of the X1, Bambu's first printer. He led development of numerous modules and possesses a more comprehensive and in-depth grasp of the R&D process and technical details of the X1 than Dr. Tao and other Bambu founding members. Mr. Chen contributed to the technical discussions laying the architecture of accused features in Bambu's products, including Bambu's multi-material approach and control algorithm. Bambu also made available Gen Li, its Hardware Department Head. Mr. Li—who agreed to return from paternity leave early for this deposition—is prepared to discuss other accused functionality in Bambu's printers. Dr. Tao possesses no relevant knowledge about the accused products and the application of Bambu's IP policies that is not also held by Mr. Chen and Mr. Li.

Stratasys already deposed Jie Jiang, Bambu's Head of North American Sales, and Chengxu Zhou, Product Marketing Manager, this week. Dr. Tao possesses no knowledge about Bambu's sales, finances, and advertising unique from these employees.

Dr. Tao's knowledge on all relevant topics overlaps with that of other available employees. Dr. Tao's knowledge is not unique, and the apex doctrine prevents his deposition. *See, e.g.*, *Texas v. Google*, 347 F.R.D. at 495, 497 (noting that courts determine an apex executive has unique knowledge when he possesses information that is "non-repetitive" with other potential deponents);

5

*Microsoft Corp.*, 2007 WL 7684605, at \*1 (same). Stratasys could obtain the testimony it seeks from Dr. Tao from the available employees, so Stratasys should not be permitted to depose Dr. Tao. *See, e.g.*, *Salter*, 593 F.2d at 651; *Google*, 347 F.R.D. at 495, 500–01 (standing for the proposition that it may be inappropriate to even notice an apex deposition before parties complete their depositions of available lower-ranked employees so that duplicative discovery is avoided).

Because the apex doctrine prohibits Stratasys from deposing Dr. Tao, but Stratasys refuses to rescind its notice, the Court should issue a protective order preventing Dr. Tao's deposition. *See, e.g.*, *Motion Games*, 2015 WL 11143486, at \*1 ("The Fifth Circuit has recognized the need for first utilizing less-intrusive means before taking an apex deposition, by way of deposing lesser ranking employees" (cleaned up)); *ZeniMax Media, Inc. v. Oculus VR, LLC,* No. 3:14-CV-1849, 2015 WL 13949662 (N.D. Tex. Dec. 7, 2015) (holding that the deposition of Mark Zuckerberg could proceed only after other depositions were complete so that "information that could adequately be obtained from lesser ranking employees will be acquired before [his] deposition").

**B.    If Stratasys is not precluded from deposing Dr. Tao, the deposition must be limited so it is not duplicative and minimally burdensome**

Even if Stratasys could justify deposing Dr. Tao, this Court should impose strict limits to prevent duplication and undue burden. Courts grant protective orders "to protect [the witness] from annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(b)(1). *See Salter*, 593 F.2d at 651; FED. R. CIV. P. 26. This power rests firmly within the "district court['s] authority to prevent or alter apex depositions under the Federal Rules to avoid duplication, harassment, and burdensomeness." *Schmidt v. Goodyear Tire & Rubber Co.*, No. 2:02-cv-272, 2003 WL 27375845, at \*1 (E.D. Tex. Jan. 3, 2003).

Such circumstances exist here. Dr. Tao is the CEO of Shenzhen Tuozhu Technology Co. and leads an international company with hundreds of employees. A deposition would impose a significant burden on both him and Bambu.

Accordingly, if Stratasys identifies discrete areas of Dr. Tao's unique relevant knowledge in response to this motion, the Court should strictly limit the topics and duration of deposition to those areas to prevent duplication and reduce Dr. Tao's burden because the majority of Dr. Tao's relevant knowledge would still be shared by other Bambu employees. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 264–65 (N.D. Cal. 2012) (determining the defendant's CEO likely had unique personal knowledge but then limiting his deposition to "no more than two hours" because the CEO "represents the quintessential 'apex'"); *Texas v. Google*, 347 F.R.D. at 495, 500–01 (citing *Apple Inc* and limiting two apex depositions to 4 hours and 2.5 hours); *Bezos Ceiva Logic, Inc. v. Amazon.com, Inc.*, No. 2:19-CV-09129-AB-MAAx, 2021 WL 12349625, *28–*29 (C.D. Cal. Nov. 10, 2021) (denying deposition on topics related to "the actual design, development, and functionality of the accused products" and the CEO's related roles on those teams because the CEO's unique knowledge of these topics was irrelevant to infringement).

## IV.    CONCLUSION

For the reasons above, Bambu Lab asks the Court to grant this motion for a protective order prohibiting Stratasys from deposing Bambu's Chief Executive Officer, Ye Tao. If Stratasys offers adequate proof of Dr. Tao's unique relevant knowledge, Bambu requests that this court impose a protective order limiting the deposition's duration to 3 hours (including translation time) to prevent improper duplication and corresponding undue burden on Dr. Tao and Bambu.

Dated:  December 19, 2025                              Respectfully submitted,

                                                      */s/ Aaron P. Pirouznia*
                                                      Gregory P. Love (TX 24013060)
                                                      greg@stecklerlaw.com

7

STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Brendan F. McLaughlin (DC 1671658)
bmclaughlin@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 783-5070

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB
LIMITED, TUOZHU TECHNOLOGY
LIMITED, AND BAMBULAB USA, INC.

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 19, 2025, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Aaron P, Pirouznia
Aaron P. Pirouznia

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and CV-7(i), the undersigned hereby certifies that counsel for the parties met and conferred regarding this Motion prior to filing. On December 4, 2025, lead and local counsel for Bambu participated in a telephonic conference with counsel for Stratasys. The meet and confer ended in an impasse for the issues raised herein. *See* Ex. 1 at D, E, F, and G. Stratasys opposes the relief requested in this motion.

/s/ Aaron P. Pirouznia
Aaron P. Pirouznia