IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Defendants. | Civil Action No. 2:24-cv-00644-JRG<br>LEAD CASE<br><br>Civil Action No. 2:24-cv-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>STRATASYS, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00465-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED<br><br>██████████████ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER PROHIBITING DEFENDANTS FROM
DEPOSING STRATASYS LIMITED'S CEO, DR. YOAV ZEIF**

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................1

II.   LEGAL STANDARD ...........................................................................................................1

III.  ARGUMENT .......................................................................................................................2

    A.    Dr. Zeif possesses unique knowledge relevant to damages and Bambu's defenses. ......2

    B.    Stratasys's own documents confirm that Dr. Zeif's deposition is warranted. ................3

    C.    Witness testimony confirms the need for Dr. Zeif's deposition ...................................5

    D.    Dr. Zeif's position does not make him immune. ...........................................................6

    E.    Stratasys has failed to show why a protective order is necessary .................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asplundh Tree Expert, Co. v. Alamo Grp., Inc.*,
2013 WL 12126010 (W.D. Tex. June 10, 2013).......................................................................2

*EEOC v. BDO USA, L.L.P.*,
876 F.3d 690 (5th Cir. 2017) ....................................................................................................1

*Fam. One v. Isaacks*,
No. 9:22-CV-00028-MJT, 2023 WL 4503537 (E.D. Tex. Apr. 25, 2023) ..............................7

*Gaedeke Holdings VII, Ltd., et al. v. Mills, et al.*,
No. 3:15–mc–36–D–BN, 2015 WL 3539658 (W.D. Tex. June 5, 2015).................................6

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970).....................................................................................2, 3

*Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*,
2014 WL 1787813 (W.D. Tex. May 5, 2014) ..........................................................................2

*Motion Games, LLC v. Nintendo Co., Ltd.*,
2015 WL 11143486 (E.D. Tex., Mar. 18, 2015)........................................................... 1, 2, 6, 7

*Robinson v. Nexion Health At Terrell, Inc.*,
312 F.R.D. 438 (N.D. Tex. 2014) .............................................................................................6

*Salter v. Upjohn Co.*,
593 F.2d 649 (5th Cir. 1979) ....................................................................................................1

*Texas v. Google LLC*,
347 F.R.D. 490 (E.D. Tex. 2024)..............................................................................................1

*ZeniMax Media, Inc. v. Oculus VR, LLC*,
2015 WL 13949662 (N.D. Tex. Dec. 7, 2015) .........................................................................2

**Other Authorities**

Fed. R. Civ. P. 26(b)(1).................................................................................................................1

## I.    INTRODUCTION

Stratasys's motion mischaracterizes Bambu's position and seeks to block discovery of critical information. Bambu does not pursue Dr. Zeif's deposition simply to avoid producing its own CEO; rather, Bambu must be permitted to depose Dr. Zeif because he holds unique, case-critical knowledge, as confirmed by Stratasys's own witnesses. Depositions of Stratasys's corporate designees—including Mr. Garrity, whom Stratasys claims is an adequate substitute—underscore the need for Dr. Zeif's testimony. No other witness can adequately speak to Stratasys's competitive posture, patent licensing and monetization strategy, target market, internal investigation, enforcement rationale, or assessment of Bambu's financial impact. Stratasys's motion should thus be denied.

## II.    LEGAL STANDARD

Discovery under Rule 26(b)(1) is broad. *Texas v. Google LLC*, 347 F.R.D. 490, 492 (E.D. Tex. 2024) (quotation omitted). Given the expansive breadth of permissive discovery, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether" because "absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). "[C]ourts may not completely prohibit the deposition of a witness who has relevant information, including an 'apex' executive, absent 'extraordinary circumstances.'" *Texas*, 347 F.R.D. at 497. The Fifth Circuit requires parties to "first utiliz[e] less-intrusive means before taking an apex deposition, by way of deposing lesser ranking employees." *Motion Games, LLC v. Nintendo Co., Ltd.*, 2015 WL 11143486 at *1 (E.D. Tex., Mar. 18, 2015).

A party seeking a protective order "bears the burden of showing that a protective order is necessary" using "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (cleaned up).

1

## III.    ARGUMENT

### A.    Dr. Zeif possesses unique knowledge relevant to damages and Bambu's defenses.

Dr. Zeif's testimony is essential to this case's damages calculations and Bambu's defenses. *Asplundh Tree Expert, Co. v. Alamo Grp., Inc.*, 2013 WL 12126010, at *2 (W.D. Tex. June 10, 2013) (CEO testimony is relevant when it is "reasonably calculated to lead to the discovery of admissible evidence."). ██████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ *See generally Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); *Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, 2014 WL 1787813, at *1–2 (W.D. Tex. May 5, 2014) (permitting email discovery of party's CEO because he could have "relevant information on how the [accused] products play into [the company's] overall business plan" and has possession of "high-level strategic planning"). Dr. Zeif ████████████████████████████ █████████████████████████████████████████████████████, which is relevant at least for questions into competitive status, relevant market, and IP valuation. No other witness can provide this information. *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-JDL, 2015 WL 11143486, at *1 (E.D. Tex. Mar. 18, 2015) (citation omitted).

Understanding present and future competition between the parties requires knowledge of Stratasys's "high-level" strategic business plan, which can only be supplied by Stratasys's CEO. *See, e.g.*, *Kinetic Concepts, Inc.*, 2014 WL 1787813, at *1–2; *ZeniMax Media, Inc. v. Oculus VR, LLC*, 2015 WL 13949662, at *2 (N.D. Tex. Dec. 7, 2015) (denying a protective order for Zuckerberg because, *inter alia*, he had unique knowledge as Facebook's chairman, and CEO regarding the company's relevant business decisions and valuations of the company's intellectual

2

property). This is even more crucial here, where Dr. Zeif's public statements about Stratasys's trajectory contradict Stratasys's damages theory. For example, Dr. Zeif has said that ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ Ex. 1 at A(4). He later explained that the███████████████████████████████████████████████ ███████ *Id.* at A(3). Only Dr. Zeif can fully address the significance of these statements.

### B.      Stratasys's own documents confirm that Dr. Zeif's deposition is warranted.

Stratasys incorrectly claims that Bambu was "[u]nable to identify" Dr. Zeif's relevant knowledge and so "relie[d] on a small collection of internal [documents]." Dkt. 154 at 3. However, Stratasys fails to state that Bambu provided the list of documents as a short list of examples. At that point, Stratasys's counsel indicated that it was unaware of plans to move for a protective order for Dr. Zeif. In the intervening two weeks between the parties' correspondence and when Stratasys filed its unforeseen motion, Stratasys did not refute any of the documents Bambu provided. It did not ask for clarification. It did not request any of the additional documents that Bambu had identified and was fully prepared to offer as evidence of Dr. Zeif's unique, relevant knowledge.

Nevertheless, the exemplary documents that Bambu had already provided sufficiently demonstrate why Dr. Zeif's deposition is warranted. For example, SSYSBL000108646 contains a copy of what appears to be a presentation Dr. Zeif delivered to Stratasys's board of directors. Dr. Zeif included a table highlighting ████████████████████████ including whether Stratasys should ██████████████████████ ███████████████████████████████████████████████ *Id.* at A(1). Bambu believes this references Stratasys's willingness to ████████████████████ which is relevant to the negotiation of a royalty under the *Georgia-Pacific* factors.

In the SSYSBL000070655 email thread, Dr. Zeif references conversations with the Board

that the email's other recipients would not be privy to and contains his assessment for ███

███████████████████████████████████████████████████████████████████████████████

██████████████ ████████████████████████████████████████████. *Id.* at A(2). This highlights that Dr. Zeif possesses unique, relevant knowledge about the trajectory of the company, its target market, and its competitive position.[1]

The documents indicate Dr. Zeif ████████████████████████████████████████ and possesses unique, relevant knowledge about the company's patent monetization, valuation, and integration. SSYSBL000253418 contains communications revealing █████████████

████████████████████████████████████████████████████, the same technology at issue in this dispute. SSYSBL000050022 calls Dr. Zeif █████████████

███████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████

Dr. Zeif is intimately involved in this action. SSYSBL000070655 shows Dr. Zeif ████████ ████████ ████ ███ ████ ████████ ██████ ████ ██ ██ ████████. SSYSBL000048221 shows Dr. Zeif ████████████████████████████████████

████████████. Similarly, SSYSBL000050024 contains email messages where Dr. Zeif ████████

████████████████████████████████, ██████████████████████████████████████████. None of these communications appear to include counsel and are limited to evaluations of the companies' economic and strategic posture.

---

[1] ████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████

██████████████████████████████████ *See generally Id.* at C(2) (Crump Dep. Rough Tr. 200:13–24), C(3) (Crump Dep. Rough Tr. at 211:18–212:23).

### C.    Witness testimony confirms the need for Dr. Zeif's deposition.

Stratasys's designated corporate witnesses cannot substitute for Dr. Zeif. Mr. Garrity—the corporate witness who Stratasys repeatedly insists is an adequate deponent in Dr. Zeif's stead— ██████████████████████████████████████████████████████. *Id.* at D(4) (Garrity Dep. Tr. at 171:10–25), D(9) (274:12–275:7). Neither could Mr. Garrity testify to the ████████████████████████████████████████████████████████████████████ ████████████████████ *Id.* at D(3) (Garrity Dep. Tr. at 123:22–125:1).

Contrary to Stratasys's assertions, Mr. Garrity testified that ████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████. *Id.* at D(8) (Garrity Dep. Tr. at 269:11-17), D(5) (Garrity Dep. Tr. at 201:25-202:13). Worse, Mr. Garrity both could not speak to ████████████████████████████████████████████████████████████████████ ████████████████████████████. *Id.* at D(9) (Garrity Dep. Tr. at 274:12–277:3) ██████████ ████████████████████████████████████████████).

Further, Mr. Crump, former Stratasys board member and CIO whom Stratasys designated on topics related to its market competition with Bambu, ████████████████████████████. For example, when asked about the valuation of MakerBot, which originated 6 of the 10 Asserted Patents, Mr. Crump said ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ *Id.* at C(2). (Crump Dep. Rough Tr. at 200:13–24). When asked about Stratasys's financial position before Bambu entered the market, he responded ████████████████████████████████ ████████████████████████████████████ *Id.* And when Bambu inquired about Stratasys's competitive landscape, ████████████████████████████████████████ ████████████████████████ *Id.* at C(4). (Crump Dep. Rough Tr. at 268:12–18).

5

Because Stratasys's other witnesses cannot testify to these topics, Dr. Zeif's deposition is warranted. *See, e.g.*, *Robinson v. Nexion Health At Terrell, Inc.*, 312 F.R.D. 438 (N.D. Tex. 2014) (ordering a CEO to sit for deposition after designated 30(b)(6) witnesses were unable to respond).

Finally, Dr. Zeif's deposition is necessary given the uncertainty of Bambu's noticed deposition of Mr. Swanson, Stratasys's former CTO. Internal documents, including SSYSBL000089718, ███████████████████ ██████████████ ██████████████ Mr. Swanson is currently unable to sit for deposition and Stratasys cannot, as of this filing, confirm a date for his deposition even after the close of discovery, *see* Ex. 1 at B, leaving Dr. Zeif as the only person at Stratasys who can testify about this dispute and its implications for Stratasys's market focus.

### D.    Dr. Zeif's position does not make him immune.

Dr. Zeif's corporate role does not exempt him from discovery. *See Gaedeke Holdings VII, Ltd., et al. v. Mills, et al.*, No. 3:15–mc–36–D–BN, 2015 WL 3539658, at *3–*4 (W.D. Tex. June 5, 2015) (holding that the mere fact of a deponent's executive status does not meet the particularized showing required for a protective order to issue). Especially where Stratasys's patent strategy, market assessment, and long-term objectives are crucial to Bambu's defenses and damages calculation, Dr. Zeif is a prime target for deposition. *Motion Games, LLC v. Nintendo Co.*, No. 6:12-CV-878-JDL, 2015 WL 11143486, at *1 (E.D. Tex. Mar. 18, 2015) (Federal courts permit apex executives to be deposed when conduct and knowledge at the highest levels of the corporation are relevant.).

Stratasys incorrectly attempts to insulate Dr. Zeif using the company's complex corporate structure. However, Stratasys did not object when Bambu previously identified Dr. Zeif as CEO of Stratasys during correspondences about email discovery or deposition notices. Indeed, Stratasys even produced Dr. Zeif's emails in exchange for the emails of Bambu's CEO raising complaint.

6

Further, Stratasys's argument that Mr. Garrity is the CEO of the entity at issue is undercut by Mr. Garrity's own testimony. He repeatedly referred to Dr. Zeif as ███████████████ ███████████████ *See* Ex. 1 at D(1), D(2), D(5). ███████████████████████



*Id.* at D(1) (Garrity Dep. Tr. at 23:16–19).

*Id.* at D(6)  (Garrity Dep. Tr. at 259:6–15).

And when asked directly, Mr. Garrity confirmed that Dr. Zeif, ████████████ ███████████████████████████████:

*Id.* at D(2) (Garrity Dep. Tr. at 25:4–8). Notwithstanding Dr. Zeif's position on paper, the very witness Stratasys seeks to shield him with confirmed that Dr. Zeif is the appropriate deponent, █ ███████████████████████

### E.    Stratasys has failed to show why a protective order is necessary

As movant, Stratasys bears the burden to show that its CEO should be exempted from deposition. But when its lower-ranked employees defer to the CEO and explicitly contradict the representations it made in its motion, Stratasys has failed to carry its burden. *See e.g.*, *Fam. One v. Isaacks*, No. 9:22-CV-00028-MJT, 2023 WL 4503537, at *7 (E.D. Tex. Apr. 25, 2023); *Motion Games*, 2015 WL 11143486, at *1. Bambu respectfully requests denial of Stratasys's motion.

7

Dated: January 16, 2026

Respectfully submitted,

*/s/ Michael A. Vincent*
Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Brendan F. McLaughlin (DC 1671658)
bmclaughlin@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 783-5070

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB
LIMITED, TUOZHU TECHNOLOGY
LIMITED, AND BAMBULAB USA, INC.

8

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case on December 2, 2024.

/s/ Michael A. Vincent
Michael A. Vincent

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on January 16, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Michael A. Vincent
Michael A. Vincent

9