IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Defendants. | Civil Action No. 2:24-cv-00644-JRG<br>LEAD CASE<br><br>Civil Action No. 2:24-cv-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>STRATASYS, INC.,<br><br>Defendant. | Civil Action No. 2:25-cv-00465-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE [ALLEGEDLY] IMPROPER AND UNRELIABLE OPINIONS OF DEFENDANTS' DAMAGES EXPERT (MS. LAUREN KINDLER)**

████████████████████████████████

## TABLE OF CONTENTS

I.    Ms. Kindler's Apportionment is Relevant and Based on the ████████████. ......... 1

II.   Ms. Kindler's Opinions Are Supported By Competent NIAs. ......................................... 3

III.  Ms. Kindler's Opinions Consider the ████████████. ............................................. 3

IV.   Ms. Kindler's False Advertising Opinions Are Well-Founded. ........................................ 5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015)............................................................................................2

*CXT Sys., Inc. v. Academy, Ltd.*,
   2020 WL 481080 (E.D. Tex. Jan. 28, 2020)..........................................................................4

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   2017 WL 1322550 (E.D. Tex. Apr. 6, 2017)..........................................................................4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012)................................................................................................5

*Lighting Defense Grp. LLC, v. Shanghai Sansi Elec. Eng'ring Co. Ltd, et al.*,
   2024 WL 4905222 (D. Ariz. Nov. 27, 2024)..........................................................................3

*Micro Chem. Inc. v. Lextron, Inc.*,
   317 F.3d 1387 (Fed. Cir. 2003)............................................................................................4

*Optis Cellular Tech., LLC v. Apple Inc.*,
   139 F.4th 1363 (Fed. Cir. 2025) ..........................................................................................4

*Retractable Techs., Inc. v. Becton Dickinson & Co.*,
   919 F.3d 869 (5th Cir. 2019) ...........................................................................................5, 6

*Rite-Hite Corp. v. Kelley Co., Inc.*,
   56 F.3d 1538 (Fed. Cir. 1995)..............................................................................................5

*Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*,
   2017 WL 1319553 (E.D. Tex. Apr. 10, 2017)........................................................................6

*RSB Spine, LLC v. DePuy Synthes Sales, Inc.*,
   2022 WL 17084156 (D. Del. Nov. 18, 2022) ........................................................................3

*Salazar v. HTC Corp.*,
   2018 WL 2033709 (E.D. Tex. Mar. 28, 2018) ......................................................................3

*SmithKline Diagonostics, Inc. v Helena Laboratories Corp.*,
   926 F.2d 1161 (Fed. Cir. 1991)............................................................................................5

*Stoller Enter., Inc. v. Fine Agrochems. Ltd.*,
   2023 WL 8283633 (S.D. Tex. Nov. 30, 2023) ......................................................................3

*StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*,
   2019 WL 5395569 (E.D. Tex. July 25, 2019) ......................................................................6

████████████████████████████████

**I.    Ms. Kindler's Apportionment is Relevant and Based on the ███████████████.**

Stratasys ignores the plain wording ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████ Ms. Kindler appropriately analyzed it as such.[1]

In contrast, ██████████████████████████████████████████████ is irrelevant

to the damages analysis. █████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ Mr. Franz's testimony, which, as Stratasys

---

[1] Ms. Kindler provides a separate apportionment analysis based on forward patent citations that Stratasys does not move to exclude. Ex. 3 (Kindler Rpt.), ¶¶ 115, 120. To the extent Stratasys attempts to exclude Ms. Kindler's entire apportionment analysis, its motion should be denied.

1



acknowledges, only confirmed ████████████████████████████████████, is

therefore beside the point. Dkt. 189 at 1. Regardless, ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ leaving Ms. Kindler's

analysis unimpacted. *Id.*

███████████████████████████████████████████████. As such, Ms. Kinder's analysis is "sufficiently tied to the facts of the

case." *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1301–02 (Fed.

Cir. 2015) (affirming district court's apportionment methodology).

---

[2] Mr. Kennedy uses ████████████████████████████████████████
████████████. Ex. 4 (Kennedy Dep. Tr.) at 201:1–13. This is a standalone basis for the applicability of ████████████████████████████████████.
[3] ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

2

## II.   Ms. Kindler's Opinions Are Supported By Competent NIAs.

Stratasys's motion to strike Ms. Kindler's testimony regarding NIAs fails because it asserts the incorrect standard and selectively ignores the basis of Ms. Kindler's opinions. While "[t]he concept of an 'acceptable non-infringing alternative' relates to a lost-profits damage model," it "[does not] play the same role in a reasonable-royalty determination. Rather, courts consider the *next-best* available alternative, which is not necessarily an 'acceptable' alternative that precludes recovery of lost profits." *Salazar v. HTC Corp.*, 2018 WL 2033709, at *3 (E.D. Tex. Mar. 28, 2018) (emphasis in original). This is a less rigorous standard than in the lost profits context. *See, e.g.*, *RSB Spine, LLC v. DePuy Synthes Sales, Inc.*, 2022 WL 17084156, at *4 (D. Del. Nov. 18, 2022). When a plaintiff seeks only a reasonable royalty, the defendant shows acceptability by demonstrating the alleged NIA does not "possess characteristics significantly different from the patented product." *Stoller Enter., Inc. v. Fine Agrochems. Ltd.*, 2023 WL 8283633, at *14–18 (S.D. Tex. Nov. 30, 2023) (quotation omitted); *Lighting Defense Grp. LLC, v. Shanghai Sansi Elec. Eng'ring Co. Ltd, et al.*, 2024 WL 4905222, at *25–27 (D. Ariz. Nov. 27, 2024).

Here, Stratasys waived any lost profits recovery, Ex. 5 (July 1, 2025 Email from C. Tatum to A. Pirouznia), and so the lower reasonable royalty acceptability standard applies. Ms. Kindler relied on the factual findings of Bambu's technical experts regarding the available non-infringing alternatives. Stratasys's allegations in the instant Motion are identical to those in the co-pending motions to strike Dr. Hickner, Dr. Wolfe, and Dr. Mueller's analyses, and the oppositions to those motions are incorporated herein.

## III.   Ms. Kindler's Opinions Consider the ███████████████.

Ms. Kindler does not ignore the ████████████. Indeed, she discusses it and concludes it should be given little weight as ███████████████████████ Ex. 3 (Kindler Rpt.), ¶¶ 111.h, 245.c 264–65, a position consistent with this Court's jurisprudence. ████████████████

3

███████████████████████████████████████

██████ ███████████████████████████████████

██████ ██ █ ████ █████████████████ ██ ██ █████ ██████ ███████. ██ █

████████████████████████████████████ Courts have routinely held

that ████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████

Stratasys's criticisms boil down to nothing more than a typical expert dispute—one over

how much weight to give ██████████████. *Compare* Ex. 3 (Kindler Rpt.), ¶ 111.h *with* Ex. 2

(Kennedy Rpt.), ¶ 454. Indeed, Mr. Kennedy relies on ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████. *Id.*; Ex 4 (Kennedy Dep. Tr.) at

197:17–22. Even more telling, Mr. Kennedy relies on ██████████████ that Stratasys now

claims Ms. Kindler improperly used. Ex. 2 (Kennedy Report), ¶¶ 292, 329; Ex. 7 (Kennedy Rpt.

Supp. Exs. 8A.1–8F.4). That Stratasys and its expert (selectively) disagree with Ms. Kindler's

conclusion is not grounds for exclusion. *See Micro Chem. Inc. v. Lextron, Inc.*, 317 F.3d 1387,

1391–92 (Fed. Cir. 2003) (finding cross examination appropriate for expert opinions based on

contested facts).

███████████████████████████████████

*Rite-Hite* and *SmithKline* are inapposite, as Stratasys was not an unwilling licensor at the time of the hypothetical negotiation. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1554–55 (Fed. Cir. 1995) (affirming plaintiff was an "unwilling patentee"); *SmithKline Diagonostics, Inc. v Helena Laboratories Corp.*, 926 F.2d 1161, 1168 (Fed. Cir. 1991) ("…it is undisputed that SKD was an unwilling licensor…."). Had Stratasys ██████████████████████████████

████████████████████████████████████████. Yet, Stratasys only conveniently became unwilling █████████████████████████████

███████. *LaserDynamics* further supports that this litigation-driven amendment is not probative of the hypothetical negotiation. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012) ("The notion that license fees that are tainted by the coercive environment of patent litigation are unsuitable to prove a reasonable royalty is a logical extension of *Georgia–Pacific*….").

## IV.     Ms. Kindler's False Advertising Opinions Are Well-Founded.

Stratasys conflates the law of causation for liability purposes with that of profit attribution. "A plaintiff's entitlement to disgorged profits is assessed based on the equities of the case and does not automatically follow from liability." *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 919 F.3d 869, 875 (5th Cir. 2019). "The 'attribution' requirement ensures that once the district court has determined disgorgement is equitable, a defendant will only be forced to disgorge profits attributable to the Lanham Act violation." *Id.* at 878. Indeed, "where a plaintiff who has brought a Lanham Act claim for false advertising has failed to present evidence that the defendant benefited from the alleged false advertising, the plaintiff will not be permitted to recover any of the defendant's profits." *Id.* at 876. Mr. Kennedy fails to present ***any evidence,*** let alone "speculative and attenuated" evidence, that his damages calculations are ***attributable*** to the alleged false

5

advertising.[4] *Id.* at 874; Ex. 2 (Kennedy Rpt.), ¶¶ 206–216. In fact, Mr. Kennedy only repeats ***the same apportionment analysis*** he undertook for the patent infringement claims. Ex. 2 (Kennedy Rpt.), ¶¶ 214–15. Ms. Kindler appropriately shows these holes in his analysis and opines on the evidence that shows Bambu's profits are not attributable to alleged false advertising. Ex. 3, (Kindler Rpt.), ¶¶ 280–87.

*Robroy* does not support exclusion. The expert there was excluded for parroting exhibits and testimony related to causation. *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *9–10 (E.D. Tex. Apr. 10, 2017). In contrast, Ms. Kindler's "proffered evidence on damages consists of a critique of Mr. [Kennedy]'s damages testimony," including his failure to ***attribute*** his damages amount to the false advertising claims. *Id.* at *11. Regardless, the Fifth Circuit after *Robroy* acknowledged that expert testimony is probative on this issue. *See Retractable Techs.*, 919 F.3d at 879 (affirming no award of profits where "RTI's own experts [recognized] that they could not substantiate a causal connection between the false advertising and BD's sales."); *see also id.* (plaintiff did not produce a "reliable study or data to prove a single example of a diverted sale…"); *see also StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 2019 WL 5395569, at *54–55 (E.D. Tex. July 25, 2019) (denying MSJ where defendant anticipated relying on expert for lost sales and profits attributed to false advertising).

---

[4] For unknown reasons, Mr. Kennedy relies on webpages from Cornell University and Second Circuit cases, instead of the law of the Fifth Circuit, when undertaking his analysis. Ex. 2 (Kennedy Rpt.), ¶¶ 208–09, 212–213.

█████████████████████████

Dated:  March 16, 2026

Respectfully submitted,

*/s/ Michael A. Vincent*

Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
STECKLER WAYNE & LOVE
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Brendan F. McLaughlin (DC 1671658)
bmclaughlin@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 783-5070

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB
LIMITED, TUOZHU TECHNOLOGY
LIMITED, AND BAMBULAB USA, INC.

7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on March 16, 2026, to all counsel of record via electronic mail.

/s/ Michael A. Vincent
Michael A. Vincent