## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Stratasys, Inc., | § § § § | |
| _Plaintiff_, | § § | |
| v. | § § § | Case No. 2:24-cv-00644-JRG |
| Shenzhen Tuozhu Technology Co., Ltd., _et al._, | § § § § | (Lead Case) |
| _Defendants_. | § § § | |

| | | |
|---|---|---|
| Stratasys, Inc., | § § § § | |
| _Plaintiff_, | § § | |
| v. | § § § | Case No. 2:24-cv-00645-JRG |
| Shenzhen Tuozhu Technology Co., Ltd., _et al._, | § § § § | (Member Case) |
| _Defendants_. | § § § | |

| | | |
|---|---|---|
| BambuLab USA, Inc., _et al._, | § § § | |
| _Plaintiffs_, | § § | |
| v. | § § § | Case No. 2:25-cv-00465-JRG |
| Stratasys, Inc. | § § § | (Member Case) |
| _Defendant_. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OMNIBUS MOTIONS _IN LIMINE_**

## TABLE OF CONTENTS

I.     DEFENDANTS' MIL 1 SHOULD BE DENIED.................................................................1

    A.    MIL No. 1 Improperly Repackages Bambu's Motion to Strike and Seeks an Advisory Ruling....1

    B.    Stratasys Did Not Disclose Any New False-Advertising Theory or Statements .........................2

    C.    The Court Should Decline Bambu's Request for a Blanket Preclusion Order ...........................2

II.    DEFENDANTS' MIL 2 SHOULD BE DENIED.........................................................................3

    A.    There Are No New Lost-Sale Theories To Exclude...................................................................4

    B.    Bambu Cannot Convert Discovery Responses Into Exhaustive Trial Scripts ...........................4

    C.    There Is No Prejudice and No Basis for Exclusion....................................................................5

III.    DEFENDANTS' MIL 3 SHOULD BE DENIED.......................................................................5

    A.    Bambu's Motion Seeks to Exclude a Strawman While Overreaching Beyond Existing Safeguards .............................................................................................................................5

    B.    Bambu Cannot Invoke Government-Related Economic Factors While Simultaneously Seeking Their Exclusion...........................................................................................................6

    C.    █████████ Evidence Reflects Legitimate Market Considerations, Not Improper Prejudice ....7

IV.    DEFENDANTS' MIL 4 SHOULD BE DENIED........................................................................9

    A.    ████████████████████████████████████████ ████ ..................................................................................................................9

    B.    Bambu Improperly Conflates Admissibility with Sufficiency ................................................11

    C.    Rule 403 Does Not Justify Exclusion.....................................................................................12

    D.    ████████████████████████████████ ..........................................................13

    E.    Bambu's Alternative Request Should Also Be Denied.............................................................13

V.    DEFENDANTS' MIL 5 SHOULD BE DENIED......................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Broadcom Corp. v. Qualcomm Inc.*,
    543 F.3d 683 (Fed. Cir. 2008).................................................................................................10

*Cirba Inc. v. VMware, INC.*,
    No. CV 19-742-LPS, 2020 WL 1316464 (D. Del. Jan. 6, 2020).....................................................11

*Datacore Software Corp. v. Scale Computing, Inc.*,
    No. CV 22-535-GBW, 2024 WL 3823001 (D. Del. Aug. 14, 2024)............................................11

*Gibson Brands, Inc. v. Armadillo Distribution Enters., Inc.*,
    No. 4:19-CV-358, 2025 WL 714372 (E.D. Tex. Mar. 5, 2025) ........................................................4

*Gonzalez v. City of Three Rivers*,
    No. CA C-12-045, 2013 WL 1150003 (S.D. Tex. Feb. 8, 2013)...................................................1

*Provisur Techs., Inc. v. Weber, Inc.*,
    119 F.4th 948 (Fed. Cir. 2024) ...................................................................................................11

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016)...................................................................................................10

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016)...................................................................................................10

**Statutes**

35 U.S.C. § 298..............................................................................................................................9, 13

**Other Authorities**

Fed. R. Civ. P. 26(e).............................................................................................................................1

Fed. R. Civ. P. 30(b)(6)........................................................................................................................4

Fed. R. Civ. P. 37(c)(1).........................................................................................................................1

Fed. R. Evid. 401 .................................................................................................................................5

Fed. R. Evid. 403 .....................................................................................................................5, 7, 9, 12

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | Rebuttal Expert Report of Lauren Kindler (excerpted) |
| B | Opening Expert Report of David Kennedy (excerpted) |
| C | Plaintiff's Seventh Amended Infringement Contentions (excerpted) |
| D | Opening Expert Report of Dr. Tim Osswald (excerpted) |

## I.    DEFENDANTS' MIL 1 SHOULD BE DENIED

Bambu's Motion in Limine No. 1 is little more than a repackaging of Bambu's motion to strike Stratasys's supplemental interrogatory responses (Dkt. No. 239), built on the same incorrect premise that Stratasys disclosed new false-advertising theories after the close of discovery. It did not. Stratasys's supplemental interrogatory responses did exactly what Rule 26(e) contemplates: they cited record evidence and later-served discovery materials that support the same false-advertising theory Stratasys has maintained since its First Amended Complaint.

Bambu's motion is also improper because it seeks a sweeping, abstract order untethered to any specific exhibit, testimony, or demonstrative. Rather than identify concrete evidence that it contends are inadmissible, Bambu asks the Court to broadly preclude "evidence, testimony, argument, demonstratives, or other suggestions" concerning allegedly false statements beyond Bambu's reading of Stratasys's interrogatory responses. Notably, Bambu fails to identify a single allegedly "new" false advertising statement that Stratasys has put forward. That is because there are none. There has been no unfair surprise, no cognizable prejudice, and no basis for the blanket exclusion Bambu seeks.

### A.    MIL No. 1 Improperly Repackages Bambu's Motion to Strike and Seeks an Advisory Ruling

As an initial matter, Bambu's MIL No. 1 almost one-to-one duplicates its arguments from its motion to strike. To avoid further unnecessary repetition, Stratasys respectfully directs the Court to its opposition to Bambu's motion to strike. (Dkt. No. 310). The same reasons that defeat exclusion under Rule 37(c)(1) are fatal to Bambu's request for a pretrial limine order.

Moreover, a motion in limine is not a vehicle to relitigate a discovery dispute or obtain a sweeping pretrial order barring unspecified categories of proof. *See Gonzalez v. City of Three Rivers*, No. CA C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) ("Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation,

1

relevancy and potential prejudice can be resolved in the proper context."). Bambu identifies no particular exhibit, witness, or item of testimony about new "alleged false statements," yet it asks the Court to bar entire categories of "evidence, testimony, argument, demonstratives, or other suggestions" relating to supposed undisclosed "false statements." Bambu's request is vague, overbroad, and divorced from any actual evidentiary context. That is not a proper motion in limine.

**B.      Stratasys Did Not Disclose Any New False-Advertising Theory or Statements**

Bambu's motion rests on an improper conflation: it treats evidence supporting falsity, materiality, and injury as though it were itself a newly disclosed false-advertising statement. That is wrong. Stratasys's supplemental interrogatory responses did not inject a new false-advertising theory or any new challenged statements. They cited evidence already produced, or later served in the ordinary course, that supports the same false-advertising theory Stratasys has advanced since its First Amended Complaint.

Notably, Bambu fails to identify a single new alleged false advertising statement either in Stratasys's supplements or otherwise undisclosed. The supplemental responses principally cited Stratasys documents reflecting declining sales and lost sales to Bambu, expert reports already served under the Court's schedule, Bambu employees' testimony, and Bambu's own admissions. Those are pieces of evidence supporting Stratasys's already-disclosed claim, not new allegations of allegedly false statements, which Bambu's MIL purports to address.

**C.      The Court Should Decline Bambu's Request for a Blanket Preclusion Order**

Even if the Court were to perceive a potential scope issue as to some specific trial item, Bambu's requested remedy remains far too broad. Bambu does not ask the Court to exclude a particular exhibit or discrete line of testimony. Instead, it asks the Court to preclude "evidence, testimony, argument, demonstratives, or other suggestions" about any alleged false statement outside Bambu's preferred reading of Stratasys's interrogatory responses. That sort of sweeping order would invite satellite disputes and gamesmanship at trial, not prevent them.

It would also improperly treat a contention interrogatory answer as though it were required to function as an exhaustive, trial-ready catalog of every argument, every document citation, and every way a disclosed statement may be shown false or misleading. The Federal Rules do not impose such a requirement. Stratasys disclosed its claim in the First Amended Complaint, produced the relevant documents, exchanged expert reports, offered deposition testimony, responded to contention discovery, and supplemented when later-served materials became available. That is more than sufficient.

Nevertheless, and to be abundantly clear, Stratasys has no intent to rely on any false statements other than those Stratasys disclosed in the materials cited in its interrogatory responses to support its claims of false advertising. If Bambu believes a specific exhibit or piece of testimony goes beyond Stratasys's disclosures, the proper course is to raise a targeted objection in context. What is not appropriate is a broad pretrial order that could effectively strip Stratasys of admissible proof based on Bambu's mischaracterization of a supplemental discovery response.

## II.    DEFENDANTS' MIL 2 SHOULD BE DENIED

Bambu asks the Court to preclude Stratasys from presenting allegedly undisclosed lost-sale evidence, but Stratasys is not attempting to expand its lost-sales case at trial.[1] Lost sales are relevant to both the false advertising and patent infringement claims. For false advertising, Stratasys is not seeking to assert any lost sales beyond those already identified in its supplemental interrogatory response. For patent infringement, Stratasys is not seeking to advance any lost sales beyond those already disclosed and discussed by Mr. Kennedy in his damages report. That should end the matter.

To the extent Bambu seeks something more—namely, an order barring Stratasys from leveling

---

[1] It is unclear if Bambu is still contending that Stratasys should be precluded from discussing (1) sales lost to Bambu's false advertising that are disclosed in Stratasys's supplemental interrogatory responses, or (2) only some new yet undisclosed examples of lost sales. If it is only the latter, then there is no dispute amongst the parties. Stratasys is not going to spring new examples of lost sales at trial for the very first time. If it is the former, then, like Bambu's MIL 1, Bambu's motion to strike is the appropriate vehicle to address their concerns.

arguments using documents, testimony, or expert analysis that support those already-disclosed lost sales—the motion is overbroad and improper. Discovery responses and Rule 30(b)(6) testimony are not trial scripts, and Rule 37 is not a vehicle to artificially narrow properly disclosed claims. *Cf. Gibson Brands, Inc. v. Armadillo Distribution Enters., Inc.*, No. 4:19-CV-358, 2025 WL 714372, at *2 (E.D. Tex. Mar. 5, 2025) ("Here, Defendants attempt to prevent Davidson from offering testimony during the retrial inconsistent with his deposition testimony. However, if Davidson's testimony is contradictory, he runs the risk of having his credibility impeached by introduction of the deposition during cross examination—the appropriate juncture to raise any inconsistencies in testimony.") (cleaned up).

### A.    There Are No New Lost-Sale Theories To Exclude

Bambu's motion is directed at a hypothetical problem, not a real one. As discussed above, Stratasys is not planning to present new customers, new transactions, new business opportunities, or new lost-sales theories for the first time at trial. Given that Stratasys is not expanding its lost-sales case, the premise of Bambu's motion fails. The Court need go no further to deny Bambu's MIL No. 2.

### B.    Bambu Cannot Convert Discovery Responses Into Exhaustive Trial Scripts

Bambu's motion also improperly conflates lost-sale theories with evidence supporting them. Stratasys has disclosed the lost sales on which it intends to rely. Bambu is not entitled to a sweeping order that could be read to bar Stratasys from presenting properly disclosed testimony, documents, or expert analysis supporting those already-disclosed lost sales.

For patent infringement, Mr. Kennedy's damages report disclosed and discussed the lost sales at issue. Bambu had the opportunity to test those opinions in expert discovery. For false advertising, Stratasys's interrogatory response identified the lost sales at issue. Bambu cannot now demand that every supporting argument, fact, witness, or document citation also have been separately listed in a single discovery response or Rule 30(b)(6) examination. The Rules do not require that level of redundancy, and motions in limine are not a mechanism for imposing it.

## C. There Is No Prejudice and No Basis for Exclusion

Because Stratasys is not offering any new lost-sale examples, there is no surprise, prejudice, need to cure, or basis for a continuance. And to the extent Bambu repackages the arguments from its motion to strike, the *Primrose* analysis fails for the reasons set out in Stratasys's opposition. (Dkt. No. 310). For the foregoing reasons, MIL No. 2 should be denied.

## III. DEFENDANTS' MIL 3 SHOULD BE DENIED

Bambu's MIL No. 3 lumps together distinct topics () and seeks wholesale exclusion based on generalized prejudice rather than a focused Rules 401 and 403 analysis. Rather than identify specific inadmissible evidence, Bambu seeks to exclude broad subject matters irrespective of context or purpose. That is not a proper use of a motion in limine. Bambu's MIL 3 should be denied.

### A. Bambu's Motion Seeks to Exclude a Strawman While Overreaching Beyond Existing Safeguards

At the outset, Stratasys does not intend to suggest any improper affiliation between Bambu and the Chinese government, nor does it intend to argue that  Bambu's motion is therefore directed at arguments Stratasys does not intend to make. It targets a hypothetical narrative rather than any actual evidentiary issue, and thus rests on a strawman.

The cases Bambu cites do not justify the sweeping exclusion it seeks. This case cannot be presented in a factual vacuum. Certain basic, undisputed facts about the parties (including that Bambu is headquartered in China and manufactures its products there) are part of the real-world commercial context at issue. There is nothing improper or prejudicial about those facts, and Stratasys does not intend to suggest otherwise. But Bambu cannot use a motion in limine to strip the case of its factual setting or present the jury with an artificially sanitized version of the marketplace in which the parties operate.

In any event, the Court's existing protections already address the concerns Bambu raises. *See*

5

Court's Motion in Limine No. 2. The Court has precluded the introduction of evidence or argument relating to national origin and similar characteristics, ensuring that no party may inflame the factfinder by appeal to any improper biases. That safeguard is both clear and sufficient. Bambu's request for additional, undefined exclusions goes well beyond that boundary and risks excluding relevant and probative evidence that the jury is entitled to consider in assessing damages and market dynamics.

### B.    Bambu Cannot Invoke Government-Related Economic Factors While Simultaneously Seeking Their Exclusion

Bambu's motion is undermined by its own damages case. Its expert, Ms. Kindler, expressly relies on government action and related economic risks to argue for a lower royalty rate. She opines that ███████████████████████████████████████████████████████ would influence the hypothetical negotiation, and that █████████████████████████████████████ ████████████████████ that must be reflected in the damages analysis. *See e.g.*, Ex. A (Kindler Rebuttal Report), ¶¶ 257-259. She further criticizes Mr. Kennedy's discount rate on the ground that it does not account for ████████████████████████████████████████████ ███████████████████████████████████████████. *Id.* ████████████████ ████████████████████████████████████████████████████████████ ██ ████████████. These are not passing references. They are central components of her economic analysis and are offered to shape the jury's view of appropriate damages.

Having placed these issues squarely in play, Bambu cannot now contend that references to "government action" are categorically irrelevant or inherently prejudicial. It cannot rely on these considerations as part of its own affirmative case while seeking to exclude the same subject matter when addressed by Stratasys for proper and limited purposes. The law does not permit such one-sided use of the evidentiary record. Nor can Bambu plausibly argue that the topic is inherently prejudicial when its own expert treats these same factors as ordinary economic inputs that bear on risk, pricing, and market

behavior. The record confirms that these issues are part of the real-world commercial landscape in which the parties operate, and both sides' experts analyze them through that lens.

Stratasys's expert does so in a measured and appropriate manner. Mr. Kennedy references subsidy evidence only as limited economic background to provide context for market dynamics such as pricing and competition. He does not rely on subsidies as a driver of his damages calculations, nor does he incorporate them into any quantitative component of his reasonable royalty analysis. His opinions are grounded in accepted methodologies, including apportioned revenues and profits, customer demand, and the *Georgia-Pacific* framework. Bambu's attempt to recast this routine economic context as an improper appeal to prejudice is not supported by the record and diverts attention from the substance of the analysis.

Bambu's argument regarding the relative size of the subsidy underscores the same point. Its assertion that the subsidy represents only a small fraction of its profits does not render the evidence inadmissible. To the contrary, by quantifying the alleged insignificance of the subsidy, Bambu acknowledges its relevance to economic issues such as cost structure, profitability, and competitive positioning. If Bambu believes the subsidy should carry little weight, it is free to present that position to the jury through evidence and cross-examination. But Bambu's argument goes to weight, not admissibility. Rule 403 does not justify exclusion of neutral, economic evidence simply because it is unfavorable. The proper course is to allow the jury to hear the evidence and determine its significance.

C. ▬▬▬▬▬▬▬▬▬▬ **Reflects Legitimate Market Considerations, Not Improper Prejudice**

Bambu's request to exclude evidence relating to ▬▬▬▬▬▬ is equally unfounded. Stratasys does not intend to suggest that any such concerns arise from Bambu's location or national origin. Instead, any ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and real-world risks that bear directly on customer decision-making and competitive dynamics in the marketplace. Mr. Kennedy explains that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

7

████████████ are a real-world market factor that can influence purchasing decisions, particularly for ████████████ customers in several segments of the consuming market where Stratasys operates. *See* Ex. B (Kennedy Opening Report), ¶¶ 459-469. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

    Mr. Kennedy explains that ████████████ are relevant to the hypothetical negotiation because they affect customer trust, demand, and the licensor's willingness to associate ████████████ with a particular counterparty, especially when that association may come at a cost of alienating an existing and large customer base that does not want to ████████████████████████. These are well-established economic considerations that inform valuation and pricing in a reasonable royalty analysis. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

8

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████ This confirms that ██████████ is

not being invoked as a dog-whistle or source of prejudice, but rather as part of a broader economic and

competitive analysis. For the foregoing reasons, Bambu's MIL 3 should be denied

## IV.    DEFENDANTS' MIL 4 SHOULD BE DENIED

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

██████████████████████████████████████████████

██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

9

10

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

**B.      Bambu Improperly Conflates Admissibility with Sufficiency**

Bambu's cited authorities do not support exclusion. ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████ █████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

---

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████

Evidence, like that challenged here, need not prove an entire claim by itself to be admissible. ████

████████████████████████████████████████ ██████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

### C.    Rule 403 Does Not Justify Exclusion

Rule 403 does not permit exclusion merely because evidence is damaging to the complaining party. The question is whether there is unfair prejudice or a serious risk of confusing the issues that substantially outweighs the evidence's probative value. There is no such showing here.

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

**D.** ███████████████████████████████

███████████████████████████████████████████ ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

**E.    Bambu's Alternative Request Should Also Be Denied**

Bambu's fallback request fares no better. ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████    ███████████████████████████

████████████████████    However, that does not justify a blanket pretrial order excluding these exhibits and testimony now. For the foregoing reasons, MIL No. 4 should be denied.

13

## V.        DEFENDANTS' MIL 5 SHOULD BE DENIED

Bambu's MIL No. 5 seeks little beyond what the Court's MIL 23 already provides: no expert may offer source-code opinions outside his report. Stratasys does not intend to elicit undisclosed source-code opinions, so Bambu identifies no genuine category of evidence that requires pretrial exclusion.

Bambu's premise is also wrong. Stratasys's experts did not cite source code as "mere window dressing" (Dkt. No. 312 at 13); rather, they analyzed it extensively and explained in detail how it supports infringement. If Bambu believed that analysis lacked a reliable foundation, the proper vehicle was a *Daubert* challenge, which Bambu never filed. Bambu cannot sidestep the ordinary standards governing expert disclosures and expert testimony by recasting merits disputes as supposed evidentiary prejudice.

Bambu's discovery complaints fare no better. (Dkt. No. 312 at 13-14). First, Stratasys **did** disclose source-code citations in its contentions and discovery responses. Ex. 16 (Responses to Defendant's Second Interrogatories); Ex. C (Plaintiff's Infringement Contentions). Second, if Bambu believed those disclosures were deficient, it should have moved to compel during fact discovery. Having declined to do so, Bambu cannot use a motion in limine to relitigate the adequacy of those disclosures.

Bambu's suggestion that Stratasys amended its contentions "without leave" is similarly misplaced. (Dkt. No. 312 at 14). Stratasys supplemented its contentions in a timely manner as Bambu gradually produced source code. That is precisely what the Court's Discovery Order contemplates. The Discovery Order expressly permits supplementation to add source-code citations within 30 days of production. Stratasys followed that procedure whenever Bambu produced relevant source code on a rolling basis. Bambu's attempt to cast authorized supplementation as some procedural violation is therefore unsupported by the record. It is Bambu, not Stratasys, that seeks to distort the discovery history by turning proper supplementation into supposed gamesmanship.

Nor is Bambu correct that Stratasys's expert reports failed to provide "any specificity," pointing to a single paragraph of Dr. Osswald's report. (Dkt. No. 312 at 14). Dr. Osswald, like Dr. Gall, does not

14

merely append source-code files and ask the reader to guess what matters. █████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████ Ex. D, ¶¶ 179-184, 238-242, 254-257, 268-272, 286-288, 296-298, 307-309, 317-319, 327-329, 341-343, 685-688, 694-697, 706-711, 735-739, 753-757, 768-771, 778-781, 1124-1131, 1220-1228, 1289-1297, 1592-1598, 1683-1690, 1737-1744, 1784-1792. In short, Dr. Osswald, like Dr. Gall, provides detailed technical analysis mapping source-code operation to accused functionality. That is precisely the sort of clear, testable basis an expert report is supposed to provide. Bambu's repeated use of phrases like "hide-the-ball" cannot obscure the actual substance. The reports themselves disprove that characterization. *See id.* If Bambu wishes to argue that particular portions of the code do not do what Stratasys's experts say they do, that is a classic issue for cross-examination and competing expert testimony, not wholesale exclusion.

Bambu's reliance on deposition snippets likewise does not justify exclusion. Experts need not review every line of code or memorize every file name; they need only disclose the opinions they intend to offer and their bases. Stratasys's experts did, and Bambu fully explored those opinions in deposition and rebuttal. Any disagreement with the scope or depth of the review goes to weight, not admissibility.

Finally, Bambu's plea that it should not be forced to "guess" what source code Stratasys may present at trial is unfounded. Stratasys is bound by its disclosed theories and expert reports, and MIL 23 already prevents any expert from straying beyond them. What Bambu seeks instead is a vague, unnecessary, and potentially confusing order that would invite collateral disputes over whether particular demonstratives, code excerpts, or testimony are sufficiently "specific" under Bambu's preferred standard. The Court should decline that invitation.

At its core, MIL No. 5 is little more than a belated and unfounded critique of Stratasys's source-code disclosures, not a proper request to exclude inadmissible evidence. It should thus be denied.

15

Dated: April 20, 2026

Respectfully submitted,

/s/ *Syed K. Fareed*
Brian Oaks
Texas State Bar No. 24007767
Syed K. Fareed
Texas State Bar No. 24065216
Aashish Kapadia
Texas State Bar No. 24097917
**MCDERMOTT WILL & SCHULTE LLP**
300 Colorado Street, Suite 2200
Austin, Texas 78701-4078
Tel: (512) 726-2579
boaks@mcdermottlaw.com
sfareed@mcdermottlaw.com
akapadia@mcdermottlaw.com

Ian Brooks (pro hac vice)
Christian T. Tatum
Texas State Bar No. 24125429
**MCDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, DC 20001
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087
ibrooks@mcdermottlaw.com
ctatum@mcdermottlaw.com

Kevin J. Meek
Texas State Bar No. 13899600
**LAW OFFICES OF KEVIN MEEK, PLLC**
4501 Westlake Drive, Unit #23
Austin, TX 78746
Tel: (512) 422-1244
kevin@meek.law

Deron R. Dacus
Texas State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
ddacus@dacusfirm.com

Andrea L. Fair

16

**FILED UNDER SEAL**

Texas State Bar No. 24078488
Claire A. Henry
Texas State Bar No. 24053063
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

***ATTORNEYS FOR PLAINTIFF
STRATASYS, INC.***

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 20, 2026, a true and correct copy of the foregoing document has been served on all counsel of record.

*/s/ Syed K. Fareed*
Syed K. Fareed