# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Stratasys, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> Shenzhen Tuozhu Technology Co., Ltd., *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | Case No. 2:24-cv-00644-JRG <br> (Lead Case) |
| Stratasys, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> Shenzhen Tuozhu Technology Co., Ltd., *et al.*, <br><br> *Defendants*. | § § § § § § § § § § § | Case No. 2:24-cv-00645-JRG <br> (Member Case) |
| BambuLab USA, Inc., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Stratasys, Inc. <br><br> *Defendant*. | § § § § § § § § § § § | Case No. 2:25-cv-00465-JRG <br> (Member Case) |

## AMENDED JOINT FINAL PRETRIAL ORDER

Plaintiff Stratasys, Inc. ("Stratasys") and Defendants Shenzhen Tuozhu Technology Co., Ltd., Shanghai Lunkuo Technology Co., Ltd., Bambu Limited, Tuozhu Technology Limited, and BambuLab USA Inc. (collectively "Bambu") submit this Joint Final Pretrial Order regarding the jury trial for the above-captioned action. Pursuant to the Third Amended Docket Control Order (Dkt. 339) and Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference in this matter is scheduled for May 7-8, 2026, at 9:00 a.m. in Marshall, Texas. Jury selection is scheduled to occur on June 22, 2026, at 9:00 a.m. in Marshall, Texas.[1]

## I.   COUNSEL FOR THE PARTIES

### A.   Counsel for Plaintiff Stratasys

Kevin J. Meek
Texas State Bar No. 13899600
**LAW OFFICES OF KEVIN MEEK, PLLC**
4501 Westlake Drive, Unit #23
Austin, TX 78746
Tel: (512) 422-1244
kevin@meek.law

Deron R. Dacus
Texas State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
ddacus@dacusfirm.com

Andrea L. Fair
Texas State Bar No. 24078488
Claire A. Henry
Texas State Bar No. 24053063
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604

Brian Oaks
Texas State Bar No. 24007767
Syed Fareed
Texas State Bar No. 24065216
Aashish Kapadia
Texas State Bar No. 24097917
**MCDERMOTT WILL & SCHULTE LLP**
300 Colorado Street, Suite 2200
Austin, Texas 78701-4078
Tel: (512) 726-2579
boaks@mcdermottlaw.com
sfareed@mcdermottlaw.com
akapadia@mcdermottlaw.com

Ian Brooks (pro hac vice)
Christian T. Tatum
Texas State Bar No. 24125429
**MCDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, DC 20001
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087
ibrooks@mcdermottlaw.com
ctatum@mcdermottlaw.com

[1] The parties understand that these actions (-644 and -645) are consolidated for pretrial purposes and that the Court has not consolidated them for purposes of trial. To reduce the burden on the Court and the parties, this Joint Final Pretrial Order addresses both actions.

███████████████

Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

### B. Counsel for Bambu Defendants

Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
**STECKLER WAYNE & LOVE**
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
Alyaman Amer (TX24130380)
amer@fr.com
Philip G. Brown (TX24132695)
pgbrown@fr.com
Brandon S. Avers (TX 24135660)
avers@fr.com
Riley J. Green (TX24131352)
rgreen@fr.com
Alexander H. Martin (24091828)
martin@fr.com
James A. Mullen (TX24149235)
mullen@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

David M. Barkan (CA 160825)
barkan@fr.com
Menglin Sun (CA 360607)
msun@fr.com
Jessica H. Wang (CA 351396)
jwang@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

Julie Metkus (TX24134535)
metkus@fr.com
**FISH & RICHARDSON P.C.**
111 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 472-5070

Ruffin B. Cordell (TX 04820550)
cordell@fr.com
Brendan F. McLaughlin (DC1671658)
bmclauglin@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 783-5070

## II. STATEMENT OF JURISDICTION

Jurisdiction in this case is based on the United States patent laws, 35 U.S.C. §§ 1, et seq.

This Court has jurisdiction over the subject matter of this action under at least 28 U.S.C. §§ 1331

2

and 1338(a); and the patent laws of the United States, including 35 U.S.C. § 271 et seq. For purposes of this action, subject-matter jurisdiction, personal jurisdiction, and venue are not disputed by the parties in this case. The parties do not dispute that Stratasys is the owner of the Asserted Patents and has standing to bring suit.

## III. NATURE OF ACTIONS

**Stratasys:** Stratasys filed two actions against Bambu, which have been consolidated for pretrial purposes. Stratasys asserts the following patents against Bambu in each action:

- In the -644 action:
  - U.S. Patent No. 9,421,713 – Claims 1, 5, 6, 16, and 17;
  - U.S. Patent No. 9,592,660 – Claims 1 and 7;
  - U.S. Patent No. 7,555,357 – Claims 1, 2, and 8;
  - U.S. Patent No. 9,168,698 – Claims 1, 9, and 10; and
  - U.S. Patent No. 10,556,381 – Claims 1 and 11.

- In the -645 action: U.S. Patent No. 10,569,466 – Claims 1, 5, 10, 17, and 19;
  - U.S. Patent No. 11,167,464 – Claims 1 and 12;
  - U.S. Patent No. 8,747,097 – Claims 1, 12, 16, and 18;
  - U.S. Patent No. 11,886,774 – Claims 1, 6, and 8; and
  - U.S. Patent No. 8,562,324 – Claims 1, 11, and 19.

The patents are collectively referred to as "Asserted Patents" and the claims are collectively referred to as "Asserted Claims".

Stratasys accuses certain Bambu 3D printers and associated software and accessories that are made, used, sold or offered for sale in the United States, or imported into the United States.

Stratasys seeks past and future damages to compensate it for Bambu's infringement of the

3

Asserted Claims under 35 U.S.C. § 271. Stratasys seeks damages under 35 U.S.C. § 284 in the form of a reasonable royalty, as well as an accounting, pre- and post-judgment interest, and any other relief the Court deems appropriate. Stratasys also seeks supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284. Stratasys seeks its fees and costs incurred in connection with this action, as well as judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285. Stratasys also seeks treble damages under 35 U.S.C. § 284 for Bambu's willful infringement of the Asserted Patents.

**Bambu**: Bambu contends that Stratasys's claims are without merit.  *First*, Bambu does not infringe any asserted claim of the Asserted Patents.  Moreover, Bambu's alleged infringement has not been, and is not, willful.  Further, all asserted claims of the Asserted Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.  Bambu also asserts other legal defenses detailed *infra*.

Stratasys is not entitled to any relief, including monetary damages or equitable relief. Stratasys is not entitled to enhanced damages, and this case is not an exceptional one entitling Stratasys to its attorneys' fees and costs.  Bambu, however, is entitled to recovery of its attorneys' fees under 35 U.S.C. § 285, as well as its costs, and any other relief the Court deems appropriate because this is an exceptional case against Stratasys.

## IV. CONTENTIONS OF THE PARTIES

### A.      Stratasys' Statement of its Contentions

Bambu has directly infringed and continues to directly infringe the Asserted Patents under 35 U.S.C. § 271(a) by making, using, selling, offering for sale within the United States and/or importing into the United States the Accused Products.

Bambu has indirectly infringed and continues to indirectly infringe the Asserted Patents

4

under 35 U.S.C. § 271(b) by inducing infringement of the Asserted Patent by others such as Bambu's customers, distributors, consumers, and end-users. Specifically, Bambu induces others such as Bambu's consumers and end-users to directly infringe the Asserted Claims by making and using the Accused Products in the United States. Bambu induces infringement by consumers and end-users by inducing, instructing, training, and/or encouraging them to use the Accused Products.

Bambu has indirectly infringed and continues to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c) by supplying components of a patented combination that constitute a material part of Stratasys' inventions that are especially made or adapted for use in an infringement and are not a staple article suitable for substantial non-infringing use. For example, Bambu's AMS Systems (AMS, AMS Lite, AMS 2 Pro, AMS HT), together with Bambu Studio's networked 3D printing features, are material components of the accused methods and devices, and are especially designed for infringement.

Bambu's infringement of the Asserted Patents has been willful and continues to be willful.

The Asserted Claims are valid, enforceable, and currently in full force and effect. The '357 Patent claims are entitled to a priority date of January 31, 2006. The '097 Patent and '324 Patent claims are entitled to a priority date of August 18, 2010. The '713 Patent claims are entitled to a priority date of at least November 2011. The '466 Patent, the '464 Patent, the '698 Patent, and the '381 Patent claims are entitled to a priority date of October 29, 2012. The '660 Patent claims are entitled to a priority date of December 17, 2014. The '774 Patent claims are entitled to a priority date of December 31, 2014.

Stratasys' claims are not barred by any of Bambu's affirmative defenses or counterclaims.

Stratasys is entitled to damages under 35 U.S.C. § 284 in the amount of no less than a reasonable royalty for Bambu's infringement, as well as an accounting, pre- and post-judgment

interest, and ongoing royalties as appropriate. Stratasys is also entitled to its fees and costs incurred in connection with this action, as well as a judgment that this is an exceptional case with the meaning of 35 U.S.C. § 285. Stratasys is entitled to treble damages under 35 U.S.C. § 284 for Bambu's willful infringement of the Asserted Patents. Stratasys is entitled to damages for patent infringement beginning no later than May 31, 2022, for each patent except for the '698 Patent and the '381 Patent (which have a September 20, 2023, start date) and the '774 Patent (which has a January 30, 2024, start date).

Stratasys is entitled to a permanent injunction against Bambu from further patent infringement of the Asserted Patents.

Stratasys denies any and all of Bambu's claims, counterclaims, defenses, affirmative defenses, and requests for relief including any requests for damages and equitable relief.

Stratasys contends that Defendants are each individually liable and are jointly and severally liable for infringement of the Asserted Claims. Under theories of alter ego, single business enterprise liability, and agency, the conduct of each can be attributed to and Defendants have in the past and continue to hold themselves out as a single entity – "Bambu" – acting in concert, with knowledge of each other's actions and control over each other.

That a contention appears in Bambu's contentions does not mean that Stratasys agrees that the contention is currently or has ever been live in the case.

## B.    Bambu's Statement of its Contentions

Bambu provides the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Bambu's experts. By providing these contentions, Bambu does not waive any of its motions in limine, motions for summary judgment, Daubert motions, or motions to strike.

Bambu contends that it has not directly infringed any asserted claim of the Asserted

Patents, whether literally or under the doctrine of equivalents.

Bambu contends that it does not indirectly infringe the asserted claims of the Asserted Patents under 35 U.S.C. § 271(b) or (c).

Bambu contends that the asserted claims of the '713 Patent and '660 Patent are invalid as anticipated under at least 35 U.S.C. § 102(a), (b), and/or (g).

Bambu contends that the asserted claims of the '713 Patent are invalid under 35 U.S.C. § 102(a), (b), and (g) as anticipated by KISSlicer PRO and by The Dual Extruder Printing Project.

Bambu contends that the asserted claims of the '660 Patent are invalid under 35 U.S.C. § 102(a), (b), and (g) as anticipated by the Airwolf Products.

Bambu contends that the asserted claims of the Asserted Patents are invalid as obvious under 35 U.S.C. § 103.

Bambu contends that the asserted claims of the '713 Patent are invalid under 35 U.S.C. § 103 as obvious in light of KISSlicer Pro; the AAPA in view of KISSlicer Pro; the AAPA in view of the Dual Extruder Printing Project; the Dual Extruder Printing Project; and the AAPA in view of the RepRap software.

Bambu contends that the asserted claims of the '660 Patent are invalid under 35 U.S.C. § 103 as obvious in light of the Airwolf Products, SpiderBot in view of Ruff, the MakerBot Replicator 2X in view of Ruff, and the MakerBot Replicator 2X in view of CTD-201.

Bambu contends that the asserted claims of the '357 Patent are invalid under 35 U.S.C. § 103 as obvious in light of Qiu in view of Comb; Qiu in view of Danforth; Qiu in view of Kao; Agarwala in view of Kao; Agarwala in view of Qiu; and Jamalabad in view of Comb.

Bambu contends that the asserted claims of the '698 Patent are invalid under 35 U.S.C. § 103 as obvious in light of the MakerBot Replicator in view of Bukkapatnam; the MakerBot

7

Replicator in view of Bukkapatnam and Igasaki; and the MakerBot Replicator in view of SeTAC/Spectra Pulse.

Bambu contends that the asserted claims of the '381 Patent are invalid under 35 U.S.C. § 103 as obvious in light of the MakerBot Replicator in view of Bukkapatnam; the MakerBot Replicator in view of Bukkapatnam and Igasaki; and the MakerBot Replicator in view of SeTAC/Spectra Pulse. Bambu also contends that the asserted claims of the '381 Patent are invalid as obvious in view of claims 1, 2, and 12 of the '698 Patent.

Bambu contends that the asserted claims of the '466 Patent are invalid under 35 U.S.C. § 103 as obvious in light of the Eden 260v in view of Gothait; the Eden 260v in view of Gothait and Heugel; the Dimension BST 768 in view of Gothait; the Dimension BST 768 in view of Gothait and Heugel; the Fortus 360mc in view of Gothait; and the Fortus 360mc in view of Gothait and Heugel.

Bambu contends that the asserted claims of the '464 Patent are invalid under 35 U.S.C. § 103 as obvious in light of Dahlin in view of Menchik; Dahlin in view of Menchik and Devos; Devos in view of Gothait; the Eden 260v in view of Gothait; and the Fortus 360mc in view of Gothait.

Bambu contends that the asserted claims of the '097 Patent are invalid under 35 U.S.C. § 103 as obvious in light of Mazumder in view of Bonassar; and Mazumder in view of Bonassar and Biton.

Bambu contends that the asserted claims of the '774 Patent are invalid under 35 U.S.C. § 103 as obvious in light of The Replicator System in view of Klappert.

Bambu contends that the asserted claims of the '324 Patent are invalid under 35 U.S.C. § 103 as obvious in light of CharlieX in view of Farnworth; and CharlieX in view of Scott.

8

Bambu contends that the asserted claims of the '713 Patent, '698 Patent, and the '381 Patent are invalid based on lack of enablement.

Bambu contends that the asserted claims of the '713, '698, '381, '466 and '464 Patents are invalid for lack of written description.

Bambu contends that the asserted claims of the '660 and '097 Patents are invalid based on indefiniteness.

Bambu contends that the asserted claims of the '774, '357, '324, '097, '466, and '464 patents are invalid under 35 U.S.C. § 101.

Bambu contends that the asserted claims of the '381 Patent are invalid under obviousness-type double patenting.

Bambu contends that it is licensed to the '357 Patent because Stratasys's rights are exhausted in the patent, and/or Stratasys is a contributor to the accused open source code.

Bambu contends that its alleged infringement of the Asserted Patents has not been, and is not, willful.

Bambu denies that Stratasys has been damaged by Bambu's alleged infringement, and contends Stratasys is not entitled to any monetary damages under any theory, including a reasonable royalty theory, and Stratasys is not entitled to pre- and/or post-judgment interest.

Bambu denies that Stratasys is entitled to any pre-suit damages.

Bambu denies that Stratasys is entitled to any running royalty damages, including for future acts of infringement that have not occurred.

Bambu contends Stratasys is not entitled to any attorneys' fees or costs under 35 U.S.C. § 285.

Bambu contends Stratasys is not entitled to enhanced damages under 35 U.S.C. § 284.

9

Bambu contends Stratasys is not entitled to any equitable relief relating to the alleged patent infringement.

That a contention appears in Stratasys's contentions does not mean that Bambu agrees that the contention is currently or has ever been live in the case.

## V. STIPULATIONS AND UNCONTESTED FACTS

### A.      Stratasys and Bambu's Statement of Uncontested Facts

1.      Stratasys filed its Original Complaint in the -644 action on August 8, 2024, alleging infringement of the '713 Patent, the '660 Patent, the '357 Patent, the '698 Patent, and the '381 Patent.

2.      Stratasys filed its Original Complaint in the -645 action on August 8, 2024, alleging infringement of the '466 Patent, the '464 Patent, the '097 Patent, the '774 Patent, and the '324 Patent.

3.      Bambu filed its Answers, Affirmative Defenses, and Counterclaims on June 27, 2025.

4.      Stratasys filed its First Amended Complaint in the -644 action on September 17, 2025, alleging infringement of the '713 Patent, the '660 Patent, the '357 Patent, the '698 Patent and the '381 Patent and false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

5.      Bambu filed Defendants' Motion to Dismiss Stratasys, Inc.'s First Amended Complaint for Patent Infringement and False Advertising on October 1, 2025.  Dkt. 91.

6.      Subject matter jurisdiction is proper in this Court as to Stratasys' claims.

7.      The parties do not contest that the Court has personal jurisdiction over the parties for the purposes of this action only.

8.      The parties do not contest the Court has proper venue over this dispute for purposes

10

of this action only.

9.      On August 23, 2016, the United States Patent Office (USPTO) issued United States Patent No. 9,421,713, entitled "Additive Manufacturing Method for Printing Three-Dimensional Parts with Purge Towers."

10.     On March 14, 2017, the USPTO issued United States Patent No. 9,592,660, entitled "Heated Build Platform and System for Three-Dimensional Printing Methods."

11.     On June 30, 2009, the USPTO issued United States Patent No. 7,555,357, entitled "Method for Building Three-Dimensional Objects with Extrusion-Based Layer Deposition Systems."

12.     On October 27, 2015, the USPTO issued United States Patent No. 9,168,698, entitled "Three-Dimensional Printer with Force Detection."

13.     On February 11, 2020, the USPTO issued United States Patent No. 10,556,381, entitled "Three-Dimensional Printer with Force Detection."

14.     On February 25, 2020, the USPTO issued United States Patent No. 10,569,466, entitled "Tagged Build Material for Three-Dimensional Printing."

15.     On November 9, 2021, the USPTO issued United States Patent No. 11,167,464, entitled "Tagged Build Material for Three-Dimensional Printing."

16.     On June 10, 2014, the USPTO issued United States Patent No. 8,747,097, entitled "Networked Three-Dimensional Printer with Three-Dimensional Scanner."

17.     On January 30, 2024, the USPTO issued United States Patent No. 11,886,774, entitled "Detection and Use of Printer Configuration Information."

18.     On October 22, 2013, the USPTO issued United States Patent No. 8,562,324, entitled "Networked Three-Dimensional Printing."

19. The '466 Patent, the '464 Patent, the '097 Patent, and the '324 Patent were assigned to Stratasys by MakerBot Industries, LLC on July 19, 2022.

20. The '713 Patent expires August 20, 2034.

21. The '660 Patent expires January 8, 2035.

22. The '357 Patent expires March 3, 2027.

23. The '698 Patent and '381 Patent expire February 7, 2034.

24. The '466 Patent and '464 Patent expire October 28, 2033.

25. The '097 Patent expires August 18, 2030.

26. The '774 Patent expires December 31, 2034.

27. The '324 Patent expires August 18, 2030.

28. The parties will continue to attempt to identify additional potential uncontested facts and will supplement these to the extent the parties reach an agreement regarding additional uncontested facts.

## B. Stratasys and Bambu's Stipulations

1. The Parties stipulate and agree that the following categories of documents shall be deemed prima facie authentic, subject to all other objections regarding admissibility: responses to Interrogatories and Requests for Admission; Certified copies of United States patents, applications, and file histories.

2. The parties have otherwise stated their trial-management procedures in Section VIII.

## VI. CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated, subject to the Court's orders and rulings on the parties' pending and future motions, which may render moot the contested issues stated below.

1.      Whether Stratasys has shown by a preponderance of the evidence that Bambu directly infringes or directly infringed the Asserted Patents, either literally or under the Doctrine of Equivalents.

2.      Whether Stratasys has shown by a preponderance of the evidence that Bambu indirectly infringes or indirectly infringed the Asserted Patents.

3.      Whether Stratasys has shown by a preponderance of the evidence that Bambu willfully infringes or has willfully infringed the Asserted Patents.

4.      Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the '713 and '660 Patents is anticipated.

5.      Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the Asserted Patents is obvious.

6.      Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the '713, '698, and '381 patents lacks enablement.

7.      Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the '713, '698, '381, '466, and '464 patents lacks sufficient written description.

8.      Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the '660 and '097 patents is indefinite.

9.      Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the '774, '357, '324, '097, '466, and '464 patents is directed to unpatentable subject matter.

10.     Whether Bambu has proven by clear and convincing evidence that any Asserted Claim of the '381 Patent is invalid under obviousness-type double patenting.

11.     Whether Stratasys is entitled to damages to compensate it for Bambu's alleged

13

infringement of the Asserted Patents and, if so, the dollar amount to compensate Stratasys for Bambu's alleged infringement of the Asserted Patents.

12.    Whether Stratasys is entitled to supplemental damages pursuant to 35 U.S.C. § 284 arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment.

13.    Whether Stratasys is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and if so, in what amount.

14.    Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Stratasys is entitled to an award of attorneys' fees.

15.    Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Bambu is entitled to an award of attorneys' fees.

16.    Whether Stratasys is entitled to prejudgment and post-judgment interest, and if so, in what amount.

17.    Whether Stratasys is entitled to a permanent injunction against Bambu from further patent infringement.

The Parties do not waive any pending or future filed motions, which, if granted, would render some or all of these contested issues moot.

## VII.    PROBABLE LENGTH OF TRIAL

The Parties propose that the probable length of each trial is 5 days, inclusive of jury selection. The parties propose twelve hours per side, excluding voir dire, opening, and closing.

The Parties request that the Court allocate:

- 30 minutes per side for voir dire;

- 45 minutes per side for opening statements; and

14

- 60 minutes per side for closing arguments.

## VIII.   TRIAL MANAGEMENT PROCEDURES

A.      **USPTO Video**.  The parties propose that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury before voir dire.

B.      **Demonstratives to be Used in Opening Statements[2]**

1.      The parties shall exchange complete representations of any demonstrative exhibits (in color if in color, and with animations, if applicable) that they intend to use in opening statements no later than 1:30 p.m. CT on the day opening demonstrative disputes are due to the Court. The parties shall exchange any objections to opening statement demonstratives by 4:00 p.m. CT that evening. This paragraph shall not apply to the enlargement or highlighting of a portion of a potential trial exhibit that was otherwise properly disclosed. Each demonstrative exhibit shall clearly indicate all information sources (including, if available, trial exhibit numbers) that form the basis of the demonstrative exhibit.

2.      The parties shall meet and confer by 6:00 p.m. CT on the same night to resolve any objections. Any objections that cannot be resolved will be raised with the Court by email directed to the Court's law clerk(s) at 8:00 p.m. CT (or as otherwise directed by the Court) for resolution the next morning outside the presence of the jury.

C.      **Agreements Concerning Trial Witnesses**

3.      The parties agree that they shall provide to the other side by 6:30 p.m. CT, two (2) calendar days before a witness is called live on direct examination at trial, the name of each witness expected to be called, the order in which the witnesses are expected to be called, and the method

---

[2] The parties agree that demonstratives need not be exchanged for closing argument.

of testimony (*i.e.*, live or by designation). For example, a listing of all witnesses a party intends to call live on direct examination on Monday, June 1, 2026, would be exchanged by e-mail by 6:30 p.m. CT on Saturday, May 30, 2026. Any objection to a witness shall be provided no later than 6:30 p.m. CT one (1) calendar day before the witness is expected to testify. For example, any objections to a party's listing of all witnesses a party intends to call live on direct examination on Monday, June 1, 2026, would be exchanged by e-mail by 6:30 p.m. CT on Sunday, May 31, 2026. The parties shall meet and confer to resolve any objections at 8:30 p.m. CT on the same night objections are received to resolve any objections. Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 p.m. CT for resolution the next morning outside the presence of the jury.

4.    If later events at trial cause the need to remove, reorder, or withdraw a witness from a party's witness list, the parties agree to notify the other party in good faith as soon as possible. Provided, however, that if a party removes, reorders, or withdraws a witness, the opposing party may still assert prejudice due to such a change and reserve the right to seek relief from the Court.

5.    Fact witnesses to be called to testify in person shall be sequestered and may not be present in the courtroom during other witness testimony or review the transcripts of the trial testimony of other witnesses until after they provide their live testimony and have been excused. This provision does not apply to one designated corporate representative for each side, who will be permitted to attend the entire trial. Expert witnesses and each side's designated corporate representative need not be sequestered and may be present in the courtroom during trial and/or review transcripts of trial testimony.

6.    All witnesses need to be on the parties' witness lists in the Pretrial Order. Any witness not listed in the exhibits referenced above will be precluded from testifying absent good

cause shown.

7.      The listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

8.      The Parties' witness lists represent the Parties' good-faith understanding and expectation about which witnesses are expected to be called live in person, or by deposition, at trial. To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other party.

9.      The parties agree that a single attorney will handle each witness that testifies during the case-in-chief or rebuttal case, regardless of the scope and number of issues on which that witness testifies. For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness. However, if a witness is called to testify twice during the trial (e.g., a witness is called during a party's case-in-chief and then called again as a rebuttal witness), a different attorney may examine the witness during the second instance in which the witness is called.

10.     The parties expect that one or more witnesses will testify in a language other than English. The trial interpreter shall be a certified interpreter jointly agreed to by the parties. In some instances, a party may seek to have a witness testify partially in English, even if he/she requires some or all of the questions to be translated into his/her native language. The parties will meet and confer about this in advance of each trial day.

**D.      Agreements Concerning Deposition Designations**

17

11.     For each witness that a party intends to call by deposition: (1) the party shall provide the other side with a list of final designations that will be played by 12:30pm CT two days before playing the testimony in Court; (2) the receiving party shall thereafter provide a final list of objections and counter-designations by 6:30pm CT that same day; (3) the other party shall thereafter provide objections to those counter-designations by 8:00pm CT that same day; (4) the parties shall then meet and confer to attempt to resolve any previously-stated but unresolved objections by 8:30pm CT the same day; (5) the parties shall raise any objections that cannot be resolved with the Court before the deposition testimony is to be presented by 10:00pm CT the same day; and (6) the party who seeks to introduce the deposition testimony will be responsible for preparing the video clips to be played, including the counter-designations made by the other side, and will provide all video clips to the other party for review by 8:00pm CT the day before the testimony is played in Court.

12.     For witnesses testifying by deposition, the parties shall be permitted to make a brief transition statement to introduce the witness by name, position or title, role, and/or the company with which he or she is associated. Any party seeking to make such a transition statement shall provide the statement in writing to the other party no later than 6:30 p.m. one (1) calendar day before the testimony will be played, and the parties shall agree in writing to any such statement before it is presented to the jury.

13.     When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts will be introduced simultaneously in the sequence in which the testimony was originally given. All objections and colloquy between counsel will be removed when the deposition is read or played at trial. To the extent such designations are played in open court, each party will be charged for the time taken to read or play its respective designations or

18

counter-designations. The parties agree that for any translated depositions, the jury will be shown the question in English and the translation of the answer in English. The time to play all of those will be attributed to the party who designated or counter-designated the testimony.

14. Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment, even if such testimony was not specifically designated in advance.

15. Copies of exhibits or demonstratives referred to during the introduction of deposition testimony can be shown concurrently with the deposition video to the extent admissible.

**E. Agreements Concerning Trial Exhibits.**

16. The exhibit prefixes shall be: "JTX" for exhibits on the Joint Exhibit List; "PTX" for exhibits on Stratasys' Exhibit List; and "DTX" for exhibits on Bambu's exhibit list. The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 10 of Joint Exhibit 1 would be endorsed / paginated as either: "JTX-001-10" or "JTX-1-10."

17. Each party will provide by e-mail to opposing counsel a list, separately for each witness, of all exhibits (by exhibit number) a party intends to use in direct examination of non-adverse witnesses by 6:30 p.m. CT one (1) calendar day before they will be used at trial. For example, a listing of all exhibits intended for use during direct examination of a non-adverse witness on Monday, June 1, 2026, would be exchanged by e-mail by 6:30 p.m. CT on Sunday, May 31, 2026. The party receiving identification of exhibits intended for use in direct examination of non-adverse witnesses shall inform the party identifying the exhibits of any objections by 8:00 p.m. CT the same day, and the parties shall meet and confer as soon as possible thereafter, but by

19

no later than 8:30 p.m. CT the same day to resolve such objections. Any unresolved objections will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 p.m. CT for resolution the next morning outside the presence of the jury. The parties agree that there may be circumstances at trial where a party may need additional time to submit rebuttal witness exhibits on direct examination or objections thereto or to prepare for a meet and confer conference. The parties agree to amend these deadlines as needed, and any amendment shall not be unreasonably withheld, if a good-faith basis for extending the deadline comes up.

18.    Prior to the start of direct examination of a witness, the party conducting the direct examination will provide the other party with two (2) copies of binders containing all exhibits and demonstratives that they intend to use with that witness on direct examination and will provide all required copies to the Court. Prior to the start of the cross-examination of any witness, the parties agree to provide the witness a copy and the other side with two (2) copies of binders that contain all of the exhibits expected to be used on cross-examination of that witness and will provide all required copies to the Court.

19.    The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

20.    A party may not introduce at trial any exhibit not appearing on its list, another party's list, or on the parties' joint exhibit list, except for exhibits used solely for impeachment. Such exhibits, if not appearing on a party's exhibit list or the joint exhibit list, shall not be admissible except as permitted under the Court's Standing Order on the Number and Use of Pre-Admitted Exhibits in Civil Cases Assigned to Chief Judge Rodney Gilstrap.

21.    Any trial exhibit that was produced in discovery by a party and that on its face

appears to have been authored by an employee, officer, or agent of the party producing such document, shall be deemed a true and correct copy of a document maintained in that party's files as of the date of the party's document collection under Federal Rule of Evidence 901.

22.     The parties may use electronic, native versions of exhibits that are spreadsheets or slide presentations. Counsel who entered the electronic exhibits into evidence will work with the Court to provide a means for jurors to access and review these exhibits during deliberations

**F.      Demonstratives to be Used with Witnesses.**

23.     The parties shall exchange complete representations of any demonstrative exhibits (in color if in color, and with animations, if applicable) that they intend to use during the direct examination of a witness, including any witness called in rebuttal of the other party's witnesses, by 6:30 p.m. CT the night before they will be used in Court. For example, all demonstrative exhibits intended for use during direct examination of a witness on Tuesday, June 2, 2026, would be exchanged by e-mail by 6:30 p.m. CT on Monday, June 1, 2026. The parties shall exchange any objections thereto by 8:00 p.m. CT on the same night. This paragraph shall not apply to the ballooning, excerpting, enlargement or highlighting of a portion of a potential trial exhibit that was otherwise properly disclosed, to demonstratives created during testimony or otherwise live at trial, or to demonstrative exhibits to be used for cross-examination. Each demonstrative exhibit shall clearly indicate all information sources (including, if available, trial exhibit numbers) that form the basis of the demonstrative exhibit.

24.     The parties shall meet and confer by 8:30 p.m. CT on the same night to resolve any objections to demonstrative exhibits that are disclosed no later than 6:30 pm CT the night before they are used in Court. Any objections to their use that cannot be resolved will be raised with the Court by email directed to the Court's law clerk(s) no later than 10:00 p.m. CT for resolution the

next morning outside the presence of the jury.

25.     Attempts to obscure the demonstratives intended to be used, e.g., by including an excessive number of demonstratives not used, shall be grounds for sanctions. Excessive objections to exhibits and/or demonstratives, and failure to participate in good faith in the court-ordered meet and confer process, shall be grounds for sanctions. In particular, making excessive objections to exhibits and/or demonstratives in the first instance, and maintaining all or most of those excessive objections overnight rather than narrowing or compromising, only to drop the objections early in the morning or during the dispute conference before the judge, after the parties have spent considerable time and resources on them, will be grounds for sanctions including docking trial time, at the Court's discretion. Nothing in this paragraph is intended to penalize a party's reasonable streamlining of objections, which is contemplated by the Court's practices.

### G.     Notice of Intent to Rest

A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 p.m. CT or prior to leaving Court, whichever is later, the day before that party expects to rest.

## IX. LISTS OF WITNESSES

Stratasys' Witness List is attached as **Exhibit 1**.

Bambu's Objections to Stratasys' Witness List is attached as **Exhibit 2**.

Bambu's Witness List is attached as **Exhibit 3**.

Stratasys' Objections to Bambu's Witness List is attached as **Exhibit 4**.

## X.  DEPOSITION DESIGNATIONS

The parties have exchanged deposition designations and have and will continue to meet and confer regarding their respective objections in order to resolve as many objections and issues prior to presenting them to the Court.

Stratasys' deposition designations, Bambu's objections thereto and counter-designations, and Stratasys' objections to Bambu's counter-designations are attached as **Exhibit 5**.

Bambu's deposition designations, Stratasys' objections thereto and counter-designations, and Bambu's objections to Stratasys' counter-designations are attached as **Exhibit 6**.

## XI. LIST OF EXHIBITS

The Parties' current joint exhibit list is attached as **Exhibit 7**.

Stratasys' exhibit list is attached as **Exhibit 8**.

Bambu's exhibit list is attached as **Exhibit 9**.

## XII.  JURY INSTRUCTIONS AND VERDICT FORM

The Parties' Joint Proposed Preliminary Jury Instructions are attached as **Exhibit 10**.

The Parties' Joint Proposed Final Jury Instructions are attached as **Exhibit 11**.

The Parties' Joint Proposed Verdict Form is attached as **Exhibit 12**.

## XIII.  LIST OF PENDING MOTIONS

| Docket No. | Submitting Party | Pending Motion |
|---|---|---|
| 91 | Bambu | Defendants' Motion to Dismiss Stratasys, Inc.'s First Amended Complaint for Patent Infringement and False Advertising |
| 104 | Bambu | Defendants' Post-Institution Motion to Stay Pending Completion of *Inter Partes* Review |
| 151 | Bambu | Defendants' Motion for a Protective Order Prohibiting Plaintiff from Deposing Defendant Shenzhen Tuozhu Technology Co., Ltd.'s CEO Ye Tao |
| 154 | Stratasys | Plaintiff's Motion for a Protective Order Prohibiting Defendants from Deposing Stratasys Limited's CEO, Dr. Yoav Zeif |
| 174 | Bambu | Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,555,357 under 35 U.S.C. § 101 |
| 175 | Bambu | Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent Nos. 10,569,466 and 11,167,464 under 35 U.S.C. § 101 |
| 176 | Bambu | Defendants' Motion for Summary Judgment of Invalidity of U.S. Patent No. 11,886,774 under 35 U.S.C. § 101 |
| 177 | Bambu | Defendants' Motion for Summary Judgment of Invalidity of Claim 7 of U.S. Patent No. 9,592,660 |

23

| Docket No. | Submitting Party | Pending Motion |
|---|---|---|
| 178 | Bambu | Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 11,886,774 |
| 179 | Bambu | Defendants' Motion for Summary Judgment of No Standing for False Advertising Claims or, Alternatively, No Damages |
| 180 | Bambu | Defendants' Motion for Summary Judgment of Non-Infringement of the '324 Patent as to the "Point of View" Limitation |
| 181 | Stratasys | Plaintiff's Motion for Summary Judgment on Defendants' License Defense (The Eleventh Affirmative Defense) |
| 182 | Bambu | Defendants' Motion for Partial Summary Judgment of Non-Infringement of the '713 Patent by Single-Nozzle Printers |
| 183 | Bambu | Defendants' Motion for Summary Judgment of Non-Infringement of the '324 Patent as to the "Processor" Limitation |
| 184 | Stratasys | Plaintiff's Motion for Partial Summary Judgment of No Invalidity under Grounds 1-4 Against the '713 Patent |
| 185 | Stratasys | Plaintiff's Motion for Partial Summary Judgment of No Invalidity |
| 186 | Bambu | Defendants' Motion to Strike Certain Opinions Offered by Dr. Ken Gall |
| 187 | Stratasys | Plaintiff's Motion to Strike Portions of Dr. Hickner's Expert Reports |
| 188 | Stratasys | Plaintiff's Motion to Strike Portions of Dr. Wolfe's Expert Reports |
| 189 | Stratasys | Plaintiff's Motion to Exclude Improper and Unreliable Opinions of Defendants' Damages Expert (Ms. Lauren Kindler) |
| 190 | Bambu | Bambu's Motion to Strike the Expert Testimony of David Kennedy |
| 191 | Stratasys | Plaintiff's Motion to Strike the Opinions of Dr. Dina Mayzlin |
| 192 | Bambu | Defendants' Motion to Strike Certain Opinions Offered by Dr. Tim Osswald |
| 193 | Stratasys | Plaintiff's Motion to Strike Portions of Dr. Mueller's Expert Reports |
| 239 | Bambu | Motion to Strike Plaintiff's Supplemental Interrogatory Responses Nos. 46 – 47 and Portions of Dkt. No. 230 Relying on Them |
| 311 | Stratasys | Plaintiff's Motions in Limine Nos. 1-5 |
| 312 | Bambu | Defendants' Omnibus Motions *in Limine* |

## XIV. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

24

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's Orders;

(2) Subject to the parties' pending motions, discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders have been complied with; and

(3) Each exhibit in the parties' lists of exhibits attached hereto:

(a) exists;

(b) is numbered; and

(c) will be disclosed and shown to opposing counsel by a mutually agreed upon date.

Dated: April 30, 2026

Respectfully submitted,

/s/ Syed K. Fareed
Brian Oaks
Texas State Bar No. 24007767
Syed K. Fareed
Texas State Bar No. 24065216
Aashish Kapadia
Texas State Bar No. 24097917
**MCDERMOTT WILL & SCHULTE LLP**
300 Colorado Street, Suite 2200
Austin, Texas 78701-4078
Tel: (512) 726-2579
boaks@mcdermottlaw.com
sfareed@mcdermottlaw.com
akapadia@mcdermottlaw.com

Ian Brooks (pro hac vice)
Christian T. Tatum
Texas State Bar No. 24125429
**MCDERMOTT WILL & SCHULTE LLP**
500 North Capitol Street, NW
Washington, DC 20001
Telephone: (202) 756-8000
Facsimile:  (202) 756-8087
ibrooks@mcdermottlaw.com

/s/ Michael A. Vincent
Gregory P. Love (TX 24013060)
greg@stecklerlaw.com
**STECKLER WAYNE & LOVE**
107 E Main Street
Henderson, TX 75652
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
Brandon S. Avers (TX 24135660)
avers@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070 | Fax: (214) 747-2091

David M. Barkan (CA 160825)

25

ctatum@mcdermottlaw.com

Kevin J. Meek
Texas State Bar No. 13899600
**LAW OFFICES OF KEVIN MEEK, PLLC**
4501 Westlake Drive, Unit #23
Austin, TX 78746
Tel: (512) 422-1244
kevin@meek.law

Deron R. Dacus
Texas State Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
ddacus@dacusfirm.com

Andrea L. Fair
Texas State Bar No. 24078488
Claire A. Henry
Texas State Bar No. 24053063
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Tel: (903) 757-6400
andrea@millerfairhenry.com
claire@millerfairhenry.com

***ATTORNEYS FOR PLAINTIFF STRATASYS, INC.***

barkan@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070 | Fax: (650) 839-5071

***ATTORNEYS FOR DEFENDANTS SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, TUOZHU TECHNOLOGY LIMITED, AND BAMBULAB USA, INC.***

26

## CERTIFICATE OF SERVICE

I hereby certify that, on April 30, 2026, a true and correct copy of the foregoing document has been served on all counsel of record.

_/s/ Syed K. Fareed_
Syed K. Fareed