IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STRATASYS, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBU LAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>        Defendants. | Civil Action No. 2:24-cv-00644-JRG<br>LEAD CASE<br><br>Civil Action No. 2:24-cv-00645-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO., LTD., SHANGHAI LUNKUO TECHNOLOGY CO., LTD., BAMBULAB LIMITED, AND TUOZHU TECHNOLOGY LIMITED,<br><br>        Plaintiffs,<br><br>        v.<br><br>STRATASYS, INC.,<br><br>        Defendant. | Civil Action No. 2:25-cv-00465-JRG<br>MEMBER CASE<br><br>JURY TRIAL DEMANDED |

## JOINT MOTION FOR CLARIFICATION

In its May 8, 2026 oral order during the pre-trial conference, the Court permitted supplementation from the parties' experts in certain respects. The parties now jointly ask the Court to clarify the scope, timing, and circumstances for Bambu's responsive opinions.

On May 8, the Court approved a three-phase supplementation schedule:

> MS. FAIR:  We got with the Defendants and I believe Mr. Bruce can confirm this agreement, but the parties agreed that the **Plaintiff would be**

1

**supplementing its reports with respect to the issues addressed yesterday within two weeks. The Defendants would then supplement in response, and only in response to those supplements, within two weeks. And then we would take depositions of the experts who provided supplements only with respect to those supplements for up to three and a half hours within the two weeks after the Defendants' supplement comes in.**

THE COURT: All right. **And just for clarity in the record, the specific experts we're talking about are?**

MS. FAIR: **Dr. Osswald, Dr. Gall, and David Kennedy on behalf of the Plaintiff, and then Ms. Kindler on behalf of the Defendant.**

THE COURT: All right. Mr. Bruce, does that comport with your understanding and agreement?

MR. BRUCE: **We may end up having our technical experts respond to their technical experts' supplements.** That remains to be seen based on those supplemental reports, Your Honor.

MS. FAIR: **And so long as it's responsive to what I supplemented, I don't think we would take issue with that, Your Honor.**

THE COURT: **Is there going to necessarily then be requests potentially for additional? Practice before the Court?** I don't want this -- I'm trying to bring things to a close, not string them out.

MR. BRUCE: **We discussed that that might be a possibility, but I don't think either side anticipates that given the Court's narrow ruling in terms of the supplementation being limited to the apportionment and then the clear limitations on the responses on our side.** So we are not anticipating that and I think the parties are committed to trying to work through that if there is an issue in that regard, Your Honor. But I don't think that I'm in a position to say that there absolutely won't be that sort of much in practice.

THE COURT: All right. Well, **I'm prepared to approve the two weeks, and then the two weeks, and then the depositions as recited into the record beyond the completion of the following follow-up depositions on the targeted supplemented areas.** If there is a belief at that juncture that the technical experts may need to do *additional* supplementation, or if there is a feeling from either party at that juncture that additional *Daubert* practice is necessitated, **you're going to need to bring a motion to the Court, either agreed or opposed, and let me decide. But I'm not giving you leave to go into additional supplements with additional experts or to raise additional *Daubert*s without the Court being in a position to either approve or disapprove that.** Is that understood?

Dkt. No. 380-03 (May 8 PTC Tr.) at 5:11–7:18.

These passages support two reads as to Bambu's supplemental reports: (1) only Ms. Kindler supplements within two weeks of Stratasys's supplementation, with Bambu's technical experts deferred until the depositions are over, and further requiring a motion before supplementation; or (2) Bambu's technical experts also supplement within two weeks of Stratasys's supplementation, since they would be responding to Stratasys's technical experts.

The parties' positions are:

**Bambu:** Bambu believes the first read is correct. The Court explicitly approved only Ms. Kindler to supplement on behalf of the Defendants. The Court also explicitly deferred Bambu's technical experts from supplementing until the depositions are over, and further required a motion before supplementation. Stratasys served its supplements on May 22, 2026, which started Bambu's two-week response window. Because the question will remain open while the parties await guidance, Bambu further asks that, if the second read is correct, Bambu's two-week response window for technical expert supplementation run from the date of the Court's clarification rather than from May 22.

**Stratasys:** Stratasys believes the second read is correct. Stratasys's understanding is that Bambu is permitted to fully respond to the supplements provided by Stratasys's experts, including technical and damages issues. Stratasys believes that in the interest of time and fairness, Bambu should submit its supplemental technical expert reports responding to Stratasys's supplemental technical reports by June 5 to avoid any further delays. Consistent with what would occur in the ordinary course, Bambu's technical experts should first provide responsive supplemental reports and then the parties should proceed to conducting expert depositions. Allowing Bambu to conduct depositions of Stratasys's experts before Bambu's responsive technical reports are due would

3

provide Bambu with an unfair advantage of having the opposing side's report and deposition testimony before committing to a response.

The parties respectfully ask the Court to clarify which read is correct. To avoid any potential unfairness that might arise from uncertain timing, the parties ask the Court to defer the supplemental technical expert depositions until the timing and status of any Bambu supplemental technical expert reports is resolved.

Dated:  June 2, 2026

Respectfully submitted,

/s/ Syed K. Fareed
Brian Oaks (TX 24007767)
boaks@mwe.com
Syed K. Fareed (TX 24065216)
sfareed@mwe.com
Aashish Kapadia (TX 24097917)
akapadia@mwe.com
Christian Tatum (TX 24125429)
ctatum@mwe.com
MCDERMOTT WILL & SCHULTE LLP
303 Colorado Street, Suite 2200
Austin, Texas 78701-4078
Tel: (512) 726-2600

Kevin J. Meek (kevin@meek.law)
LAW OFFICES OF KEVIN MEEK, PLLC
4501 Westlake Drive, Unite #23
Austin, TX 78746
Tel: (512) 422-1244

Deron R. Dacus (TX 00790553)
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Tel: 903-705-1117

Andrea L. Fair (TX 24078488)
andrea@millerfairhenry.com
Claire A. Henry (TX 24053063)
claire@millerfairhenry.com
MILLER FAIR HENRY, PLLC
1507 Bill Owens Parkway

4

Longview, Texas 75604
Tel: (903) 757-6400

Attorneys for Plaintiff
STRATASYS, INC.

Dated:  June 2, 2026

Respectfully submitted,

*/s/ Michael A. Vincent*
Gregory P. Love (TX 24013060)
glove@cjsjlaw.com
CHERRY JOHNSON SIEGMUND
 JAMES PC
104 E Houston Street, Suite 115
Marshall, TX 75670
Tel: (903) 212-4444

Carl E. Bruce (TX 24036278)
bruce@fr.com
Thomas H. Reger, II (TX 24032992)
reger@fr.com
Aaron P. Pirouznia (TX 24098958)
pirouznia@fr.com
Michael A. Vincent (TX 24105738)
vincent@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070

David M. Barkan (CA 160825)
barkan@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 839-5070

Attorneys for Defendants
SHENZHEN TUOZHU TECHNOLOGY CO.,
LTD., SHANGHAI LUNKUO
TECHNOLOGY CO., LTD., BAMBULAB
LIMITED, TUOZHU TECHNOLOGY
LIMITED, AND BAMBULAB USA, INC.

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on June 2, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Michael A. Vincent*
Michael A. Vincent

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and CV-7(i), the undersigned hereby certifies that counsel for the parties conferred and agree to jointly file this motion.

*/s/ Michael A. Vincent*
Michael A. Vincent