**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| STRATASYS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LTD., *and* TUOZHU TECHNOLOGY LIMITED<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00644-JRG<br>(LEAD CASE)<br><br>CASE NO. 2:24-CV-00645-JRG<br>(MEMBER CASE) |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LIMITED, *and* TUOZHU TECHNOLOGY LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>STRATASYS, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00465-JRG<br>(MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion To Exclude the Supplemental Opinions of Plaintiff's Experts (the "Motion") filed by Shenzhen Tuozhu Technology Co., Ltd., Shanghai Lunkuo Technology Co., Ltd., BambuLab Limited, BambuLab USA, Inc., Tuozhu Technology Limited, and BambuLab USA Inc. (collectively "Defendants" or "Bambu"). (Dkt. No. 404). In the Motion, Defendants ask the Court to strike the supplemental reports of Plaintiff Stratasys Inc. ("Plaintiff")'s (together with Defendants, the "Parties") expert witnesses, Dr. Gall, Dr. Osswald, and Mr. Kennedy. (*Id.* at 1).

## I. BACKGROUND

The Court held a Pretrial Conference in the above-captioned case on May 7, 2026 through May 8, 2026. At the Pretrial Conference, the Court ruled on, *inter alia*, Bambu's Motion To Strike the Expert Testimony of David Kennedy (Dkt. No. 190). (Dkt. No. 401 at 9-10). The Court struck Mr. Kennedy's survey-based apportionment opinion, finding that Mr. Kennedy's "51%" valuation was unsupported by Dr. Osswald and Dr. Gall's technical opinions. (*Id.*); (*see also* Dkt. No. 363 at 145:2-146:17). Plaintiff served supplemental reports in response to the Court's order. (*See* Dkt. No. 404 at 2-3). Defendants requested for leave to file the Motion, which the Court granted. (Dkt. No. 431). The Court now considers the Motion.

## II. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Rule 702 requires trial courts to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). Such courts are given broad discretion in making Rule 702 admissibility determinations. *Kumho Tire*, 526 U.S. at 152 ("a judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert's testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the court may consider in determining whether an expert's testimony

should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *See United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury to consider. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391–92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002) ("'The trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gatekeeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits"). As the Supreme Court explained, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## III. DISCUSSION

Defendants argue that the technical experts did not properly perform technical apportionment. (Dkt. No. 404 at 3-9). On that theory, Defendants argue that Mr. Kennedy's opinion should be stricken. (*Id.* at 9-10). However, Defendants' arguments exceed the scope of the supplement ordered by the Court, are untimely, and are waived at this stage.

The Parties agree that the technical experts' underlying apportionment analyses are not new compared to their original reports. (Dkt. No. 404 at 1); (Dkt. No. 437 at 1). Defendants now ask the Court, for the first time, to strike such analyses. However, Defendants' motions to strike such analyses in the opening reports were due March 2, 2026. (Dkt. No. 164 at 4). When Defendants filed such motions, they did not object to the underlying apportionment analyses. (Dkt. Nos. 186, 192). Such arguments are waived at this stage. Although the Court granted leave for Defendants to file the instant *Daubert* Motion out of time, such leave was granted expressly for the Court to consider "whether the supplemental reports appropriately address the defects identified by this Court." (Dkt. No. 431 at 3). Plaintiff correctly argues that the supplements ordered by the Court were narrowly tailored to fixing the gap in logic between the technical experts' opinions that the patents provided "material" and "substantial" contributions and Mr. Kennedy's opinion that such value would be worth 51%. (Dkt. No. 437 at 1). To wit:

> I am concerned about the analysis of the results of that survey by the technical experts and their resulting opinion that those results materially enable or they provide a substantial portion of the values of the features' values. ***That language is vague, it's imprecise***. It is all Mr. Kennedy had to go on, but it is what it is. ***For Mr. Kennedy to then say this equates to 51 percent of the features' values is a leap that I think goes too far***. ***I think . . . if they'd said it is a majority, 51 percent would be fine***, but 'materially enables' or 'substantial portion' is, to use a claim construction term, it's effectively indefinite; it doesn't give guidance.

(Dkt. No. 363 at 145:9-22 (cleaned up) (emphases added)). The experts' supplemental reports address this precise deficit by explaining the previous imprecise language by tethering it to a quantitative value. Other than untimely objecting to the underlying analyses from the opening reports, Defendants do not identify why such supplements do not address the above deficits identified by the Court.

Accordingly, the Court finds that the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 9th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE