**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| STRATASYS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LTD., *and* TUOZHU TECHNOLOGY LIMITED<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00644-JRG<br><br>CASE NO. 2:24-CV-00645-JRG |
| BAMBULAB USA, INC., SHENZHEN TUOZHU TECHNOLOGY CO. LTD., SHANGHAI LUNKUO TECHNOLOGY CO. LTD., BAMBULAB LIMITED, *and* TUOZHU TECHNOLOGY LIMITED,<br><br>*Plaintiffs*,<br><br>v.<br><br>STRATASYS, INC.,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:24-CV-00465-JRG |

**ORDER**

The Court issues this Order *sua sponte*. On August 20, 2025, the Court consolidated the above cases "for all pretrial purposes." (Dkt. No. 73 at 4). The Court also severed Case No. 2:25-cv-00465-JRG into two portions: "(a) one portion that includes all claims, counterclaims, defenses, and responses thereto that are related to the First Set of Patents" (the "First Portion"); and "(b) another portion that includes all claims, counterclaims, defenses, and responses thereto that are related to the Second Set of Patents" (the "Second Portion"). (*Id.* at 3-4) (cleaned up). The Court then consolidated the First Portion of Case No. 2:25-cv-00465-JRG with the Lead Case (Case No.

2:24-cv-00644-JRG) for all purposes, including trial. Likewise, the Court consolidated Second Portion of Case No. 2:25-cv-00465-JRG with Case No. 2:24-cv-00645-JRG for all purposes, including trial. (*See* Dkt. No. 448).

The Court held trial before a jury in Case No. 2:24-cv-00644-JRG beginning on September 11, 2026 and concluding on September 17, 2026. The Court entered its Final Judgment on September 18, 2026. (Dkt. No. 463).

Following such trial, the Court concluded that the parties in the above-captioned cases might benefit from additional mediation. Accordingly, the Court **ORDERS** the parties to mediate the above-captioned cases as soon as practical. The mediation shall be conducted by the Hon. David Folsom, 6002 Summerfield Drive, Texarkana, Texas 75503, david@folsomadr.com. To ensure that mediation is as productive as possible, the Court hereby **ORDERS** that each party shall personally attend such mediation with lead counsel, local counsel, and a corporate representative who has full and unilateral authority to act on and compromise on all pending disputes. No party or representative shall leave the mediation session, once it begins, without the approval of the mediator. The district's applicable local rules shall otherwise govern and apply in all respects. The mediator may, within his discretion, afford any participant permission to attend virtually. However, the mediator may, by the same token, require in person participation from any or all participants. Such matters are left to the mediator's sole and sound discretion.

The Court also **ORDERS** that, notwithstanding the Federal Rules of Appellate Procedure, all deadlines for post-trial motions and related briefing are hereby **STAYED** for **60 days** from the date of this Order to facilitate the mediation ordered herein. Unless extended by subsequent order, this stay shall lift 60 days from this date, and the time periods prescribed under the Federal Rules of Appellate Procedure shall then be recalculated omitting the period of this stay.

**So ORDERED and SIGNED this 23rd day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE